UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

JOHN LAFACE,                                    CV-

               Plaintiff,                       VERIFIED COMPLAINT AND
                                                JURY DEMAND

      -against-

EASTERN SUFFOLK BOCES; BOARD OF
TRUSTEES, EASTERN SUFFOLK BOCES;
DR. JULIE DAVIS LUTZ,  in her official capacity
as COO, EASTERN SUFFOLK BOCES,  and
individually;  DR. R.  TERRY McSWEENEY,
in her official capacity as Assistant Superintendent
for Human Resources, EASTERN SUFFOLK BOCES,  and
individually ; JILL DIAMOND,  in her official
capacity as School Personnel Officer, EASTERN
SUFFOLK BOCES  and individually ;  KEITH
ANDERSON, in his official capacity as Supervisor,
 EASTERN SUFFOLK BOCES and individually,
and THOMAS BILKA, in his official capacity as
Supervisor, EASTERN SUFFOK BOCES and
individually,

                       Defendants.

-----------------------------------------------------------X

        JOHN LAFACE, Plaintiff herein, by and through his attorney, HARRIET A.

GILLIAM,  respectfully alleges upon knowledge as to himself and his own actions, and upon

information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

      1.   Plaintiff, John Laface, has dedicated over  30 years of service to Eastern Suffolk

BOCES (ESBOCES)  as a custodian worker.  Plaintiff  was assigned to Gary D. Bixhorn

Technical Center, 350 Matra Avenue, Bellport, New York  11713, where his regularly
.                           .

assigned working hours were 7:00 a.m. to 3:00 p.m.

Over the course of his employment with Defendant, Mr. Laface has proven himself to be an excellent, dedicated, conscientious employee, and was recognized for saving the life of a fellow employee.

2.   Mr. Laface, on numerous occasions, and on a continuous basis,  has raised issues of public concern regarding incidents of fiscal mismanagement and misappropriation of funds regarding ESBOCES  and its Board and officers' spending practices

3.   Mr. Laface has a documented disability of stress and anxiety which are triggered if he is faced with having to travel or drive more than 10 miles to and from work from his residence.
.

4.   Despite his stellar performance, Mr. Laface has been retaliated against,  harassed and targeted by ESBOCES, its agents and employees, on account of his protected First Amendment speech and actions to petition the government; his documented disability; his age/seniority and in retaliation for having complained about his supervisor's discriminatory treatment of him.

5.   On or about October 17, 2016,  Defendants Anderson and Bilka issued a memo to Plaintiff, advising him that he was being reassigned to H.B. Ward Technical Center in Riverhead, New York  11901.

6.   H.B. Ward Technical Center is more than 10 miles away from Plaintiff's home.

7.   Defendants Anderson and Bilka were aware of Plaintiff's disability which prevented him from traveling/driving ten miles or more, to and from work from his residence, but nevertheless reassigned Plaintiff to a location in excess of ten miles.

8.   Defendants Anderson and Bilka failed to articulate any reason for the reassignment and failed to address the fact that Plaintiff's former position was being posted as

2

vacant.

9.     As more fully discussed herein, Defendants Anderson and Bilka's actions caused Plaintiff to endure severe stress and anxiety, requiring him to take a medical leave.

10.  As more fully set forth below, Plaintiff has been discriminated against on the basis of his disability and age/seniority and in violation of him exercising his First Amendment rights. Plaintiff's due process rights have also been violated.

## JURISDICTION AND VENUE

11.  This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.  Sections 1331 and 1343 with respect to Plaintiff's claims of a violation of  his due process rights under the Fourteenth Amendment, pursuant to Section 1983; a violation of his First Amendment rights, pursuant to Section 1983; a violation of his right to be free from retaliation pursuant to Section 1983 and Title VII of the Civil Rights Act of 1964; claims of discrimination based upon his disability under the Americans with Disabilities Act "ADA"  (42 U.S.C.  12111 et seq. ; a violation of Section 504 of the Rehabilitation Act of 1973; a violation of his rights under the Age Discrimination in Employment Act (ADEA) on account of his age; and pursuant to New York Executive Law at Section 290 , et seq,; and based on all other common, federal and state laws, rules and regulations promulgated thereunder, and any other cause of action which can reasonably be inferred from the facts set forth herein to redress violations of Plaintiff's rights, as guaranteed by the laws of the United States and the State of New York.   The complaint also seeks compensation for the Plaintiff's severe and acute emotional distress, mental anguish,  physical injury and psychological trauma under the above-enumerated constitutional provisions, statutes, and common law.  .

12.  Venue is proper in this case pursuant to 28 U.S.C. 1391, based upon Plaintiff's residence in the Town of Brookhaven, County of Suffolk, State of New York and based upon the fact that events giving rise to Plaintiff's claims took place in the County of Suffolk, State of New York, which is located in the jurisdiction of the Eastern District of New York.

13.  Plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging claims of discrimination on account of disability under New York Executive Law 290, et seq.; retaliation and harassment  under Title VII of the Civil Rights Act of 1964 and under New York State Human Rights Law; and under the ADA.

The NYS Division of Human Rights dismissed Plaintiff's charge for administrative convenience and a Notice of Right to Sue Letter was issued by the EEOC on November 28, 2017 and received on or about December 3, 2017.  This action is filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue Letter.   Annexed hereto as Exhibit "A"  is a copy of Plaintiff's Notice of Right to Sue Letter.

**PARTIES**

14. Plaintiff, JOHN LAFACE is a male custodial employee with Defendant ESBOCES. at all times relevant herein, Plaintiff was and still is an "employee" of ESBOCES, as the term is defined by the ADA,ADEA  Section 504,  Title VII and New York Executive Law Section 290, et seq.

15.  Defendant ESBOCES is an educational organization that provides teaching and vocational services to the student population and adult population on Long Island, New York. ESBOCES' administrative offices are located at 201 Sunrise Highway, Patchogue, N.Y. At all

4

times relevant to this complaint, Defendant was Plaintiff's "employer" as that term is defined by the ADA, ADEA, Section 504, Title VII and the New York State Executive Law 290 et seq.

16. The ESBOCES  Board of Trustees, also known as the Board, is the dully elected governing body of the ESBOCES, and is named in its official capacity for having directed, participated in, and/or condoned a course of conduct giving rise to the instant complaint.

17.  At all times relevant herein, Defendant Dr. Julie Davis Lutz is the Chief Operating  Officer of ESBOCES and is named in her official and individual capacities.

18.  At all times relevant herein, Defendant Dr. R. Terri McSweeney is the Assistant Superintendent for Human Resources, ESBOCES and is named in her individual and official capacities.

19.  At all times relevant herein, Defendant Jill Diamond is the School Personnel Officer for ESBOCES and is named in her individual and official capacities.

20.  At all times relevant herein,  Defendants Keith Anderson and Thomas Bilka were Plaintiff's supervisors and are named in their individual and official capacities. .


## RELEVANT STATUTORY SCHEME

21.   The ADA and the Rehabilitation Act of 1973 ("Rehab Act") protect individuals who have a mental or physical impairment that substantially limits one or more of such an individual's major life activities from discrimination based on disability. Similarly, the New York Human Rights Law prohibits such discriminatory practice under New York Executive Law Article 15; New York Executive Law Section 292 (2) .

22.  Under the ADA (Title I) and the Rehab Act, a "qualified individual" means an

individual who with or without reasonable accommodations, can perform the essential functions of the job that the individual holds.

23.  The ADA  (specifically, Title I) prohibits entities covered by the statute from discriminating against a qualified individual on the basis of disability with regard to conditions and privileges of employment 42 U.S.C. Section 12112(a)

24.  Under the ADA and Rehabilitation Act, discrimination includes, inter alia, failing to make reasonable accommodations for the known mental or physical impairment of  an employee who is otherwise qualified for the employment position that such individual holds unless the accommodation poses an undue hardship on the operation of the entity covered under the statute.

25.  Under the NYHRL,  it is an unlawful discriminatory practice for any employer to discriminate against an individual on the basis of a disability in compensation or in terms, conditions, or privileges of employment.  New York Executive Law Section 296 (1)(a) .

26. Under the NYHRL. and ADA, and the Rehabilitation Act, the burden is on the employer  to establish that an accommodation is not "readily achievable"  which is defined as easily accomplishable and able to be carried out without much difficulty , expense or undue hardship.  New York Executive Law Section 296 (2)9d)(i)(A) and (B) The ADA 42 U.S.C. Section 12112(b)(5); and Section 504 Of the Rehabilitation Act of 1973, 29 U.S.C.  Section 791 et seq.

## **FACTUAL ALLEGATIONS**

27.  Plaintiff, JOHN LAFACE,  has been employed as a Custodial Worker I ,with ESBOCES for approximately 30 years.

6

28.  At all times relevant herein, Plaintiff had been assigned to the Gary D. Bixhorn Technical Center, at 350 Martha Avenue, Bellport, New York  11713.

29.  During the time of his assignment at the Gary D. Bixhorn Technical Center, Plaintiff's regularly scheduled work days and hours were Monday –Friday, 7:00 a.m. to 3:00 p.m.

30.  Plaintiff's supervisors were Defendants Keith Anderson and Thomas Bilka.

31.  On or about October 17, 2016,  Defendants Keith Anderson and Thomas Bilka issued Plaintiff a memo reassigning him and directing him to report to the H.B. Ward Campus in Riverhead, New York ,effective October 28, 2016.

32.  At the time of the notification of Plaintiff's transfer to the H.B. Ward Campus, there were several vacant custodial positions which remained unfilled at his previous assignment, the Gary D. Bixhorn Technical Center in Bellport.  In addition, Plaintiff's former position was posted and remained vacant for a period time, during which ESBOCES maintained that there were no available positions for Plaintiff at Gary D. Bixhorn Technical Center in Bellport.  .

33.  Plaintiff was given no explanation for the reassignment, especially given the fact that there remained vacancies at his former assignment, including his own position.

 The time of the notification of Plaintiff's reassignment was just a few days before Plaintiff was scheduled to testify at an arbitration on behalf of the union related to a grievance that had been filed bythe union on July 16, 2015, alleging harassment and discrimination.

34.  Plaintiff had also filed an internal complaint with ESBOCES under its anti-bullying policy,  which Defendants Diamond and McSweeney refused to investigate or address.

35.  Plaintiff had engaged in protected activity of filing a complaint under the employer's discrimination/harassment Prohibition (Personnel) Policy and by filing a complaint with the

Public Employment Relations Board (PERB), all of which were based upon charges

of continuous and ongoing complaints of harassment/ retaliation  for engaging in protected

speech and claims of discrimination under the ADA, on account of his disability and which were

pending at the time of Plaintiff's reassignment. .

36.  Plaintiff has a disability which limits his ability to drive or travel to and from work

beyond 10 miles. Plaintiff had notified ESBOCES Human Resources, as well as his supervisor

Keith Anderson, that he had a disability which prevented him from traveling or driving in excess

of 10 miles, each way, from his home.

37.The distance from Plaintiff's home to the H.B. Ward location is in excess of 10 miles

each way.

38.  Defendants  Anderson and Bilka were aware of Plaintiff's documented disability, but

nevertheless assigned Plaintiff to the Riverhead location.

39.  Due to the anxiety Plaintiff suffered as a result of his noticed transfer  to Riverhead,

and the continued acts of retaliation and discrimination, Plaintiff became ill to the point where

he could not work and was forced to go out on a documented sick leave from October 28, 2016

until approximately November 27, 2016.

40.  Defendant Jill Diamond sent Plaintiff a letter dated November 22, 2016, directing

him to report to ESBOCES Human Resources for a meeting on November 28, 2016, upon his

return to work.

41.  At the time of Defendant Diamond's letter, she and ESBOCES were aware of

Plaintiff's inability to report to H.B. Ward  Technical Center in Riverhead, due to his driving

and travel restrictions and his documented disability due to stress and anxiety.

42.  Upon reporting to the November 28, 2016 meeting, Plaintiff requested of ESBOCES,

8

through Defendant Diamond that it make a reasonable accommodation for his documented disability, identifying his position at his previous location where there remained several vacancies.

43. Defendant Diamond refused to engage in the required interactive process under the ADA to identify a reasonable accommodation for Plaintiff's travel/driving restrictions and stated to Plaintiff that ESBOCES was not going to accommodate him.

44. Instead, at the November 28, 2016 meeting, Defendant Diamond continued and persisted in questioning Plaintiff's disability and gave him forms for his doctor to complete, although his disability had previously been documented.

45. Plaintiff considered Defendant Diamond's actions during the November 28, 2016 meeting to be a continuation of the harassment, discrimination and retaliation he had been experiencing at the hands of ESBOCES, its board, agents and employees on account of his disability.

46. To as not be deemed to be insubordinate, Plaintiff took the forms and presented them to his doctor who completed them for submission to Defendant Diamond.

47. Following the November 28, 2016 meeting with Defendant Diamond, Plaintiff received a correspondence from Marysue Dileva, employee benefits supervisor for ESBOCES, regarding rights and responsibilities under the Family Medical Leave Act.

48. Plaintiff had never had any conversation with anyone from ESBOCES to the effect that he was looking to take leave under the FMLA: All Plaintiff requested of Defendant Diamond was to engage in the ADA interactive process and to return to his former custodial position which was still vacant, or to be placed In one of the several other vacant custodial I

9

position  at Gary Bixhorn Technical Center, where he had been assigned for nearly 30 years.

49. Defendants gave no response or explanation as to why they would not accommodate Plaintiff by placing him in his former position or the several available custodial positions at Gary Bixhorn Technical Center, or even engage in the required ADA interactive process. .

50.   Defendant Diamond scheduled a meeting for December 23, 2016 with Plaintiff, at which time she accused Plaintiff of refusing to answer her questions, which Plaintiff had not understood and had asked her to put the questions in writing so that he could confer with his attorney.  Diamond refused and instead falsely stated that Plaintiff was being uncooperative.

51. At the December 23, 2016 meeting with Defendant Diamond, Plaintiff was told that ESBOCES  would not accommodate his disability and that instead, he was to report to the H.B. Ward location in Riverhead, NY via public transportation.

52. ESBOCES'  directive to take public transportation was not a reasonable accommodation of Plaintiff's disability, since his disability was triggered by the stress of traveling/driving 10 miles or more to work.

53. At the December 23, 2016 meeting, defendant Diamond falsely accused Plaintiff of insubordination by not answering her questions, when in fact all Plaintiff stated was that he would need to confer with his attorney before answering Diamond's questions.

54. At the December 23, 2016 meeting, Diamond, in the presence of Plaintiff's union representative stated that ESBOCES was not going to accommodate Plaintiff.

55. At the conclusion of the December 23, 2016 meeting, Defendant Diamond placed Plaintiff on administrative leave.

56. Diamond stated no reason for placing Plaintiff on administrative leave., nor was there a stated duration of the administrative leave.

10

57.  Plaintiff had not requested to be placed on administrative leave following the December 23, 2016 meeting.

58.  Plaintiff's sole request was for ESBOCES to engage in the interactive process and to place him in one of the several vacant positions for which he was qualified, which were still open at the Gary D. Bixhorn Technical Center where he had worked for nearly 30 years.

59.  Plaintiff made numerous inquiries of Diamond, both directly and indirectly through his union, as to why she had placed him on administrative leave and why ESBOCES refused to return him to his former position, to which there was no response.

60.  Following Plaintiff's numerous requests to Diamond about his administrative leave status, on or about January 19, 2017, Plaintiff received a letter from Defendant Diamond, directing him to report to Jefferson Academic Center for a temporary reassignment, to work from 10:00 a.m. to 6:00 p.m.

61.  The temporary reassignment to Jefferson Academic Center was materially different from Plaintiff's former position in that Plaintiff's hours of employment were significantly different from what he had been working for nearly 30 years: Plaintiff's work schedule changed from 7:00 a.m.-3:00 p.m. to 10:00 a.m.- 6:00 p.m. Plaintiff was also assigned different and more work and responsibilities,

62.  Defendant ESBOCES continues to have Plaintiff work in this "temporary assignment" over a year after being placed there in January, 2017, without any response to his numerous requests from his union, on his behalf, that ESBOCES reasonably accommodate him and return him to his former position.

63.  To date, ESBOCES has offered no reason for its refusal to engage in the interactive

process, as required under the ADA..

64.   To date, ESBOCES has offered no reason for its refusal to return Plaintiff to his former position at the Gary D. Bixhorn Center.

## FIRST CAUSE OF ACTION- DISABILITY  DISCRIMINATION

65. Plaintiff realleges and restates numbered paragraphs "1" through "64"  of this complaint, as fully set forth herein.

66. Plaintiff is a qualified individual with a disability  as defined under 42 U.S.C. 1211(8)  of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act.

67. Plaintiff has a documented disability in the form of stress and anxiety which interferes with his ability to drive or travel to work in excess of 10 miles from home.

68.  Plaintiff's disability prevents him from driving or traveling to work beyond a 10 mile distance from his home.

69. Plaintiff's employer, the above-named Defendant ESBOCES, through its Board, agents and employees, has engaged in a continuing course of conduct and pattern of discrimination, due to Plaintiff's disability, record of disability, and/or regarding Plaintiff as disabled.  The discrimination, included, but is not limited to, refusing and failing to engage in the ADA interactive process, refusing and failing to reasonably accommodate Plaintiff's disability, resulting in further pecuniary  losses, injuries, and compensatory damages, which have continued to date.

70.  As a result of ESBOCES'  discriminatory actions in violation of the ADA and Section 504, Plaintiff has suffered physical injury, emotional distress, mental anguish, loss of earnings and overtime, and diminution in quality of life.

## SECOND CAUSE OF ACTION-ADA- RETALIATION

71. Plaintiff repeats and realleges all the allegations  in paragraphs :1: through "70" of the complaint as fully set forth  herein.

72. Plaintiff has a documented disability and record of disability which impair his ability to drive or travel more than 10 miles to and from work from his residence.

73. Defendant reassigned Plaintiff from his work location where he had been for over 30 years, to a location that was more than 10 miles from his residence, without reason ,and which would have triggered his documented disability.  .

74. When Plaintiff complained to Defendants, and specifically its agent, Jill Diamond  that this reassignment was prohibited by his documented disability ,and that he was requesting a reasonable accommodation, Defendant Jill Diamond, as a representative and employee of ESBOCES,  refused to engage in the required ADA interactive process with Plaintiff to identify a reasonable accommodation and instead, took steps to place Plaintiff on a leave under the Family Medical Leave Act, causing him to be sent FMLA  forms after the November 28, 2017 meeting with her.  Plaintiff objected to ESBOCES' attempt to place him on FMLA leave.   .

75.  Instead of engaging in the interactive process, Defendants placed Plaintiff on an administrative leave, which was unwarranted and concerning which he had never made a request.

76. As Plaintiff continued to insist on the Defendant ESBOCES  engaging in the ADA interactive process, Defendants unilaterally temporarily assigned Plaintiff to the  Jefferson Academic Center,   with significant changes in his terms and conditions of employment, while Plaintiff's former position remained available and while similar positions to

13

his former positions remained vacant at the Gary D. Bixhorn Technical Center.

77.  In retaliation for Plaintiff having exercised his rights under the ADA to request that ESBOCES engage in the ADA required interactive process, Plaintiff was retaliated against, being falsely accused by Diamond of failing to cooperate, and being placed on administrative leave, after he did not agree to take FMLA leave. Defendants refused to place Plaintiff back at his former position which remained vacant or other available positions at his previous location.

78. ESBOCES  continued its retaliation of Plaintiff by placing him at the Jefferson Academic  Center, without discussion with him.  This assignment was materially different in that the hours were different, 10:00 a.m.-6:00 p.m., instead of the 7:00 a.m.-3:00 p.m. schedule, which Plaintiff had worked for nearly 30 years.  The work assignment was materially different, requiring to Plaintiff to perform more manual work than what he had previously done. Since being placed in the temporary assignment, Plaintiff has continued to be retaliated against, being denied the continued requests for reassignment to his former, vacant position and on several occasions, he did not receive his pay on time.

79. As a result of the Defendant's retaliatory conduct, Plaintiff has experienced physical pain, emotional damages, mental anguish, compensatory damages and diminution of quality of life. .

### THIRD CAUSE OF ACTION- ADA  HOSTILE ENVIORNMENT

80. Plaintiff realleges and repeats the allegations in paragraphs "1" through "79"  of the Complaint as fully set forth herein

81. Defendants have created a hostile work environment for Plaintiff on account of his disability.in violation of the ADA.

**14**

82. Plaintiff has been and continues to be subjected to discriminatory ridicule and insult , all on account of him attempting to meet with Defendant Diamond to engage in the ADA interactive process.

83.  Plaintiff was treated less favorably than his co-workers with respect to the attempted reassignment to H.B. Ward Technical Center and then his reassignment to Jefferson Academic Center,  and the denial of substantial overtime, all on account of his disability and his request for a reasonable accommodation.

84.  Upon information and belief, Plaintiff was being constantly monitored during his work hours on account of his disability.

85.  As a result of Defendants' harassment, Plaintiff experienced physical pain, mental anguish,  emotional distress, loss of compensation and diminution of  quality of life.


## **FOURTH CAUSE OF ACTION- TITLE VII RETALIATION**

86. Plaintiff realleges and repeats the allegations in paragraph "1" through "85"  of the Complaint, as fully set forth herein.

87. Plaintiff made numerous complaints to Defendants Lutz and the Defendant Board alleging violations of ESBOCES  anti-bullying and anti-harassment policies, requesting an investigation under ESBOCES' established policies.. .

88 .Plaintiff also made numerous complaints to ESBOCES  regarding discriminatory treatment on account of his disability, and also filed grievances regarding the bullying and discriminatory treatment .

15

89.  ESBOCES and its agents Defendants  Lutz, McSweeney, Diamond and Anderson were aware of Plaintiff's protected activity.

90.  Within days of Plaintiff's renewed complaints to Defendants Diamond and McSweeney regarding the bullying and discriminatory treatment on account of his disability, and within days before Plaintiff was scheduled to testify at a grievance on behalf of the union, Plaintiff was retaliated against by attempted reassignment to H.B. Ward Technical Center in Riverhead, and then his temporary reassignment to Jefferson Educational Center, removing him from his previous position.

91.  As a result of ESBOCES' retaliatory treatment, in violation of Title VII, Plaintiff experienced and continues to experience physical injury, mental anguish, emotional damages, loss of compensation and diminution of quality of life.

## FIFTH CAUSE OF ACTION- ADEA VIOLATION

92. Plaintiff repeats and realleges each and every allegation as set forth in paragraphs "1" through " 91" , as if fully set forth herein.

93. Plaintiff is over the age of 40.

94. Plaintiff has more than 30 years of service with ESBOCES

95. Plaintiff is one of the employees with the most seniority and at the higher end of the contractual pay scale and the NYS Retirement system plan. .

96.ESBOCES has targeted Plaintiff with discriminatory actions of treating him differently than other similarly situated employees with respect to assignments and terms and conditions of employment, all in an effort to force him to take early retirement.

97. ESBOCES has targeted Plaintiff with harassment and a hostile work environment on account of his age in order to force him to retire when he first becomes eligible.

98. ESBOCES engaged in discriminatory treatment on account of Plaintiff's age, by refusing to investigate his internal complaint of bullying and by refusing to address his grievance, and by refusing to place him back at his former position, all in an effort to force Plaintiff to retire early.

99. As a result of ESBOCES' discriminatory actions and harassment, on account of his age and seniority, Plaintiff has suffered physical and emotional injury, mental anguish, loss of overtime, which he previously earned and diminution of quality of life.

## SIXTH CAUSE OF ACTION- SECTION 1983

100. Plaintiff repeats and realleges every allegation as set forth in paragraphs "1" through " 99" as fully set forth herein.

101. The Defendants and each of their agents involved in the events and action described above are persons acting under color of state law, and other statutes, ordinances, regulations, customs, or usages as defined in 42 U.S.C. Section 1983.

102. At all times relevant herein, the individual defendants were acting under color of state law and had direct and individual involvement in actions resulting in the violation of Plaintiffs' constitutional and statutory rights, as follows:

a) Defendant Lutz, as CEO had the final decision with respect to the decisions to reassign Plaintiff, in violation of the ADA and Section 504 ;

b) Defendant McSweeney as Assistant Superintendent for Human Resources had direct involvement in the decision to not accommodate Plaintiff's reasonable request for an ADA

accommodation and their refusal to investigate Plaintiff'a  complaint of bullying by his

former supervisor Keith Anderson;

     c)   Defendant Diamond, as School Personnel Officer, had direct involvement in

the decision to refuse Plaintiff's request to engage in the ADA interactive process to identify a

reasonable accommodation for Plaintiff and then placing him on administrative leave and to

ultimately temporarily reassigning him to  Jefferson Academic Center, when, at the same time,

there were positions available at his former location, specifically including his former

assignment which remained vacant for a period of time .

     d)   Defendants Anderson and Bilka had direct involvement in the decision to reassign

Plaintiff to H.B. Ward in Riverhead, New York, shortly before Plaintiff was scheduled to testify

in an arbitration against ESBOCES,  regarding claims of disability discrimination and bullying.

     103.   Defendants retaliated against Plaintiff, in violation of his constitutional and

statutory  rights to be free from discrimination on account of his disability and his EEO

complaints, dating back to 2015.

     104.   Plaintiff was subjected to arbitrary, bad faith and irrational discriminatory

treatment in violation of his rights under the Fourteenth Amendment to the U.S. Constitution,

with respect to Defendants' decision to reassign him the H.B. Ward Technical Center

in Riverhead, leaving several vacancies in his former location, including his own.

     105,  Defendants reassigned Plaintiff in bad faith, just as he was preparing to be a witness

at an arbitration proceeding where he was to testify about ESBOCES  discriminatory

practices based on disability and allegations regarding ESBOCES' violation of

the collective bargaining agreement.

106. Plaintiff was subjected to further arbitrary, bad faith and irrational discriminatory treatment in violation of his rights under the Fourteenth Amendment to the U.S. Constitution with respect to ESBOCES' decision to temporarily reassign Plaintiff to the Jefferson Academic Center, with a change his shift from 7 a.m – 3 p.m. to 10 a.m.-6 p.m. and a change in the scope of his duties, assigning him more and onerous tasks than his former position which he had held for nearly 30 years.

107. Defendants had no reasonable, rational reason for their actions, which were arbitrary, capricious and in bad faith.

108. `The right to be free from retaliation as a result of challenging ESBOCES policies, practices or customs is a clearly established constitutional and statutory right of which reasonable officials of ESBOCES , including Defendants and their agents knew or should have known.

109. As a result of Defendants' conduct and actions, Plaintiff has suffered physical pain, emotional injury, mental anguish, loss of compensation and diminution of quality of life.

**EIGHTH CAUSE OF ACTION- SECTION 1983 FIRST AMENDMENT SPEECH**

110. Plaintiff repeats and realleges the allegations in Paragraphs "1" through "109" as fully set forth herein.

111. Plaintiff is a public employee.

112. Over the period of the last three years, 2015 to the present, Plaintiff has made numerous complaints to the ESBOCES Board of Trustees  and Defendant Lutz at board meetings regarding improper and wasteful expenditures of public funds , misuse of public funds and illegal contracting practices, all matters of public concern which involved improper or illegal

19

expenditures of taxpayers' dollars.

113. Plaintiff has also addressed ESBOCES' fiscal improprieties and misappropriation of taxpayer dollars , all of which are issues of public concern, with various government agencies.

114. Since speaking out, Plaintiff has been subjected to various forms of harassment, and retaliation, including threats of termination or reassignment and transfer and temporary reassignment with a significant change in his work hours and duties and responsibilities, assigning him more work without help.  .

115, Plaintiff's right of Free Speech, as guaranteed under the First Amendment was violated and he has suffered physical and emotional pain mental anguish and diminution in quality of life.


**SEVENTH CAISE OF ACTION- SECTION 1983 FIRST AMENDMENT- REDRESS OF GRIEVANCES**

116. Plaintiff repeats and realleges the allegations in Paragraphs "1" through

 **"115"**  as fully set forth herein.

117. Defendant and each of its agents involved in the events and actions described above are persons acting under color of state law, and other statutes, ordinances, regulations, customs or usages, as defined in 42 U.S.C. Section 1983.

118. Plaintiff has a right, as secured by the First Amendment to the United States Constitution ,to make or seek redress or to petition the government for grievances.

119. Plaintiff had filed a grievance, through the union, to contest  action by ESBOCES, which was in violation of the union contract, with respect to the assignment of union work to outside contractors.

20

120.  Plaintiff has been known as a long standing advocate for the United Public Service

20

Employees Union.

121.  In addition to being known to Defendants Anderson and Bilka, it was common

knowledge that the grievance had originated with Plaintiff and that he had been subpoenaed to

testify on November 2, 2016.

122.  On or about October 17, 2016, Plaintiff received a memo from his supervisors,

Defendants Keith Anderson and Thomas Bilka, informing him that effective October 28, 2016,

he was being transferred to the H.B. Ward Campus in Riverhead.

123.  The October 17, 2016 memo stated no reason for Anderson's and Bilka's  decision

to transfer Plaintiff to the H.B. Ward Campus in Riverhead and there had not been any prior

discussion with the Plaintiff regarding this transfer..

124.  This October 17, 2016 notice issued by Defendants Anderson and Bilka, was less

than a month before the arbitration at which Plaintiff had been subpoenaed to testify , to be

effective less than a week before the arbitration.

125.  In addition, Plaintiff had been continuously complaining to Defendants Diamond

and McSweeney, about being bullied and harassed, in violation of ESBOCES  policy, and

had requested an investigation and requested that they interview witnesses he had identified.

126.  As McSweeney and Diamond persisted in their refusal to conduct the interview,

Plaintiff , through the union,  filed an unfair labor practice charge.

127. Defendants retaliated against Plaintiff on account of his protected activity by

temporarily assigning Plaintiff to a position with significantly different terms and conditions of

employment, continuing to  refuse to address his request that he be placed back in in his old

position or  a  similar position, all in retaliation for him filing his grievance.

128. The personal involvement of the Defendants was demonstrated as follows

a)  Defendants Anderson and Bilka issued the retaliatory memo transferring Plaintiff to
    The H.B. Ward Campus in Riverhead within less than a month of when Plaintiff was
    to testify on behalf of the union at an arbitration on November 2, 2016.

b)  Defendants McSweeney and Diamond determined , along with Defendant
    Davis-Lutz determined that they would not honor Plaintiff's request for an
    investigation under ESBOCES' policies and procedures;

c)   Defendants McSweeney and Diamond, with the approval of Defendant Lutz,
    reassigned Plaintiff to the Jefferson Educational Center, a position with significantly
    different and adverse terms and conditions of employment.

129. As a result of Defendants' retaliatory actions, Plaintiff has suffered physical pain,

emotional injury, mental anguish, loss of compensation and diminution of quality of life.


**EIGHTH CAUSE OF ACTION- SECTION  1983  DUE PROCESS**

130. Plaintiff repeats and realleges all of the allegations in the complaint as fully set forth

herein

131.  Plaintiff has a due process right to have an investigation of complaints of bullying,

harassment and discrimination under ESBOCES'  anti-discrimination and anti-bullying

policies and the procedures for investigation set forth under the policies and to have ESBOCES

follow and implement said policies and procedures in his case.

132. Defendant ESBOCES  and its  named defendants violated Plaintiff's due process

right to have an interactive process meeting with the Defendants, and specifically defendants

Diamond and McSweeney regarding his request for a reasonable accommodation on account of

his documented disability.

133.  Rather than engage in the interactive process, Defendants McSweeney and

Diamond placed Plaintiff on an administrative lease, as if he had done something wrong or inappropriate, and ultimately temporarily placed Plaintiff at another location with significantly different work hours and terms and conditions of employment.

134.  As a result of Defendants' violation of Plaintiff's due process rights, he has suffered physical pain, emotional distress, mental anguish, financial loss, and diminution of quality of life..

## NINTH  CAUSE OF ACTION- VIOLAITON OF NYSHRL

135. Plaintiff repeats and realleges every allegation set forth in paragraphs "1" through  "134", as if fully set forth herein.

136.  Defendants violated New York Human Rights Law , Section 296(1)(a) by discriminating against Plaintiff, a disabled but otherwise qualified individual , because  of his disability. and by failing to reasonably accommodate him when he so requested in response to the reassignment to H.B. Ward Technical Center in Riverhead, New York.

137.  The New York State Human Rights Law, Executive Law Section 290 et seq and, more particularly, Section 296, subdivision 3-a(c) , and other state laws, rules and regulations proscribe retaliation by employers against employees who oppose or complain about forbidden acts, including allegedly unlawful practices engaged in by an employer.

138,  Plaintiff exercised his statutory rights to oppose and complain about forbidden acts, including unlawful discriminatory practices engaged in by defendants regarding his employment, and pursued such claims by asserting and/or filing complaints related to such acts.

139.  Defendants retaliated against Plaintiff as a result of his complaints.

140.  Defendants' retaliation against the Plaintiff violated Plaintiff's rights as set forth in the New York State Human Rights Law, Executive Law Section 290, et seq. and other state law

rules and regulations.

141. ESBOCES  also violated Plaintiff's rights under Section 296 of the New York
23
Executive Law to be free from discrimination on account of his disability, as evidenced by the

continued harassment, false accusations, being placed on administrative leave, and the temporary

reassignment, all based upon or related to his disability and his request for a reasonable

accommodation.

142.    As a result of ESBOCES'  discriminatory treatment of Plaintiff in violation of the

New York State Human Rights Law, Plaintiff has suffered physical pain, emotional

injury, mental anguish, loss of compensation and diminution of quality of life.

**TENTH  CAUSE OF ACTION AGAINST LUTZ, McSWEENEY,
DIAMOND and ANDERSON AS AIDERS AND ABETTORS**

143. Plaintiff repeats and realleges the allegations in paragraphs "1" through "142"

of the Complaint, as fully set forth herein.

144. Defendants Lutz, McSweeney , Diamond and Anderson are supervisory employees

who have the authority to terminate , discipline or adversely change conditions of employment

or to effectively recommend such negative personnel actions and are aiders and abettors as

defined under the NYS Human Rights Law.

145. Defendants Lutz, McSweeney, Diamond and Anderson have aided and abetted in

ESBOCES'  discrimination, harassment and retaliation of Plaintiff by their direct involvement

in decisions which denied Plaintiff the right to the ADA interactive process, which resulted

in retaliatory transfers in violation of Plaintiff's ADA rights , resulted in him being placed on

administrative leave and which resulted in his retaliatory temporary reassignment with more

onerous terms and conditions than his previous assignment which he held for 30 years.

146. As a result of the conduct and decisions of the individual aiders and abettors Plaintiff has suffered physical pain, emotional injury, mental anguish, loss of compensation and accrued time, and a diminution in quality of life.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that he receives the following:

1. Compensatory damages in an amount of Ten Million Dollars, based upon the joint and several liability of defendants;

2. Punitive damages in an amount to be determined by the trier of fact;

3. Costs and disbursements;

4. Attorney's fees and costs,

4, Declaratory judgment that Defendants willfully violated Plaintiff's rights secured by Federal and state law, as  alleged herein;

5. An order granting such other legal and equitable relief as the court deems just and proper.

**PLAINIFF RESPECTFULLY DEMANDS A JURY TRIAL**

**/s/** Harriet A. Gilliam

_____

HARRIET A. GILLIAM, ESQ
Attorney for Plaintiff
21 W. Second St.
Riverhead, NY  11901
(631) 369-1400

Date:  Riverhead, New York
        March 1, 2018

5417                                25