# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JOHN LAFACE,                                          CV- 18-01314 (ADS)(AKT)

          Plaintiff,                              AMENDED COMPLAINT AND
                                                      JURY DEMAND

     -against-

EASTERN SUFFOLK BOCES; BOARD OF
TRUSTEES, EASTERN SUFFOLK BOCES;
DR. JULIE DAVIS LUTZ,  in her official capacity
as COO, EASTERN SUFFOLK BOCES,  and
individually; DR. R.  TERRY McSWEENEY,
in her official capacity as Assistant Superintendent
for Human Resources, EASTERN SUFFOLK BOCES,  and
individually ; JILL DIAMOND,  in her official
capacity as School Personnel Officer, EASTERN
SUFFOLK BOCES  and individually ;  KEITH
ANDERSON, in his official capacity as Supervisor,
 EASTERN SUFFOLK BOCES and individually,
and THOMAS BILKA, in his official capacity as
Supervisor, EASTERN SUFFOK BOCES and
individually,

          Defendants.

---------------------------------------------------------X

      JOHN LAFACE, Plaintiff herein, by and through his attorney, HARRIET A.

GILLIAM,  respectfully alleges upon knowledge as to himself and his own actions, and upon

information and belief as to all other matters in this Amended Complaint, pursuant to this

Court's November 15, 2018 Memorandum of Decision & Order  , as follows:

## PRELIMINARY STATEMENT

    1.  Plaintiff, John Laface, has dedicated over  30 years of service to Eastern Suffolk

BOCES (ESBOCES)  as a custodian worker.  Plaintiff  was assigned to Gary D. Bixhorn

Technical Center, 350 Matra Avenue, Bellport, New York  11713, where his regularly
.
assigned working hours were 7:00 a.m. to 3:00 p.m.

Over the course of his employment with Defendant, Mr. Laface has proven himself to be
an excellent, dedicated, conscientious employee, and was recognized for saving the life of a
fellow employee.

2.   Mr. Laface, on numerous occasions, and on a continuous basis,  has raised issues of
public concern regarding incidents of fiscal mismanagement and misappropriation of funds
regarding ESBOCES  and its Board and officers' spending practices, sending written complaints
of ESBOCES 'fiscal mismanagement and inappropriate spending of public funds to the Office of
the New York State Comptroller, Tom Dinapoli; the Office of the Governor, Andrew Cuomo,
the United States Secretary of Education, Nancy Devos, and to the Board of Trustees and
CFO. At various Board meetings between the time frame of            and                  .

3.   Mr. Laface has a documented disability of stress and anxiety which are triggered if
he is faced with having to travel or drive more than 10 miles to and from work from
his residence.
.

4.   Despite his stellar performance, Mr. Laface has been retaliated against,  harassed and
targeted by ESBOCES, its agents and employees, on account of his protected First Amendment
speech and actions to petition the government; his documented disability; his age/seniority and in
retaliation for having complained about his supervisor's discriminatory treatment of him.

5.   On or about October 17, 2016,  Defendants Anderson and Bilka issued a memo
to Plaintiff, advising him that he was being reassigned to H.B. Ward Technical Center in

2

Riverhead, New York 11901.

6.   H.B. Ward Technical Center is more than 10 miles away from Plaintiff's home.

7.   Defendants Anderson and Bilka were aware of Plaintiff's disability which prevented him from traveling/driving ten miles or more, to and from work from his residence, but nevertheless reassigned Plaintiff to a location in excess of ten miles.

8.   Defendants Anderson and Bilka failed to articulate any reason for the reassignment and failed to address the fact that Plaintiff's former position was being posted as vacant.

9.   As more fully discussed herein, Defendants Anderson and Bilka's actions caused Plaintiff to endure severe stress and anxiety, requiring him to take a medical leave.

10.   As more fully set forth below, Plaintiff has been discriminated against on the basis of his disability and age/seniority and in violation of him exercising his First Amendment rights. Plaintiff's due process rights have also been violated.

### JURISDICTION AND VENUE

11.   This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343 with respect to Plaintiff's claims of a violation of his due process rights under the Fourteenth Amendment, pursuant to Section 1983; a violation of his First Amendment rights, pursuant to Section 1983; a violation of his right to be free from retaliation pursuant to Section 1983 ; claims of discrimination based upon his disability under the Americans with Disabilities Act "ADA" (42 U.S.C. 12111 et seq. ; a violation of Section 504 of

3

the Rehabilitation Act of 1973; a violation of his rights under the Age Discrimination in

Employment Act (ADEA) on account of his age; and pursuant to New York Executive Law at

Section 290 , et seq.; and based on all other common, federal and state laws, rules and

regulations promulgated thereunder, and any other cause of action which can reasonably be

inferred from the facts set forth herein to redress violations of Plaintiff's rights, as guaranteed by

the laws of the United States and the State of New York.   The complaint also seeks

compensation for the Plaintiff's severe and acute emotional distress, mental

anguish,  physical injury and psychological trauma under the above-enumerated constitutional

provisions, statutes, and common law.  .

   12.  Venue is proper in this case pursuant to 28 U.S.C. 1391, based upon Plaintiff's

residence in the Town of Brookhaven, County of Suffolk, State of New York and based upon

the fact that events giving rise to Plaintiff's claims took place in the County of Suffolk, State

of New York, which is located in the jurisdiction of the Eastern District of New York.

   13.  Plaintiff filed a timely charge of discrimination with the New York State Division of

Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging

claims of discrimination on account of disability under New York Executive Law 290,

et seq.; retaliation and harassment  under Title VII of the Civil Rights Act of 1964 and under

New York State Human Rights Law; and under the ADA.

   The NYS Division of Human Rights dismissed Plaintiff's charge for administrative

convenience and a Notice of Right to Sue Letter was issued by the EEOC on November 28, 2017

and received on or about December 3, 2017.  This action is filed within 90 days of Plaintiff's

receipt of the Notice of Right to Sue Letter.

4

4.

## **PARTIES**

14. Plaintiff, JOHN LAFACE is a male custodial employee with Defendant ESBOCES. at all times relevant herein, Plaintiff was and still is an "employee" of ESBOCES, as the term is defined by the ADA,ADEA  Section 504,  Title VII and New York Executive Law Section 290, et seq.

15.  Defendant ESBOCES is an educational organization that provides teaching and vocational services to the student population and adult population on Long Island, New York. ESBOCES' administrative offices are located at 201 Sunrise Highway, Patchogue, N.Y. At all times relevant to this complaint, Defendant was Plaintiff's "employer" as that term is defined by the ADA, ADEA, Section 504, Title VII and the New York State Executive Law 290 et seq.

16. The ESBOCES  Board of Trustees, also known as the Board, is the dully elected governing body of the ESBOCES, and is named in its official capacity for having directed, participated in, and/or condoned a course of conduct giving rise to the instant complaint.

17.  At all times relevant herein, Defendant Dr. Julie Davis Lutz is the Chief Operating  Officer of ESBOCES and is named in her official and individual capacities.

18.  At all times relevant herein, Defendant Dr. R. Terri McSweeney is the Assistant Superintendent for Human Resources, ESBOCES and is named in her individual and official capacities.

19.  At all times relevant herein, Defendant Jill Diamond is the School Personnel Officer for ESBOCES and is named in her individual and official capacities.

5

20. At all times relevant herein, Defendants Keith Anderson and Thomas Bilka were Plaintiff's supervisors and are named in their individual and official capacities. .

## RELEVANT STATUTORY SCHEME

21. The ADA and the Rehabilitation Act of 1973 ("Rehab Act") protect individuals who have a mental or physical impairment that substantially limits one or more of such an individual's major life activities from discrimination based on disability. Similarly, the New York Human Rights Law prohibits such discriminatory practice under New York Executive Law Article 15; New York Executive Law Section 292 (2) .

22. Under the ADA (Title I) and the Rehab Act, a "qualified individual" means an individual who with or without reasonable accommodations, can perform the essential functions of the job that the individual holds.

23. The ADA (specifically, Title I) prohibits entities covered by the statute from discriminating against a qualified individual on the basis of disability with regard to conditions and privileges of employment 42 U.S.C. Section 12112(a)

24. Under the ADA and Rehabilitation Act, discrimination includes, inter alia, failing to make reasonable accommodations for the known mental or physical impairment of an employee who is otherwise qualified for the employment position that such individual holds unless the accommodation poses an undue hardship on the operation of the entity covered under the statute.

25. Under the NYHRL, it is an unlawful discriminatory practice for any employer to discriminate against an individual on the basis of a disability in compensation or in terms,

6

conditions, or privileges of employment.  New York Executive Law Section 296 (1)(a) .

26.  Under the NYHRL. and ADA, and the Rehabilitation Act, the burden is on the

employer  to establish that an accommodation is not "readily achievable"  which is defined as

easily accomplishable and able to be carried out without much difficulty , expense or undue

hardship.  New York Executive Law Section 296 (2)9d)(i)(A) and (B) The ADA 42 U.S.C.

Section 12112(b)(5); and Section 504 Of the Rehabilitation Act of 1973, 29 U.S.C.  Section 791

et seq.

## FACTUAL ALLEGATIONS

27.  Plaintiff, JOHN LAFACE,  has been employed as a Custodial Worker I ,with

ESBOCES for approximately 30 years.

28.  At all times relevant herein, Plaintiff had been assigned to the Gary D. Bixhorn

Technical Center, at 350 Martha Avenue, Bellport, New York  11713.

29.  During the time of his assignment at the Gary D. Bixhorn Technical Center,

Plaintiff's regularly scheduled work days and hours were Monday –Friday, 7:00 a.m. to 3:00

p.m.

30.  Plaintiff's supervisors were Defendants Keith Anderson and Thomas Bilka.

31.  On or about October 17, 2016,  Defendants Keith Anderson and Thomas Bilka issued

Plaintiff a memo reassigning him and directing him to report to the H.B. Ward Campus in

Riverhead, New York ,effective October 28, 2016.

32.  At the time of the notification of Plaintiff's transfer to the H.B. Ward Campus, there

were several vacant custodial positions which remained unfilled at his previous assignment, the

Gary D. Bixhorn Technical Center in Bellport.  In addition, Plaintiff's former position was posted and remained vacant for a period time, during which ESBOCES maintained that there were no available positions for Plaintiff at Gary D. Bixhorn Technical Center in Bellport.  .

33.  Plaintiff was given no explanation for the reassignment, especially given the fact that there remained vacancies at his former assignment, including his own position.

The time of the notification of Plaintiff's reassignment was just a few days before Plaintiff was scheduled to testify at an arbitration on behalf of the union related to a grievance that had been filed by the union on July 16, 2015, alleging harassment and discrimination.

34.  Plaintiff had also filed an internal complaint with ESBOCES under its anti-bullying policy,  which Defendants Diamond and McSweeney refused to investigate or address.

35.  Plaintiff had engaged in protected activity of filing a complaint under the employer's discrimination/harassment Prohibition (Personnel) Policy and by filing a complaint with the Public Employment Relations Board (PERB), all of which were based upon charges of continuous and ongoing complaints of harassment/ retaliation  for engaging in protected speech and claims of discrimination under the ADA, on account of his disability and which were pending at the time of Plaintiff's reassignment. .

36.  Plaintiff has a disability which limits his ability to drive or travel to and from work beyond 10 miles. Plaintiff had notified ESBOCES Human Resources, as well as his supervisor Keith Anderson, that he had a disability which prevented him from traveling or driving in excess of 10 miles, each way, from his home.

8

37. The distance from Plaintiff's home to the H.B. Ward location is in excess of 10 miles each way.

38. Defendants Anderson and Bilka were aware of Plaintiff's documented disability, but nevertheless assigned Plaintiff to the Riverhead location.

39. Due to the anxiety Plaintiff suffered as a result of his noticed transfer to Riverhead, and the continued acts of retaliation and discrimination, Plaintiff became ill to the point where he could not work and was forced to go out on a documented sick leave from October 28, 2016 until approximately November 27, 2016.

40. Defendant Jill Diamond sent Plaintiff a letter dated November 22, 2016, directing him to report to ESBOCES Human Resources for a meeting on November 28, 2016, upon his return to work.

41. At the time of Defendant Diamond's letter, she and ESBOCES were aware of Plaintiff's inability to report to H.B. Ward Technical Center in Riverhead, due to his driving and travel restrictions and his documented disability due to stress and anxiety.

42. Upon reporting to the November 28, 2016 meeting, Plaintiff requested of ESBOCES, through Defendant Diamond that it make a reasonable accommodation for his documented disability, identifying his position at his previous location where there remained several vacancies.

43. Defendant Diamond refused to engage in the required interactive process under the ADA to identify a reasonable accommodation for Plaintiff's travel/driving restrictions and stated to Plaintiff that ESBOCES was not going to accommodate him.

44. Instead, at the November 28, 2016 meeting, Defendant Diamond continued and persisted in questioning Plaintiff's disability and gave him forms for his doctor to complete,

9

although his disability had previously been documented.

45.  Plaintiff considered Defendant Diamond's actions during the November 28, 2016 meeting to be a continuation of the harassment, discrimination and retaliation he had been experiencing at the hands of ESBOCES, its board, agents and employees on account of his disability.

46.  To as not be deemed to be insubordinate, Plaintiff took the forms and presented them to his doctor who completed them for submission to Defendant Diamond.

47.  Following the November 28, 2016 meeting with Defendant Diamond, Plaintiff received a correspondence from Marysue Dileva, employee benefits supervisor for ESBOCES, regarding rights and responsibilities under the Family Medical Leave Act.

48.  Plaintiff had never had any conversation with anyone from ESBOCES to the effect that he was looking to take leave under the FMLA:  All Plaintiff requested of Defendant Diamond was  to engage in the ADA interactive process and to return to his former custodial position which was still vacant, or to be placed In one of the several other vacant custodial I position  at Gary Bixhorn Technical Center, where he had been assigned for nearly 30 years.

49. Defendants gave no response or explanation as to why they would not accommodate Plaintiff by placing him in his former position or the several available custodial positions at Gary Bixhorn Technical Center, or even engage in the required ADA interactive process. .

50.  Defendant Diamond scheduled a meeting for December 23, 2016 with Plaintiff, at which time she accused Plaintiff of refusing to answer her questions, which Plaintiff had not understood and had asked her to put the questions in writing so that he could confer with his attorney.  Diamond refused and instead falsely stated that Plaintiff was being uncooperative.

51.  At the December 23, 2016 meeting with Defendant Diamond, Plaintiff was told that

10

ESBOCES  would not accommodate his disability and that instead, he was to report to the H.B.
Ward location in Riverhead, NY via public transportation.

52.  ESBOCES'  directive to take public transportation was not a reasonable
accommodation of Plaintiff's disability, since his disability was triggered by the stress of
traveling/driving 10 miles or more to work.

53.  At the December 23, 2016 meeting, defendant Diamond falsely accused Plaintiff of
insubordination by not answering her questions, when in fact all Plaintiff stated was that he
would need to confer with his attorney before answering Diamond's questions.

54.  At the December 23, 2016 meeting, Diamond, in the presence of Plaintiff's union
representative stated that ESBOCES was not going to accommodate Plaintiff.

55.  At the conclusion of the December 23, 2016 meeting, Defendant Diamond placed
Plaintiff on administrative leave.

56. Diamond stated no reason for placing Plaintiff on administrative leave., nor was there
a stated duration of the administrative leave.

57.  Plaintiff had not requested to be placed on administrative leave following the
December 23, 2016 meeting.

58.  Plaintiff's sole request was for ESBOCES  to engage in the interactive process
and to place him in one of the several vacant positions for which he was qualified,  which were
still open  at the Gary D. Bixhorn Technical Center where he had worked for nearly 30 years.

59. Plaintiff made numerous inquiries of Diamond, both directly and indirectly through
his union, as to why she had placed him on administrative leave and why ESBOCES refused to
return him to his former position, to which there was no response.

11

60. Following Plaintiff's numerous requests to Diamond about his administrative leave status, on or about January 19, 2017, Plaintiff received a letter from Defendant Diamond, directing him to report to Jefferson Academic Center for a temporary reassignment, to work from 10:00 a.m. to 6:00 p.m.

61. The temporary reassignment to Jefferson Academic Center was materially different from Plaintiff's former position in that Plaintiff's hours of employment were significantly different from what he had been working for nearly 30 years:  Plaintiff's work schedule changed from 7:00 a.m.-3:00 p.m. to 10:00 a.m.- 6:00 p.m.  Plaintiff was also assigned different and more work and responsibilities,

62. Defendant ESBOCES  continues to have Plaintiff work in this "temporary assignment" over a year after being placed there in January, 2017, without any response to his numerous requests from his union, on his behalf, that ESBOCES  reasonably accommodate him and return him to his former position.

63. To date, ESBOCES has offered no reason for its refusal to engage in the interactive process, as required under the ADA..

64. To date, ESBOCES has offered no reason for its refusal to return Plaintiff to his former position at the Gary D. Bixhorn Center.

## AS  AND FOR A FIRST CAUSE OF ACTION-ADA- RETALIATION

65. Plaintiff repeats and realleges all the allegations  in paragraphs :1: through "64" of the complaint as fully set forth  herein.

66. Plaintiff has a documented disability and record of disability which impair his ability to drive or travel more than 10 miles to and from work from his

residence and to function at work.

67. Defendant reassigned Plaintiff from his work location where he had been for over 30 years, to a location that was more than 10 miles from his residence, without reason ,and which would have triggered his documented disability. .

68. When Plaintiff complained to Defendants, and specifically its agent, Jill Diamond that this reassignment was prohibited by his documented disability ,and that he was requesting a reasonable accommodation, Defendant Jill Diamond, as a representative and employee of ESBOCES, refused to engage in the required ADA interactive process with Plaintiff to identify a reasonable accommodation and instead, took steps to place Plaintiff on a leave under the Family Medical Leave Act, causing him to be sent FMLA forms after the November 28, 2017 meeting with her. Plaintiff objected to ESBOCES' attempt to place him on FMLA leave.   .

69. Instead of engaging in the interactive process, Defendants placed Plaintiff on an administrative leave, which was unwarranted and concerning which he had never made a request and interfered with his ability to work overtime and accrue leave. .

70. As Plaintiff continued to insist on the Defendant ESBOCES engaging in the ADA interactive process for the purpose of implementing a reasonable accommodation, Defendants unilaterally temporarily assigned Plaintiff to the Jefferson Academic Center, with significant changes in his terms and conditions of employment, while Plaintiff's former position remained available and while similar positions to his former positions remained vacant at the Gary D. Bixhorn Technical Center.

71. In retaliation for Plaintiff having exercised his rights under the ADA to request that ESBOCES engage in the ADA required interactive process, Plaintiff was retaliated against,

13

being falsely accused by Diamond of failing to cooperate, and being placed on administrative leave, after he did not agree to take FMLA leave. Defendants refused to place Plaintiff back at his former position which remained vacant or other available positions at his previous location.

72. ESBOCES continued its retaliation of Plaintiff by placing him at the Jefferson Academic Center, without discussion with him. This assignment was materially different in that the hours were different, 10:00 a.m.-6:00 p.m., instead of the 7:00 a.m.-3:00 p.m. schedule, which Plaintiff had worked for nearly 30 years. The work assignment was materially different, requiring to Plaintiff to perform more manual work than what he had previously done. Since being placed in the temporary assignment, Plaintiff has continued to be retaliated against, being denied the continued requests for reassignment to his former, vacant position and on several occasions, he did not receive his pay on time.

73. As a result of the Defendant's retaliatory conduct, Plaintiff has experienced physical pain, emotional damages, mental anguish, compensatory damages and diminution of quality of life.

## AS AND FOR A SECOND CAUSE OF ACTION- ADEA VIOLATION

**74.** Plaintiff repeats and realleges each and every allegation as set forth in paragraphs "1" through " 71" , as if fully set forth herein.

75. Plaintiff is over the age of 40.

76. Plaintiff has more than 30 years of service with ESBOCES

77. Plaintiff is one of the employees with the most seniority and at the higher end of the contractual pay scale and the NYS Retirement system plan. .

14

78. ESBOCES has targeted Plaintiff with discriminatory actions of treating him differently than other similarly situated employees with respect to assignments and terms and conditions of employment, all in an effort to force him to take early retirement.

79. ESBOCES has targeted Plaintiff with harassment and a hostile work environment on account of his age in order to force him to retire when he first becomes eligible.

80. ESBOCES engaged in discriminatory treatment on account of Plaintiff's age, by refusing to investigate his internal complaint of bullying and by refusing to address his grievance, and by refusing to place him back at his former position, all in an effort to force Plaintiff to retire early.

81. Plaintiff's former position, for over 30 years, was filled by a younger employee, with less seniority and experience than plaintiff, and who was not in the protected class satus under the ADEA, by the name of Bill Stephens, under 40 years old.

82. There was also the filling of another position which Plaintiff had sought after being assigned to Jefferson which was filled by a custodian under the age of the ADEA protected age status.   .

83. ESBOCES has also treated Plaintiff differently than younger individuals, under age 40 , holding Custodial I positions who were treated more favorably in terms of their ability to work substantial overtime, which was denied to Plaintiff.

84. As a result of ESBOCES' discriminatory actions and harassment, on account of his age and seniority, Plaintiff has suffered physical and emotional injury, mental anguish, loss of overtime, which he previously earned and diminution of quality of life.

**15**

## AS AND FOR A THIRD CAUSE OF ACTION- SECTION 1983

85. Plaintiff repeats and realleges every allegation as set forth in paragraphs "1" through " 84"  as fully set forth herein.

86. The Defendants and each of their agents involved in the events and action described above are persons acting under color of state law, and other statutes, ordinances, regulations, customs, or usages as defined in 42 U.S.C. Section 1983.

87. At all times relevant herein, the individual defendants were acting under color of state law and had direct and individual involvement in actions resulting in the violation of Plaintiffs' constitutional and statutory  rights, as follows:

a)   Defendant Lutz, as CEO  had the final decision with respect to the decisions to reassign Plaintiff, in violation of the ADA and Section 504 ;

b)   Defendant McSweeney as Assistant Superintendent for Human Resources had direct involvement in the decision to not accommodate Plaintiff's reasonable request for an ADA accommodation and their refusal to investigate Plaintiff'a  complaint of bullying by his former supervisor Keith Anderson;

c)   Defendant Diamond, as School Personnel Officer, had direct involvement in the decision to refuse Plaintiff's request to engage in the ADA interactive process to identify a reasonable accommodation for Plaintiff and then placing him on administrative leave and to ultimately temporarily reassigning him to  Jefferson Academic Center, when, at the same time, there were positions available at his former location, specifically including his former assignment which remained vacant for a period of time .

16

d)   Defendants Anderson and Bilka had direct involvement in the decision to reassign Plaintiff to H.B. Ward in Riverhead, New York, shortly before Plaintiff was scheduled to testify in an arbitration against ESBOCES,  regarding claims of disability discrimination and bullying.

88. Defendants retaliated against Plaintiff, in violation of his constitutional and statutory  rights to be free from discrimination on account of his disability and his EEO complaints, dating back to 2015.

88.      Plaintiff was subjected to arbitrary, bad faith and irrational discriminatory treatment in violation of his rights under the Fourteenth Amendment to the U.S. Constitution, with respect to Defendants' decision to reassign him the H.B. Ward Technical Center in Riverhead, leaving several vacancies in his former location, including his own.

89,  Defendants reassigned Plaintiff in bad faith, just as he was preparing to be a witness at an arbitration proceeding where he was to testify about ESBOCES  discriminatory practices based on disability and allegations regarding ESBOCES' violation of the collective bargaining agreement.

90. Plaintiff was subjected to further arbitrary, bad faith and irrational discriminatory treatment in violation of his rights under the Fourteenth Amendment to the U.S. Constitution with respect to ESBOCES'  decision to temporarily reassign Plaintiff to the Jefferson Academic Center, with a  change his shift from 7 a.m – 3 p.m. to 10 a.m.-6 p.m. and a  change in  the scope of his duties, assigning him more and onerous tasks than his former position which he had held for nearly 30 years.

91. Defendants had no reasonable, rational reason for their actions, which were arbitrary, capricious and in bad faith.

17

92. `The right to be free from retaliation as a result of challenging ESBOCES

policies, practices or customs is a clearly established constitutional and statutory right of

which reasonable officials of ESBOCES  , including Defendants and their agents knew or

should have known.

93.. As a result of Defendants' conduct and actions, Plaintiff has suffered physical pain,

emotional injury, mental anguish, loss of compensation and diminution of quality of life.


### AS AND FOR A FOURTH  CAUSE OF ACTION- SECTION 1983 FIRST AMENDMENT SPEECH

94. Plaintiff repeats and realleges the allegations in Paragraphs "1" through "93"

as fully set forth herein.

95. Plaintiff is a public employee.

96.  As a public employee, Plaintiff was seeking to bring to light actual wrongdoing

Or a breach of public trust by ESBOCES officials.

97.. Over the period of the last three years,  Plaintiff has made

numerous complaints to the ESBOCES Board of Trustees  and Defendant Lutz at board

meetings regarding improper and wasteful expenditures of public funds , misuse of public funds

and illegal contracting practices, all matters of public concern which involved improper or illegal

expenditures of taxpayers' dollars.

98.  Within one month of when Plaintiff complained to Defendant Lutz regarding

fiscal improprieties, misuse of public funds and illegal contracting practices, all matters of

public concern, he was transferred from his position at Bixhom, which he had held for nearly

30 years; he was initially reassigned to a position at the Harry B. Ward Technical Center in

18

Riverhead, which would have triggered his disability of anxiety and nervousness, brought on by long distance travel which would have rendered him unable to work; he was placed on administrative leave, which rendered him unable to work and ear substantial overtime, as he had previously been able to do, along with his coworkers; and he was ultimately transferred to a position which was significantly different from his former position in terms of hours of work from 7 a.m.-3 p.m. to now 10 a.m. to 6 p.m. and which had substantially more and different work duties and which had significantly altered his quality of life, interfering with his ability to spend quality time with his grandchildren and family as he had done in the past.

99. .Plaintiff has also addressed ESBOCES' fiscal improprieties and misappropriation of taxpayer dollars , all of which are issues of public concern,  with various government agencies and elected officials, including NYS Comptroller Tom Dinapoli, Congressman Lee Zeldin., U.S. Secretary of Education, Nancy DeVoe. These are all matters of open investigation and are bases for Defendants' continuous and ongoing retaliation against Plaintiff with respect to his work assignments and terms and conditions of employment.

100. Since speaking out, Plaintiff has been subjected to various forms of harassment, and retaliation, including threats of  termination or reassignment and transfer and temporary reassignment with a significant change in his work hours and duties and responsibilities, assigning him more work without help. .

101, Plaintiff's right of Free Speech, as guaranteed under the First Amendment was violated and he has suffered physical and emotional pain mental anguish and diminution in quality of life.

<u>**AS AND FOR A FIFTH  CAUSE OF ACTION- VIOLAITON OF NYSHRL**</u>

102. Plaintiff repeats and realleges every allegation set forth in paragraphs "1"

through  "101", as if fully set forth herein.

103.  Defendants violated New York Human Rights Law , Section 296(1)(a) by

discriminating against Plaintiff, a disabled but otherwise qualified individual , because  of his

disability. and by failing to reasonably accommodate him when he so requested in response to

the reassignment to H.B. Ward Technical Center in Riverhead, New York.

104.  The New York State Human Rights Law, Executive Law Section 290 et seq and,

more particularly, Section 296, subdivision 3-a(c) , and other state laws, rules and regulations

proscribe retaliation by employers against employees who oppose or complain about forbidden

acts, including allegedly unlawful practices engaged in by an employer.

105,  Plaintiff exercised his statutory rights to oppose and complain about forbidden acts,

including unlawful discriminatory practices engaged in by defendants regarding his employment,

and pursued such claims by asserting and/or filing complaints related to such acts.

<u>**PRAYER FOR RELIEF**</u>

Plaintiff respectfully requests that he receives the following:

1.  Compensatory damages in an amount of Ten Million Dollars, based upon the

joint and several liability of defendants;

2.  Punitive damages in an amount to be determined by the trier of fact;

3.  Costs and disbursements;

20

4.   Attorney's fees and costs,

5, Declaratory judgment that Defendants willfully violated Plaintiff's rights secured by

Federal and state law, as  alleged herein;

6.   An order granting such other legal and equitable relief as the court deems just and

proper.


**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL**


/s/ Harriet A. Gilliam

HARRIET A. GILLIAM, ESQ
Attorney for Plaintiff
21 W. Second St.
Riverhead, NY  11901
(631) 369-1400

Date:  Riverhead, New York
           December 15, 2018

5417

21