# EXHIBIT B

**Chelsea Weisbord**

| | |
|---|---|
| **From:** | Adam Kleinberg |
| **Sent:** | Wednesday, December 19, 2018 9:40 AM |
| **To:** | Harriet A. Gilliam Esq. |
| **Cc:** | Chelsea Weisbord |
| **Subject:** | Laface v. ESBOCES |
| **Attachments:** | Rule 11 notice of motion-NR.pdf; Rule 11 letter-CW.pdf |

Hi Harriet.

I am attaching a Rule 11 letter and notice of motion. I do not take threats of sanctions lightly and do not enjoy asserting them. I am hopeful you will review our letter and seek to withdraw the challenged allegations and claims.

If I do not speak with you next week, happy holidays.

Adam

**Adam I. Kleinberg**
**SOKOLOFF STERN LLP**
179 Westbury Ave.
Carle Place, NY 11514
P: (516) 334-4500 x109
F: (516) 334-4501
C: (631) 626-6745
sokoloffstern.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN LAFACE,

                          Plaintiff,

              -against-

EASTERN SUFFOLK BOCES; BOARD OF TRUSTEES,
EASTERN SUFFOLK BOCES; DR. JULIE DAVIS LUTZ,
in her official capacity as COO, EASTERN SUFFOLK
BOCES, and individually; DR. R. TERRY McSWEENEY, in
her official capacity as Assistant Superintendent for Human
Resources, EASTERN SUFFOLK BOCES, and individually;
JILL DIAMOND, in her official capacity as School Personnel
Officer, EASTERN SUFFOLK BOCES, and individually;
KEITH ANDERSON, in his official capacity as Supervisor,
EASTERN SUFFOLK BOCES, and individually; THOMAS
BILKA, in his official capacity as Supervisor, EASTERN
SUFFOLK BOCES, and individually,

                         Defendants.
------------------------------------------------------------------X

Docket No.: 18-CV-01314
           (ADS)(AKT)

**NOTICE OF MOTION FOR
SANCTIONS PURSUANT
TO FED. R. CIV. P. 11**

**PLEASE TAKE NOTICE** that, upon the annexed Attorney's Declaration of Adam I.
Kleinberg and the affidavits and exhibits annexed thereto, the accompanying Memorandum of
Law in Support of Defendants' Motion for Sanctions, and upon all pleadings and proceedings
heretofore had herein, defendants will move this Court before the Honorable Arthur D. Spatt, at
the United States District Court for the Eastern District of New York, located at 100 Federal Plaza,
Central Islip, New York 11722, on a date to be determined by the Court, for an Order pursuant to
Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927 issuing sanctions against plaintiff and his counsel and
in favor of defendants, together with costs and attorneys' fees and such other and further relief as
this Court deems just, equitable, and proper.

      **PLEASE TAKE FURTHER NOTICE,** that defendants' motion is based on plaintiff's

and counsel's violation of Fed. R. Civ. P. 11(b) in that multiple pleadings were filed for "improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," present factual contentions that have no evidentiary support or are not likely to have evidentiary support after investigation or discovery, and assert claims against defendants that are factually and legally frivolous.

**PLEASE TAKE FURTHER NOTICE,** that opposition and reply papers shall be filed in accordance with the rules and directives of the Court.

Dated:  Carle Place, New York
       December 19, 2018

SOKOLOFF STERN LLP
*Attorneys for Defendants*

By: _____
      Adam I. Kleinberg
      Chelsea Weisbord
      179 Westbury Avenue
      Carle Place, New York 11514
      (516) 334-4500
      File No.: 170073

To:  Harriet A. Gilliam, Esq.
     Law Office of Harriet A. Gilliam
     *Attorneys for Plaintiff*
     21 West Second Street
     PO Box 1485
     Riverhead, NY 11901

# SOKOLOFF STERN LLP

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

December 19, 2018

**VIA EMAIL**

Harriet A. Gilliam, Esq.
21 W. Second Street
Riverhead, NY 11901

               Re:    *Laface v. Eastern Suffolk BOCES*
                      Docket No.: 18-CV-01314 (ADS) (AKT)
                      File No.: 170073

Dear Ms. Gilliam:

We represent all defendants. We write in compliance with the safe-harbor provision of Fed. R. Civ. P. 11(c)(2) to advise you defendants intend to move for sanctions under Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927 for pursuing frivolous and vexatious claims if you do not discontinue the below-mentioned claims within 21 days. We also intend to seek costs and attorneys' fees in connection with the ultimate dismissal of these frivolous claims.

A court may impose sanctions under Rule 11 against an attorney, law firm, and/or party responsible for the violation. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 94 (2d Cir. 2003) (citing Fed. R. Civ. P. 11(c)). "An attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in a pleading." *Star Mark Mgmt. v. Koon Chung Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Id.* (citations omitted). "With respect to legal contentions, the operative question is whether the argument is frivolous, *i.e.*, the legal position has no chance of success and there is no reasonable argument to extend, modify or reverse the law as it stands." *Id.* (citations and internal quotation marks omitted). Sanctions are also appropriate where a pleading is presented for "any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or presents factual contentions that have no evidentiary support or are not likely to have evidentiary support after investigation or discovery. *See* Fed. R. Civ. P. 11(b).

Further, an attorney who "unreasonably and vexatiously" multiplies the proceedings may be held personally liable for the excess costs, expenses, and attorneys' fees incurred because of such conduct. 28 U.S.C. § 1927. A court also has inherent authority to impose sanctions where an

SOKOLOFF STERN LLP

Harriet Gilliam, Esq.
December 17, 2018
Page 2 of 5

attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Smith v. Westchester Cty. Dep't of Corr.*, 577 F. App'x 17 (2d Cir. 2014).

     A review of the amended complaint reveals its frivolous nature and harassing purpose. The amended complaint includes causes of action (and relevant factual allegations) the Court explicitly *dismissed with prejudice* in its November 15, 2018 Memorandum of Decision and Order. The amended complaint also exceeds the Court's order granting him leave to amend by alleging brand-new causes of action. And it is clear from the unsupported conclusory allegations—many of which have proven to be false during the discovery exchanged between the parties —that the allegations are intentionally false and/or you spent little or no effort to verify facts before filing this pleading.

**Frivolous Causes of Action:**

     The amended complaint references defendants' alleged disability discrimination, failure to accommodate, and failure to engage in the interactive process. (Amended Compl., ¶¶ 10-11, 43, 45, 47-59, 68-69, 71.) To the extent the amended complaint asserts such claims, they are frivolous. The Court dismissed all of plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process *with prejudice* including those alleged under the ADA and Rehabilitation Act.

     Most of the ADA retaliation claim pled in the amended complaint (first cause of action) is frivolous. As per the Court's November 15, 2018 Memorandum of Decision and Order, Plaintiff's ADA retaliation claim is limited to a single alleged adverse employment action: his temporary transfer to Jefferson Academic Center on January 19, 2017. The Court dismissed the remainder of plaintiff's ADA retaliation claim holding the remaining challenged conduct could not satisfy the requisite elements of an ADA retaliation claim. Plaintiff has deliberately ignored the Court's decision by including this challenged conduct in the amended complaint. (Amended Compl., ¶¶ 66-69, 71.)

     Plaintiff's state law claim under the New York State Human Rights Law ("NYSHRL") (fifth cause of action) is equally frivolous. The Court dismissed all of Plaintiff's NYSHRL claims against *all* Defendants with prejudice. Plaintiff deliberately ignores the Court's holding and alleges a NYSHRL claim (fifth cause of action) in his amended complaint.

     Plaintiff's Third Cause of Action appears to assert a Fourteenth Amendment due process claim. This claim is frivolous as the Court explicitly dismissed plaintiff's due process claim with prejudice. To the extent the amended complaints asserts a First Amendment redress of grievances

SOKOLOFF STERN LLP

Harriet Gilliam, Esq.
December 17, 2018
Page 3 of 5

claim that claim was also dismissed with prejudice and is frivolous. The only § 1983 claim the Court did not dismiss with prejudice was Plaintiff's § 1983 claim for First Amendment retaliation based on speech on a matter of public concern.

Furthermore, Plaintiff's claims against individual defendants Julie Lutz, Terri McSweeney, Jill Diamond, Keith Anderson, and Thomas Bilka are frivolous. The only causes of action the Court did not dismiss with prejudice were plaintiff's claims for ADA retaliation (regarding his January 2017 temporary assignment to Jefferson Academic Center), ADEA discrimination, and § 1983 First Amendment retaliation for speech on a matter of public concern. It is well-established there is no individual liability under the ADA or ADEA. *See Perros v. Cty. of Nassau*, 238 F. Supp. 3d 395, 402 (E.D.N.Y. 2017) (dismissing ADA claim against individual defendants); *Fanelli v. New York*, 51 F. Supp. 3d 219, 226 (E.D.N.Y. 2014) (ADS) (dismissing ADEA claim against individual defendants). Although an individual defendant may be subject to liability under § 1983, he or she must be personally involved in the alleged constitutional violation to be liable. *Jackson v. DeMarco*, 2011 WL 1099487, at *3 (E.D.N.Y. 2011) ("A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law.") (*citing Johnson v. Barney*, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. 2010)). There are no factual allegations in the amended complaint that the individual defendants were directly involved in any alleged First Amendment constitutional violations. As such, the individual defendants must be dismissed from the case.

**Frivolous Factual Allegations:**

The amended complaint contains a host of frivolous factual allegations. First, the amended complaint falsely alleges plaintiff sent a written complaint(s) to the Board of Trustees and CFO regarding ESBOCES' spending practices. BOCES has no record of such a written complaint. And notably, plaintiff has produced no written complaints to BOCES.

Second, plaintiff falsely alleges that Keith Anderson and Thomas Bilka knew plaintiff's alleged disability when they reassigned him to the H.B. Ward Technical Center in October 2017. Plaintiff did not notify BOCES or any of its agents about his alleged "disability" until *after* he was notified of his transfer.

Third, plaintiff falsely alleges plaintiff was not given an explanation for his reassignment to H.B. Ward Technical Center. Defendants produced an email (D002208) indicating that plaintiff was given an explanation for his reassignment before it went into effect.

SOKOLOFF STERN LLP

Harriet Gilliam, Esq.
December 17, 2018
Page 4 of 5

Fourth, plaintiff falsely alleges he has had a 7:00 a.m. to 3:00 p.m. shift "for nearly 30 years." (Amended Compl., ¶ 72.) As reflected in plaintiff's personnel file, which defendants produced on June 20, 2018, plaintiff began working a 7:00 a.m. to 3:00 p.m. shift in 2012. Over the years, plaintiff has worked a variety of shifts, including a 4:00 p.m. to 12:00 a.m. night shift. Plaintiff also falsely alleges he worked at his previous position for nearly 30 years. (Amended Compl., ¶ 81.) Plaintiff's personnel file also confirms plaintiff did not work at the Gary D. Bixhorn Technical Center for over 30 years but has been transferred to other locations.

Fifth, plaintiff falsely alleges he was transferred to the H.B. Ward Technical Center within one month of complaining to Julie Lutz regarding fiscal improprieties, misuse of public funds, and illegal contracting practices. Defendants' interrogatory responses indicate plaintiff met with Julie Lutz on or about March 16, August 2, and November 16, 2016 and complained that the management was wasting money. None of these meetings occurred within one month before plaintiff's transfer to the H.B. Ward Technical Center.

Should plaintiff insist on pursuing these baseless causes of action and premises upon allegations belied by the evidence, defendants will seek to recover all costs and attorneys' fees incurred in connection with defending against their claims. As you are undoubtedly aware, defendants will be entitled to a judgment against plaintiff for costs incurred for successful motions and through trial (if necessary). *See* Fed. R. Civ. P. 54(d)(1); Local Civil Rule 54.1(c); 28 U.S.C. § 1920. In addition, defendants intend to seek to recoup attorneys' fees under 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d). A "prevailing defendant" may recover attorneys' fees incurred in defending a lawsuit deemed "frivolous, unreasonable, or without foundation, even though not [necessarily] brought in subjective bad faith" or where the plaintiff continued to litigate after it clearly became so. *See* 42 U.S.C. § 1988; *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984).

I have attached a copy of the notice of motion for sanctions that will be filed should you refuse to withdraw plaintiff's frivolous claims against defendants within 21 days.

SOKOLOFF STERN LLP

Harriet Gilliam, Esq.
December 17, 2018
Page 5 of 5

Please do not hesitate to contact me should you wish to discuss.

Very truly yours,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG

Attachment

5