# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN LAFACE,

               Plaintiff,

       -against-

EASTERN SUFFOLK BOCES; BOARD OF
TRUSTEES, EASTERN SUFFOLK BOCES; DR.
JULIE DAVIS LUTZ, in her official capacity as COO,
EASTERN SUFFOLK BOCES, and individually; DR. R.
TERRY McSWEENEY, in her official capacity as
Assistant Superintendent for Human Resources,
EASTERN SUFFOLK BOCES, and individually; JILL
DIAMOND, in her official capacity as School Personnel
Officer, EASTERN SUFFOLK BOCES, and
individually; KEITH ANDERSON, in his official
capacity as Supervisor, EASTERN SUFFOLK BOCES,
and individually; THOMAS BILKA, in his official
capacity as Supervisor, EASTERN SUFFOLK BOCES,
and individually,

               Defendants.
-------------------------------------------------------------------X

Docket No. 18-CV-01314
(ADS)(AKT)

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES
AND REQUESTS FOR
THE PRODUCTION OF
DOCUMENTS**

Defendants, by their attorneys SOKOLOFF STERN LLP, pursuant to Rules 26 and 33 of

the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York,

respond to Plaintiff's First Set of Interrogatories and Requests for the Production of Documents as

follows:

## GENERAL OBJECTIONS

By responding to any request, Defendants do not concede the materiality of the subject to

which it refers. Defendants' responses are made expressly subject to, and without waiving or

intending to waive, any questions, or objections as to the competency, relevancy, materiality,

privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

      B.     Defendants object to these requests to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes, including all documents that post-date the initiation of this litigation.

      C.     Defendants exclude from these responses communications between Defendants and the undersigned counsel in this case.

      D.     Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

      E.     Defendants are continuing to search for information responsive to Plaintiff's requests and therefore reserve the right to supplement the response to each request with additional information, if and when such information becomes available to Defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## RESPONSE TO INTERROGATORIES

      1.     *Identify by name, position title, address and phone number, each and every person whom Defendants believe have knowledge of any facts relating to or relied upon in connection with Defendants' answer and affirmative defenses in this action and give a detailed description of*

*the knowledge Defendants believe is possessed by each such individual. Also provide a description of any documents that Defendants believe are in such person's possession or control, relative to the Defendants' affirmative defenses.*

**Response:**   Defendants refer to their Fed. R. Civ. P. 26 Disclosures and the documents bates numbered D001-585.

2.   *State the names and address and phone number of every person who was interviewed or contacted regarding any investigation of plaintiff's complaint of harassment and bullying and grievance file in July 2015, identifying the date, time, location of said interview or contact, the person who conducted the interview or made the contact on behalf of ESBOCES and identify what was the substance of any statements made or information elicited during the course of said interview or contract and the outcome of the "investigation."*

**Response:**   Defendants object to this request on the grounds that it is vague, ambiguous, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendants are not aware of what "2015 grievance" Plaintiff is referring to.

3.   *Identify all ESBOCES locations where Plaintiff has worked from the beginning of his employment, with the title, dates, locations and supervisors for each position identified as having been held by plaintiff during the course of his employment with ESBOCES.*

**Response:**   Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00001-343 (Plaintiff's Personnel File).

4.     *Identify all persons who were working as custodians at the Gary D. Bixhorn Technical Center during the years 2015-to date(s), by name, position title, date of hire, age, current employment status and work location.*

<u>Response</u>:     Defendants object to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. ESBOCES' computer program, Wincap, does not contain a mechanism to produce a blanket report of who was previously assigned to the Gary D. Bixhorn Technical Center and for how long, or where they went. ESBOCES can only print a history of previous assignments on an individual basis. Notwithstanding, and without limiting or waiving these objections, the following is a list of the current custodial staff at the Gary D. Bixhorn Technical Center.

| Name | Location | Position | Date of Hire | Age |
|------|----------|----------|--------------|-----|
| Corrado, Adam. M | Gary D. Bixhorn Technical Center | Custodial Worker I | 4/9/2001 | 43 |
| Clark, William H. | Gary D. Bixhorn Technical Center | Custodial Worker I | 3/20/2006 | 42 |
| Steffens, William | Gary D. Bixhorn Technical Center | Custodial Worker I | 9/1/2006 | 34 |
| Weisenbacher, Ryan P. | Gary D. Bixhorn Technical Center | Custodial Worker I | 7/10/2017 | 26 |
| Bilka, Robert I. | Gary D. Bixhorn Technical Center | Custodial Worker I | 12/12/2016 | 25 |
| Foster, Greg | Gary D. Bixhorn Technical Center | Custodial Worker I | 8/13/2018 | 50 |
| Pugliese, Christian | Gary D. Bixhorn Technical Center | Custodial Worker II | 7/12/2010 | 43 |
| Olsen, Kirk | Gary D. Bixhorn Technical Center | Head Custodian | 8/24/1998 | 50 |

5.     *Identify all custodial vacancies that existed during the years 2015-present and locations, and if any such vacancies were filled, state the name and age of the person, whether it was a hire, promotion or some other personnel action, date the position was filled, the circumstances under which the position was filled and who made the decision to fill the position.*

4

**Response:**   Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding, and without limiting or waiving these objections, Defendants refer Plaintiff to Interrogatory Response No. 4 and the documents bearing numbers D00817-896, which are postings for Custodial Worker I and Custodial Worker II vacancies from January 2015 to date.

6.    *Identify all persons who had any role or involvement in the decision to reassign Plaintiff from the Gary D. Bixhorn Technical Center to the H.B. Ward Technical Center, including,*

a) *The date the decision was made;*

b) *The reason(s) for the decision;*

c) *The role of each person identified in the decision to reassign Plaintiff from his custodial position at Gary D. Bixhorn Technical Center;*

d) *Whether there were any vacant custodial positions at the Gary D. Bixhorn Technical Center at the time of the 2016 reassignment.*

**Response:**   Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding, and without limiting or waiving these objections, the idea to reassign Plaintiff to H.B. Ward Technical Center was made by Ryan Ruf (Associate Superintendent for Management Services) sometime between September 2 to September 28, 2016. Then, Ryan Ruf and Thomas Bilka (School Custodial Supervisor) made the decision to transfer Plaintiff to H.B. Ward Technical Center. Ryan Ruf discussed the transfer with Keith Anderson (Director of Operations and

5

Maintenance Department), Dr. Julie Davis Lutz before Plaintiff was notified of the transfer. Plaintiff was transferred out of Gary D. Bixhorn Technical Center because he was having personality conflicts with several people and refusing to take direction from certain supervisors. He was reassigned to H.B. Ward Technical Center because Defendants thought that location could be a better fit for Plaintiff. Additionally, the head custodian at H.B. Ward Technical Center was in need of a custodian with strong cleaning skills. Given Plaintiff's work experience, BOCES thought Plaintiff fit this position. In regard to Plaintiff's request for the vacancy announcements around the time of his reassignment, Defendants refer Plaintiff to a document bearing number D000862. Defendants also refer Plaintiff to documents bearing numbers D002207-09.

7.      *Identify whether there were any vacancies in custodial positions at any other ESBOCES site at the time Plaintiff was removed and reassigned to the H.B. Ward Technical Center. If so, identify the locations, the position titles and the shifts.*

**Response:**      Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding, and without limiting or waiving these objections, Defendants refer Plaintiff to the documents bearing numbers D00817-896, which are postings for Custodial Worker I and Custodial Worker II openings from January 2015 to date.

8.   *State the name, address, date of hire, title, age and current employment status with ESBOCES of the person who was hired to fill Plaintiff's former custodial position at the Gary Bixhorn Technical Center.*

**Response:**   William Steffens currently works the 7:00 a.m. to 3:00 p.m. Custodial Worker I shift at Gary D. Bixhorn Technical Center, which is Plaintiff's former shift. His address is 14 Patrician Lane, Medford, New York, 11763. He is 34 years old. He was hired by ESBOCES on September 1, 2006.

9.   *Identify and describe the complaints which Defendant Board of Trustees received from Plaintiff regarding ESBOCES from 2011 to date.*

**Response:**   Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding, and without limiting or waiving these objections, the Board of Trustees has never received any written complaints from Plaintiff from 2011 to date. Plaintiff attended a Board meeting on April 30, 2014, during which he complained management was wasting money. He provided some examples, one of which may have involved wasting money by purchasing medical beds and subsequently throwing them out. Defendants refer Plaintiff to documents bearing numbers D02168-2207, which are the minutes for the April 30, 2014 Board meeting.

7

10.    *State whether the Board's or any of its officers or agents' have ever responded to any complaints or concerns raised by Plaintiff regarding ESBOCES operations between 2011 to date. If so, state the sum and substance of said response.*

**Response:**    Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding, and without limiting or waiving these objections, Defendants have no record of Plaintiff identifying any problematic areas of operations that would have prompted an investigation.

11.    *Describe the complaints Plaintiff has made to Dr. Julie Davis Lutz regarding ESBOCES and her response thereto from 2011 to date.*

**Response:**    Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, seeks information not relevant to any party's claim or defense, and because the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding, and without limiting or waiving these objections, Plaintiff met with Dr. Julie Davis Lutz on or about March 16, August 2, and November 16, 2016 and complained that the management was wasting money. During at least one of these meetings, Plaintiff gave examples of wasting supplies and installing lighting. On October 25, 2016, Dr. Lutz met with Plaintiff and his union representative, Kevin

Boyle. Ryan Ruf also attended the meeting. Plaintiff or his representative complained about the District's decision to transfer Plaintiff to the H.B. Ward Technical Center and how Plaintiff did not feel he would be supported there.

     12.    *With respect to the decision to place Plaintiff on administrative leave in 2016.* *State:*

        a)  *Name and title of all persons who participated in any way in making the decision;*

        b)  *The reason for the action.*

**Response:**    On November 28, 2016, after Jill Diamond (Executive School Personnel Officer for Human Resources) met with Plaintiff and his union representative to engage in an interactive dialogue regarding his accommodation request, she placed Plaintiff on paid administrative leave while BOCES reviewed the accommodation request and medical documentation. BOCES needed time to obtain additional information from Plaintiff's doctor, who had given conflicting information in his previous documentation, to determine whether to accommodate Plaintiff's request. Diamond placed Plaintiff on leave because he was still assigned to H.B. Ward Technical Center, and insisted he could not report there.

     13.    *State the reasons for the November 28, 2016 and December 23, 2016 meetings that Defendant Diamond had with Plaintiff, identifying who was present and the subjects or issues discussed and why Plaintiff was deemed insubordinate following the December 23, 3016 meeting.*

**Response:**    On November 28, 2016, Jill Diamond (Executive School Personnel Officer for Human Resources) met with Plaintiff and his union representative, Brandon Nasierowski to engage in an interactive dialogue regarding his accommodation request. Jeanette Craig also attended the meeting. On December 23, 2016, Diamond met with Plaintiff and his union representative to continue the interactive dialogue regarding his accommodation request. For the subjects or issues

discussed at these meetings, Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00556-57 and D00578-81. Plaintiff was "insubordinate" during the December 23, 2016 meeting because he refused to engage in the interactive process. Specifically, when Diamond questioned Plaintiff about his medical condition and accommodation request, Plaintiff repeatedly responded, "I need to consult with my attorney." And he often interrupted Diamond's questions with this response. Diamond informed Plaintiff she cannot engage in an interactive dialogue when he refuses to answer her questions, and that BOCES has no choice but to make a determination based on the information already provided.

14.   *State the reasons why Plaintiff was temporarily reassigned to the Jefferson Technical Center in January 2017, identifying:*

> a) *All persons, by name and title, involved or consulted or advised with respect to said decision;*
>
> b) *Whether there were 7-3 shifts available at Jefferson Tech or Gary D. Bixhorn Center at the time of the January, 2017 temporary reassignment.*

**Response:**   Plaintiff was temporarily assigned to Jefferson Technical Center in January 2017 because even though BOCES could not determine whether it had to provide Plaintiff with an accommodation in the form of a driving restriction, BOCES chose to temporarily accommodate Plaintiff by reassigning him to a location less than 10 miles from his home address. For most of December 2016, BOCES searched for a vacant and feasible position within the 10-mile radius. The most feasible position was a 10:00 a.m. to 6:00 p.m. shift at Jefferson Academic Center. There was no 7:00 a.m. to 3:00 p.m. Custodial Worker I position available at Jefferson Academic Center at the time of Plaintiff's January 2017 reassignment.

15.     *Identify Defendants' interactive process with Plaintiff from 2016 to date, including the dates and location, the name and title of all participants, the nature of the interactive processes and the outcome.*

**Response:**     Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; not limited in scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; and because it seeks documents that are not relevant to any party's claim or defense. Defendants understand Plaintiff's Interrogatory No. 15 to request that Defendants identify Defendants' interactive process with Plaintiff in relation to the accommodation requests alleged in the Complaint. Notwithstanding, and without limiting or waiving these objections, on November 28, 2016, Jill Diamond (Executive School Personnel Officer for Human Resources), accompanied by Jeanette Craig, met with Plaintiff and his union representative, Brandon Nasierowski, to engage in an interactive dialogue regarding his accommodation request. On December 23, 2016, Diamond met with Plaintiff and his union representative, Brandon Nasierowski, to continue the interactive dialogue regarding his accommodation request. Ken Marlborough (Program Administrator for Human Resources) also attended the December 23, 2016 meeting.

Diamond also engaged in an interactive process with Plaintiff, his union representative, and his doctor through written communication. Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00543-552 and D00557-585. Defendants also refer Plaintiff to document bearing numbers D002148-2167.

11

16.     *Identify all persons who provided information on behalf of ESBOCES to the NYSDHR with respect to its response to Plaintiff's charge of discrimination, including the information said individual provided or participated in providing.*

<u>Response</u>:     Jill Diamond, Keith Anderson, and Thomas Bilka provided information to the NYSDHR in response to Plaintiff's charge of discrimination with the assistance of counsel.

17.     *Identify by name and title, all persons who provided information in responding to these interrogatories and identify the nature of their involvement in responding and the nature of the information provided.*

<u>Response</u>:     Defendants object to this request on the grounds that it calls for documents protected by attorney-client and/or work-product privileges.


## RESPONSE TO DOCUMENT REQUESTS

1.     *All communications between Plaintiff and named defendants between 2015 and the present.*

<u>Response</u>:     Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; unduly burdensome; not limited in time or scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; and because it seeks documents that are not relevant to any party's claim or defense.

2.     *All communications between Defendants and any third party concerning Plaintiff, including employees, union representatives and medical professionals, between 2011 to date.*

**Response:**   Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; unduly burdensome; not limited in time or scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; and because it seeks documents that are not relevant to any party's claim or defense. Defendants understand Plaintiff's Document Demand No. 2 to request documents related to Defendants' communications with third parties in relation to the allegations set forth in the Complaint. Notwithstanding, and without limiting or waiving these objections, defendants refer to the documents previously produced with their 26(a) disclosures, bates numbered D00469-552 and D00558-78. Defendants also refer Plaintiff to documents bearing numbers D002148-67.

3.      *All documents relied upon by Defendants in support of their Answer and affirmative defenses.*

**Response:**   Defendants object to this request on the ground that Defendants have not filed and/or served an Answer or affirmative defenses in this case. Defendants moved under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the complaint. Notwithstanding this objection, Defendants refer Plaintiff to their motion to dismiss, Rule 26(a) Disclosures, and any documents produced in response to Plaintiff's discovery requests.

4.      *All documents maintained by any of the named Defendants pertaining to Plaintiff, separate and apart from the Plaintiff's personnel file from 2011 to date.*

**Response:**   Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; unduly burdensome; not limited in time or scope; not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; because it seeks documents that are not relevant to any party's claim or defense; and to the extent it calls for documents protected by attorney-client and/or work-product privileges.

5.   *Copies of all documents which were presented or provided to the New York State Division of Human Rights, represented to be Defendants' response to Plaintiff's Charge of Discrimination.*

**Response:**   Defendants refer Plaintiff to the documents bearing numbers D000586-810.

6.   *Copies of all documents pertaining to and consisting of investigative files and investigative reports and findings pertaining to Plaintiff's complaints from 2014 to date.*

**Response:**   Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; unduly burdensome; not limited in scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because it seeks documents that are not relevant to any party's claim or defense; and to the extent it calls for documents protected by attorney-client and/or work-product privileges. Notwithstanding, and without limiting or waiving these objections, Defendants refer to the documents previously produced with their 26(a) disclosures, bates numbered D000469-541. Defendants also refer Plaintiff to documents bearing numbers D000811-16.

7.   *Copies of all postings of custodial vacancies at Gary D. Bixhorn Technical Center from 2015 to date.*

**Response:**   Defendants refer Plaintiff to the documents bearing numbers D000824, 830, 847, 856, 862, 867, and 894.

8.   *Copies of all postings of custodial vacancies at any ESBOCES location or site from 2015 to the present date.*

**Response:**   Defendants refer Plaintiff to the documents bearing numbers D00817-896, which are all Custodial Worker I and Custodial Worker II vacancies from 2015 to date.

9.   *A copy of ESBOCES' employee handbook that was in effect in 2015 to present.*

**Response:**   Defendants refer Plaintiff to the documents bearing numbers D000897-2066.

10.   *A copy of ESBOCES policies on transfers in effect from 2015 to present.*

**Response:**   Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00449-50.

11.   *A copy of ESBOCES policies on conducting investigations of employee Complaints in effect from 2105 to date.*

**Response:**   Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00411-415.

12.   *A copy of ESBOCES policies on FMLA leave in effect from 2015 to date.*

**Response:**   Defendants refer Plaintiff to the documents bearing numbers D001045-54, D001270-79, D001499-1508, D001736-45, and D001973-1982.

13.   *A copy of ESBOCES policies on ADA leave in effect from 2015 to date.*

**Response:**   ESBOCES abides by leave policies, but they are not specific to the Americans with Disabilities Act. Defendants refer Plaintiff to the documents bearing numbers D000922-926, D0001150-53, D0001374-78, D0001607-11, D0001847-51. Defendants also refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00439-47.

15

14.   *A copy of ESBOCES policies on whistleblower protection in effect from 2014 to date.*

**Response:**   Defendants refer Plaintiff to the documents bearing numbers D0001965-66 and D0001022-23.

15.   *Copies of all correspondence between Harriet A. Gilliam, Esq. and any of the Defendants between 2015 and the present pertaining to or discussing John Laface.*

**Response:**   Defendants object to this request on the ground that Plaintiff's counsel, and thus Plaintiff, is already in possession of these documents.

16.   *A copy of all documents related to any interactive process engaged in by any of the defendants with Plaintiff in 2016 to date.*

**Response:**   Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; not limited in scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; and because it seeks documents that are not relevant to any party's claim or defense. Defendants understand Plaintiff's Document Demand No. 16 to request documents related to Defendants' interactive process with Plaintiff in relation to the accommodation requests alleged in the Complaint. Notwithstanding, and without limiting or waiving these objections, Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00543-552, D00557-585. Defendants also refer Plaintiff to documents bearing numbers D002148-67.

17.   *Copies of all documents in the custody or control of defendants ESBOCES, Davis Lutz, McSweeney, Diamond, Anderson and Bilka pertaining to or referencing Plaintiff from 2011 to date.*

**Response:** Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; unduly burdensome; not limited in time or scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; because it seeks documents that are not relevant to any party's claim or defense; and to the extent it calls for documents protected by attorney-client and/or work-product privileges.

18.   *Copies of all documents that were relied upon in the decision to transfer Plaintiff from Gary D. Bixhorn Technical Center to H.B. Ward Technical Center in October, 2016.*

**Response:**   Defendants do not have any documents responsive to this request.

19.   *Copies of all documents considered by defendants in the ADA interactive process and the consideration of Plaintiff's request for a reasonable accommodation in 2016 to date.*

**Response:**   Defendants object to this request on the grounds that it is vague; ambiguous; not limited in scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; because it seeks documents that are not relevant to any party's claim or defense; and to the extent it calls for documents protected by attorney-client and/or work-product privileges. Defendants understand Plaintiff's Document

Demand No. 19 to request documents related to Defendants' interactive process with Plaintiff in relation to the accommodation requests alleged in the Complaint. Notwithstanding, and without limiting or waiving these objections, Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00543-552 and D00557-585. Defendants also refer Plaintiff to documents bearing numbers D002148-67.

20.     *Copies of all documents considered by defendants in the decision to temporarily assign Plaintiff to Jefferson Academic Center in January, 2017.*

**Response:**     Defendants refer Plaintiff to the documents bearing numbers D00558-576.

21.     *Copies of Plaintiff's earnings and overtime records from 2015 to date.*

**Response:**     Defendants refer Plaintiff to the documents bearing numbers D002067-73.

22.     *Copies of all individual overtime earnings by custodial employees working at Gary D. Bixhorn Center and Jefferson Technical Center from January 1, 2015 to date.*

**Response:**     Defendants object to this request on the grounds that it is overbroad; unduly burdensome; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; and because it seeks documents that are not relevant to any party's claim or defense. ESBOCES' computer program, Wincap, does not contain a mechanism to produce a blanket report of who was previously assigned to the Gary D. Bixhorn Technical Center and for how long, or where they went. ESBOCES can only print a history of previous assignments on an individual basis. Notwithstanding Defendants' objection, Defendants refer Plaintiff to the documents bearing numbers D002074-2119, which are copies of

all individual overtime earnings by custodial employees currently assigned to the Gary D. Bixhorn Technical Center and Jefferson Academic Center.

23.    *Copies of Plaintiff's statements of retirement earnings and benefits through the New York State Retirement System from 2015 to date.*

**Response:**    Defendants do not have any documents responsive to this request.

24.    *Copies of records of Plaintiff's accrued and used vacation, sick and personal days from 2015 to date.*

**Response:**    Defendants refer Plaintiff to the documents bearing numbers D002120-36.

25.    *Copies of all documents and files related to Plaintiff's disabilities maintained by ESBOCES or any of its agents or employees.*

**Response:**    Defendants object to this request on the grounds that it is vague, ambiguous, and seeks a legal conclusion. Defendants understand the term "disabilities" referenced in document demand No. 25 to be those alleged in ¶ 3 in the Complaint. It is Defendants' position that Plaintiff does not suffer from any disability within the meaning of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1972, or New York State Human Rights Law. Notwithstanding, and without limiting or waiving these objections, defendants refer to the documents previously produced with their 26(a) disclosures, bates numbered D00344-407 and D00558-576.

26.    *Copies of all documents which were considered in any way with respect to the decision to place Plaintiff on administrative leave in or about November 2016.*

**Response:**    Defendants refer Plaintiff to the documents bearing numbers D00566-576.

27.    *Copies of all audio, visual tapes or any types of recordings or surveillance of plaintiff from January 1, 2015 to date.*

**Response**:   Defendants object to this request on the grounds that it is vague; ambiguous; overbroad; unduly burdensome; not limited in scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; because it seeks documents that are not relevant to any party's claim or defense; and to the extent it calls for documents protected by attorney-client and/or work-product privileges. Notwithstanding, and without limiting or waiving these objections, Defendants do not have any audio or video surveillance of Plaintiff in their possession.   Defendants are withholding other forms of surveillance that are protected by attorney-client and/or work-product privileges.

28.   *Copies of all documents pertaining to or consisting of Plaintiff's 2015 grievance and the response thereto.*

**Response**:   Defendants object to this request on the grounds that it is vague; ambiguous; not limited in scope; not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; because the burden or expense of the proposed discovery outweighs its likely benefit; and because it seeks documents that are not relevant to any party's claim or defense. Defendants are unaware of what "2015 grievance" Plaintiff is referring to. To the extent Plaintiff is referring to his August 12, 2014 grievance, Defendants refer Plaintiff to the documents previously produced with their 26(a) disclosures, bates numbered D00480-500. Defendants also refer Plaintiff to documents bearing numbers D000811-814.

29.      *Copies of the job descriptions for the positions held by Defendants Davis, Lutz,*

*McSweeney, Diamond, Anderson and Bilka in 2016 to date.*

<u>Response</u>:      Defendants refer Plaintiff to the documents bearing numbers D002137-47.

30.      *Copies of all documents or records identified or referenced in response to*

*Plaintiff's First Set of Interrogatories.*

<u>Response</u>:      Defendants refer Plaintiff to the documents previously produced with their 26(a)

disclosures, bates numbered D00001-585. Defendants also refer Plaintiff to documents bearing

numbers D00911-814, D00817-96, D002148-2167, and D02168-2209.

Dated: Carle Place, New York
          November 16, 2018

                                        SOKOLOFF STERN LLP
                                        *Attorneys for Defendants*

                    By:    _____
                                        Adam I. Kleinberg
                                        Chelsea Weisbord
                                        179 Westbury Avenue
                                        Carle Place, New York 11514
                                        (516) 334-4500
                                        File No.: 170073

To:    Harriet A. Gilliam, Esq.
        Law Office of Harriet A. Gilliam
        *Attorneys for Plaintiff*
        21 West Second Street
        PO Box 1485
        Riverhead, NY 11901