UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN LAFACE,

                Plaintiff,

-against-

EASTERN SUFFOLK BOCES; BOARD OF TRUSTEES, EASTERN SUFFOLK BOCES; DR. JULIE DAVIS LUTZ, in her official capacity as COO, EASTERN SUFFOLK BOCES, and individually; DR. R. TERRY McSWEENEY, in her official capacity as Assistant Superintendent for Human Resources, EASTERN SUFFOLK BOCES, and individually; JILL DIAMOND, in her official capacity as School Personnel Officer, EASTERN SUFFOLK BOCES, and individually; KEITH ANDERSON, in his official capacity as Supervisor, EASTERN SUFFOLK BOCES, and individually; THOMAS BILKA, in his official capacity as Supervisor, EASTERN SUFFOLK BOCES, and individually,

                Defendants.
----------------------------------------------------------------X

Docket No.: 18-CV-01314
(ADS)(AKT)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

SOKOLOFF STERN LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 170073

Of Counsel:
  Adam I. Kleinberg
  Chelsea Weisbord

# Table of Contents

Table of Authorities ................................................................................................. ii

Preliminary Statement ............................................................................................... 1

Procedural History and Statement of Facts ............................................................... 1

Legal Standards ......................................................................................................... 4

    A) Rule 11 ............................................................................................................4

    B) 28 U.S.C. § 1927 .............................................................................................6

    C) The Court's Inherent Authority .......................................................................6

    D) 42 U.S.C. § 1988 .............................................................................................7

Argument .................................................................................................................... 8

    Point I
    The Court Should Sanction Plaintiff For Asserting Frivolous
    Causes of Action and Factual Allegations in His Amended Complaint ...................8

        A. Plaintiff Should Be Sanctioned for Re-Asserting Frivolous
           Claims the Court Has Already Dismissed with Prejudice .............................8

        B. Plaintiff Should Be Sanctioned for Including Factual
           Allegations in the Amended Complaint that Are Frivolous .......................10

Conclusion ................................................................................................................ 12

# TABLE OF AUTHORITIES

CASES

*BaRoss on behalf of BaRoss v. Greenlawn Volunteer Fire Dep't, Inc.*,
  2017 WL 2124424 (E.D.N.Y. May 16, 2017) .............................................................. 9

*Bhatia v. Air India*, No. 90 Civ. 5445 (PKL),
  1992 WL 232146 (S.D.N.Y. Sept. 2, 1992) ............................................................... 4

*Carter v. Inc. Vill. of Ocean Beach*,
  759 F.3d 159 (2d Cir. 2014) ..................................................................................... 7

*Christiansburg Garment Co. v. EEOC*,
  434 U.S. 412 (1978) ................................................................................................. 7

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ................................................................................................. 5

*Davidson v. Keenan*,
  740 F.2d 129 (2d Cir. 1984) ..................................................................................... 7

*Eastway Const. Corp. v. City of New York*,
  762 F.2d 243 (2d Cir. 1985) ..................................................................................... 5

*Fishoff v. Coty Inc.*,
  634 F.3d 647 (2d Cir. 2011) ..................................................................................... 5

*Fuerst v. Fuerst*,
  832 F. Supp. 2d 210 (E.D.N.Y. 2011) ...................................................................... 6

*Gagasoules v. MBF Leasing LLC*,
  286 F.R.D. 205 (E.D.N.Y. 2012) .............................................................................. 5

*Galasso v. Eisman, Zucker, Klein & Ruttenberg*,
  310 F. Supp. 2d 569 (S.D.N.Y. 2004) ...................................................................... 4

*Goldberg v. Cablevision Sys. Corp.*,
  281 F. Supp. 2d 595 (E.D.N.Y. 2003) ...................................................................... 9

*Howard v. Klynveld Peat Marwick Goerdeler*,
  977 F. Supp. 654 (S.D.N.Y. 1997) ........................................................................... 6

*Hutter v. Countrywide Bank, N.A.*,
  41 F. Supp. 3d 363 (S.D.N.Y. 2014) ..................................................................... 4, 6

*Int'l Telepassport Corp. v. USFI*,
  89 F.3d 82 (2d Cir.1996) ........................................................................................................... 5

*Jean-Louis v. N. Shore Univ. Hosp. at Plainview*,
  2007 WL 4409937 (E.D.N.Y. Dec. 14, 2007) ...................................................................... 4, 5

*MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*,
  73 F.3d 1253 (2d Cir. 1996) ...................................................................................................... 5

*McCabe v. Lifetime Entm't Servs.*,
  2018 WL 1521860 (E.D.N.Y. Jan. 4, 2018) ..................................................................... passim

*Morley v. Ciba-Geigy Corp.*,
  66 F.3d 21 (2d Cir. 1995) ............................................................................................... 5, 8, 10

*Murphy v. Cuomo*,
  913 F. Supp. 671 (N.D.N.Y. 1996) ........................................................................................... 4

*Neustein v. Orbach*,
  130 F.R.D. 12 (E.D.N.Y. 1990) ......................................................................................... 9, 10

*Okoampa-Ahoofe v. Johnson & Higgins*,
  2000 WL 1471552 (S.D.N.Y. Sept. 29, 2000) ......................................................................... 5

*Oliveri v. Thompson*,
  803 F.2d 1265 (2d Cir. 1986) .................................................................................................... 7

*Smith v. Westchester Cnty. Dep't of Corr.*,
  577 F. App'x 17 (2d Cir. 2014) ................................................................................. 5, 6, 7, 10

*Star Mark Management, Inc. v. Koon Chung Hing Kee Soy & Sauce Factory, Ltd.*,
  682 F.3d. 170 (2d Cir. 2012) ............................................................................................ 3, 4, 5

*TBI Indus. Corp. v. Emery Worldwide*,
  900 F. Supp. 687 (S.D.N.Y. 1995) ........................................................................................... 6

*Thomas v. Roach*,
  165 F.3d 137 (2d Cir. 1999) ...................................................................................................... 9

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*,
  948 F.2d 1338 (2d Cir. 1991) .................................................................................................... 6

Statutes

28 U.S.C. § 1927 ............................................................................................................. 6

42 U.S.C. § 1983 ......................................................................................................... 1, 2

42 U.S.C. § 1988 ............................................................................................................. 7

Rules

Fed. R. Civ. P. 11 ..................................................................................................... *passim*

Fed. R. Civ. P. 12 ............................................................................................................ 1

## PRELIMINARY STATEMENT

This Memorandum is submitted in support of Defendants' motion seeking sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Defendants incorporate by reference the full statement of facts set forth in their motion to dismiss the amended complaint as well as the related exhibits. Defendants also incorporate by reference all legal arguments articulated in their motion to dismiss as a basis for sanctions.

Plaintiff commenced this action on March 1, 2018 against Eastern Suffolk BOCES ("BOCES)", the Eastern Suffolk BOCES Board of Trustees ("the Board"), Dr. Julie Davis Lutz, Dr. Terri McSweeney, Jill Diamond, Keith Anderson, and Thomas Bilka. (Dkt. No. 1.) The original complaint asserted several federal and state causes of action under the Americans with Disabilities Act ("ADA"), Rehabilitation Act, Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act, and the New York State Human Rights Law ("NYSHRL"). (*Id.*) The original complaint also asserted First Amendment retaliation, First Amendment redress of grievances, and Fourteenth Amendment Due Process claims under 42 U.S.C. § 1983. (*Id.*) On April 10, 2018, Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 9-11.) Plaintiff opposed. (Dkt. No. 16.)

On November 15, 2018, this Court issued a Memorandum of Decision and Order on Defendants' motion to dismiss the complaint and dismissed all but a portion of Plaintiff's ADA retaliation claim. (Dkt. No. 25 at 46.) The Court granted Plaintiff leave to replead two claims but dismissed most claims with prejudice. (*Id.* at 45, 46.)

The only portion of Plaintiff's ADA retaliation claim the Court did not dismiss was the claim regarding his temporary assignment to JAC on January 19, 2017. *Id.* at 22, 46. The Court dismissed all other portions of the ADA retaliation claim *with prejudice* due to their failure to satisfy the requisite elements of ADA retaliation. *Id.* at 18-23.

The Court also dismissed *with prejudice*: (1) Plaintiff's disability discrimination and failure to accommodate claims under the ADA and Rehabilitation Act (2) hostile work environment claim under the ADA; (3) retaliation claim under Title VII; (4) Section 1983 First Amendment redress of grievances claim; (5) Section 1983 procedural due process claim; and (6) all state law NYSHRL claims. *Id.* at 46.

The Court dismissed Plaintiff's ADEA age discrimination and Section 1983 First Amendment free speech claims without prejudice, and granted Plaintiff leave to amend these claims. (*Id.*) The Court did *not* grant Plaintiff leave to replead any other claims. (*Id.*) In fact, the Court explicitly held allowing such amendments would be "a futile endeavor." (Dkt No. 25 at 45.)

Plaintiff filed an amended complaint on December 15, 2018. (Ex. A) Despite the Court's November 15, 2018 decision which dismissed many of Plaintiff's claims with prejudice, the amended complaint regurgitates the same factual allegations asserted in the original complaint which are set forth above. It references defendants' alleged disability discrimination, failure to accommodate, and failure to engage in the interactive process. (*Id.* ¶¶ 10-11, 43, 45, 47-59, 68-69, 71.) And rather than limiting his ADA retaliation claim to his temporary transfer to JAC in January 19, 2017—the only alleged adverse employment that survived Defendants' motion to dismiss—Plaintiff re-asserts his entire claim, including those portions dismissed with prejudice. (*Id.* ¶¶ 66-69, 71) Plaintiff even ignores the Court's decision by blatantly re-asserting his § 1983 Fourteenth Amendment due process claim (third cause of action) and state law claim under the New York

State Human Rights Law (fifth cause of action), (*Id.* ¶¶ 85-93, 102-05), which were both dismissed with prejudice, (Dkt No. 25 at 45).

On December 19, 2018, Defendants' counsel served Plaintiff's counsel with a copy of their proposed notice of motion for sanctions and a detailed letter outlining the basis for the motion and requesting that Plaintiff voluntarily withdraw the frivolous allegations in their amended complaint. (Ex. B.) Defendants satisfied the Safe Harbor procedures established by the Second Circuit by serving, but not filing, a notice of motion seeking Rule 11 sanctions together with a letter establishing the grounds for this sanctions motion. *See Star Mark Management, Inc. v. Koon Chung Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d. 170, 175-77 (2d Cir. 2012).

For the reasons set forth below and in Defendants' motion to dismiss, several causes and actions (and relevant allegations) are frivolous and warrant the imposition of sanctions against Plaintiff and his counsel.

## LEGAL STANDARDS

A) **Rule 11**

"An attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in a pleading." *Star Mark Mgmt. v. Koon Chung Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012); Fed. R. Civ. P. 11(b)(2), (c). It is counsel's obligation to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Jean-Louis v. N. Shore Univ. Hosp. at Plainview*, No. 06-CV-3023 (JFB)(ARL), 2007 WL 4409937, at *10 (E.D.N.Y. Dec. 14, 2007) (internal citations and quotations omitted).

Rule 11 "continues to require litigants to 'stop-and-think' before initially making legal or factual contentions." *Murphy v. Cuomo*, 913 F. Supp. 671, 682 (N.D.N.Y. 1996) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). Attorneys have an "affirmative duty" to "conduct a reasonable inquiry into the viability of a pleading before it is signed." *McCabe v. Lifetime Entm't Servs., LLC*, 17-CV-908 (ERK)(SJB), 2018 WL 1521860, at *13 (E.D.N.Y. Jan. 4, 2018) ("Rule 11 imposes a duty on every 'attorney to conduct a reasonable pre-filing inquiry . . . to certify that the legal arguments are supported by existing law, and therefore that they are not frivolous."); *Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 387 (S.D.N.Y. 2014) (citation omitted), *vacated in part on other grounds and remanded by Hutter v. Countrywide Bank, N.A.*, 710 F. App'x 25 (2d Cir. 2018); *see also Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 577 (S.D.N.Y. 2004) ("Put more simply, counsel is charged with doing a modicum of legal research before bringing a lawsuit. That [plaintiff's counsel] did not do so is apparent."); *Bhatia v. Air India*, No. 90 Civ. 5445 (PKL), 1992 WL 232146, at *9 (S.D.N.Y. Sept. 2, 1992) ("The Supreme Court has noted that 'the central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts.'")

(*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).  It is no longer enough for an attorney to claim he acted in good faith, or that he was personally unaware of the groundless nature of an argument or claim. *See McCabe, LLC*, 2018 WL 1521860, at *12 ("Simply put, subjective good faith no longer provides the safe harbor it once did.") (quoting *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985)).

"The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Star Mark Mgmt.*, 682 F.3d at 177 (citations omitted); *Jean-Louis*, 2007 WL 4409937, at *10 (citing *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257-58 (2d Cir. 1996)). "With respect to legal contentions, the operative question is whether the argument is frivolous, *i.e.*, the legal position has no chance of success and there is no reasonable argument to extend, modify or reverse the law as it stands." *Id.* (citations and internal quotation marks omitted); *Smith v. Westchester Cnty. Dep't of Corr.*, 577 F. App'x 17, 17 (2d Cir. 2014); *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). Sanctions are also appropriate where an attorney presents a pleading for "any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or presents factual contentions that have no evidentiary support or are not likely to have evidentiary support after investigation or discovery. Fed. R. Civ. P. 11(b); *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 211 (E.D.N.Y. 2012).

It is well-settled that "filing a claim with knowledge that it has absolutely no merit is sanctionable under Rule 11." *Okoampa-Ahoofe v. Johnson & Higgins*, No. 99 CIV. 5820(AGS), 2000 WL 1471552, at *6 (S.D.N.Y. Sept. 29, 2000) (citing *Int'l Telepassport Corp. v. USFI,* 89 F.3d 82, 86 (2d Cir.1996)). Imposing sanctions is also appropriate where a plaintiff (or counsel)

5

refuses to withdraw meritless claims even after being informed of the claims' deficiencies. *See Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 221 (E.D.N.Y. 2011) (imposing sanctions on plaintiff's attorney based on plaintiff's failure to withdraw complaint within safe harbor provision provided by Rule 11(c)(2)); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 666 (S.D.N.Y. 1997) (imposing sanctions where plaintiff's counsel refused to withdraw complaint where claim had no basis in law or fact); *TBI Indus. Corp. v. Emery Worldwide*, 900 F. Supp. 687, 696 (S.D.N.Y. 1995) (finding sanctions justified where plaintiff's claim was meritless and plaintiff refused to voluntarily withdraw claim after defendant informed him of claim's deficiencies);

"If Rule 11 has been violated, sanctions are mandatory." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1344 (2d Cir. 1991) (citing Fed. R. Civ. P. 11). A court may impose appropriate sanctions on an attorney, law firm, and/or party responsible for the Rule 11 violation. *Hutter*, 41 F. Supp. 3d at 387.

### B) <u>28 U.S.C. § 1927</u>

Rule 11 is not the only source of this Court's power to shift fees and costs. 28 U.S.C. § 1927 authorizes a Court to award fees and costs against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." To impose sanctions under this statute, "the attorney's actions must be so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Hutter*, 41 F. Supp. 3d at 386.

### C) <u>The Court's Inherent Authority</u>

A court also has inherent authority to impose sanctions where an attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Smith*, 577 F. App'x at 17 (citation omitted). "In order to impose sanctions pursuant to its inherent power, a district court must find

that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay." *Id.* (citation omitted).

**D) <u>42 U.S.C. § 1988</u>**

It is settled that a court may award attorneys' fees to a "prevailing defendant" under 42 U.S.C. § 1988 upon a finding that plaintiffs' lawsuit was "frivolous, unreasonable, or without foundation, even though not [necessarily] brought in subjective bad faith" or where the plaintiffs continued to litigate the action after it clearly became so. *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (finding claims were "frivolous from the outset" and affirming imposition of sanctions, even as to claims plaintiffs voluntarily withdrew prior to trial) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984).

A party cannot avoid § 1988 sanctions for pursuing a frivolous claim by mere reliance on his attorney. *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) ("if a claim is groundless, the mere fact that the plaintiff relies on his attorney's erroneous contrary advice does not relieve him of liability"). Issuing sanctions under § 1988 does not require a showing of bad faith. *Id.* "The proper test for that award is whether the claim itself is clearly meritless." *Davidson*, 740 F.2d at 133.

**ARGUMENT**

**POINT I** **THE COURT SHOULD SANCTION PLAINTIFF FOR ASSERTING FRIVOLOUS CAUSES OF ACTION AND FACTUAL ALLEGATIONS IN HIS AMENDED COMPLAINT**

A review of the amended complaint reveals its frivolous nature and harassing purpose. The amended complaint includes causes of action (and relevant factual allegations) the Court explicitly dismissed with prejudice in its November 15, 2018 Memorandum of Decision and Order. In doing so, the amended complaint also exceeds the Court's order granting Plaintiff leave to amend. And it is clear from the unsupported conclusory allegations—many of which have proven to be false during the discovery exchanged between the parties—that the allegations are intentionally false and/or Plaintiff's attorney has spent little or no effort to verify facts before filing the amended complaint. This conduct justifies imposing sanctions on Plaintiff and his counsel.

**A. Plaintiff Should Be Sanctioned for Re-Asserting Frivolous Claims the Court Has Already Dismissed with Prejudice**

Plaintiff deliberately ignores the Court's November 15, 2018 decision by filing an amended complaint that re-asserts claims the Court dismissed with prejudice. (Amended Compl.) In doing so, Plaintiff has also exceeded the scope of the Court's order granting him leave to amend only his claims for ADEA age discrimination and § 1983 First Amendment retaliation for speech on a matter of public concern.

Plaintiff re-asserts his state law NYSHRL claim (fifth cause of action) knowing it is frivolous. The Court dismissed Plaintiff's NYSHRL claims against all Defendants with prejudice for failure to comply with the New York Education Law's notice of claim requirement. (Dkt. No. 25 at 42-43.) And the Court explicitly held it cannot grant Plaintiff leave to file a late notice of claim since the one-year statute of limitations period for his state law claims has expired. (*Id.* at 43.) Plaintiff's inclusion of his NYSHRL claim in the amended complaint violates Rule 11 because

it is patently clear the claim has "absolutely no chance of success under the existing precedents" and that "no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *Neustein v. Orbach*, 130 F.R.D. 12, 14 (E.D.N.Y. 1990) (citation omitted). Because Plaintiff has violated Rule 11, sanctions are appropriate. *Id.*

Plaintiff's inclusion of a procedural due process claim (third cause of action) is equally frivolous and also warrants sanctions. Plaintiff re-asserts his procedural due process claim in the amended complaint knowing the Court dismissed the claim with prejudice and held any amendment would be a futile endeavor. (Dkt. No. 25 at 40, 45-46.) Like with his NYSHRL claim, sanctions are appropriate because it is patently clear Plaintiff's procedural due process claim has absolutely no chance of success under the existing precedents.

And to the extent Plaintiff's third cause of action asserts a general Section 1983 claim, it is equally frivolous. It is apparent Plaintiff's counsel conducted no legal research before asserting Plaintiff's third cause of action. Even a modicum of legal research would have revealed that "[s]ection 1983 does not, in and of itself, create any substantive rights but rather provides a remedy for violations of Constitutional rights or laws of the United States." *See Goldberg v. Cablevision Sys. Corp.*, 281 F. Supp. 2d 595, 603 (E.D.N.Y. 2003) (ADS) (collecting cases); *BaRoss on behalf of BaRoss v. Greenlawn Volunteer Fire Dep't, Inc.*, No. 16CV04805ADSSIL, 2017 WL 2124424, at *4 (E.D.N.Y. May 16, 2017) (ADS) (quoting *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). Whether the third cause of action is intended to assert a procedural due process claim or a general § 1983 claim, sanctions are appropriate because both claims are blatantly frivolous.

The amended complaint also references Defendants' alleged disability discrimination, failure to accommodate, and failure to engage in the interactive process. (Amended Compl. ¶¶ 10-11, 43, 45, 47-59, 68-69, 71.) Such claims are frivolous. The Court dismissed all of Plaintiff's

claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process with prejudice including those alleged under the ADA and Rehabilitation Act. (Dkt. No. 25 at 16, 46.) The Court did not grant Plaintiff leave to amend these claims holding that allowing such him to do so "would be a futile endeavor." (Dkt. No. 25 at 45.)

Finally, most of the ADA retaliation claim pled in the amended complaint is frivolous. As per the Court's November 15, 2018 decision, Plaintiff's ADA retaliation claim is limited to a single alleged adverse employment action: his temporary transfer to Jefferson Academic Center on January 19, 2017. (*Id.* at 22.) The Court dismissed the remainder of Plaintiff's ADA retaliation claim holding the remaining challenged conduct could not satisfy the requisite elements of an ADA Retaliation claim. (*Id.* at 18-23.) Plaintiff has deliberately ignored the Court's decision by including this challenged conduct in the amended complaint. (Ex. A ¶¶ 66-69, 71.)

Because Plaintiff has violated Rule 11 by re-reasserting claims that are frivolous and have no chance of success under existing precedent—claims the Court has dismissed with prejudice—sanctions are appropriate. *See Neustein*, 130 F.R.D. at 14.

### B. Plaintiff Should Be Sanctioned for Including Factual Allegations in the Amended Complaint that Are Frivolous

The amended complaint contains a host of frivolous factual allegations, many of which have proven to be false during the discovery exchanged between the parties. It is clear these allegations are intentionally false and/or Plaintiff's counsel spent little or no effort to verify facts before filing the amended complaint. Either way, sanctions are appropriate. *See McCabe, LLC*, 2018 WL 1521860, at *12.

First, plaintiff falsely alleges that Keith Anderson and Thomas Bilka knew of Plaintiff's alleged disability when they assigned him to WTC in October 2017. (Ex. A ¶¶ 7, 38.) Plaintiff did not notify BOCES or any of its agents about his alleged "disability" until *after* he was notified of

his transfer. The discovery exchanged between the parties confirms this. On June 12, 2018, as part of their Rule 26(a) Disclosures, Defendants produced Plaintiff's entire personnel and medical files.[1] The earliest record of Plaintiff's alleged "documented disability" is a doctor's note dated October 28, 2016 (Ex. C)—the day Plaintiff's transfer to WTC was to take effect and one week *after* Plaintiff was formally notified of the transfer.

Second, Plaintiff falsely alleges he was not given an explanation for his reassignment to WTC. In fact, Defendants produced an email (Ex. D) indicating Ryan Ruf gave Plaintiff an explanation before the reassignment went into effect. The email was sent on October 17, 2016, (*Id.*), the same day Plaintiff received a memorandum notifying him of his transfer, (Ex. A ¶ 31).

Third, Plaintiff falsely alleges he had a 7:00 a.m. to 3:00 p.m. shift "for nearly 30 years." (Ex. A ¶ 72.) As reflected in plaintiff's personnel file, which defendants produced on June 20, 2018, Plaintiff began working a 7:00 a.m. to 3:00 p.m. shift in 2012. Over the years, Plaintiff has worked a variety of shifts, including a 4:00 p.m. shift to 12:00 a.m. night shift. Plaintiff also falsely alleges he worked at his previous position for nearly 30 years. (*Id.* ¶ 81.) Plaintiff's personnel file also confirms Plaintiff did not work at BTC for over 30 years but has been transferred to other locations. These false allegations create a fictitious narrative that Plaintiff was abruptly transferred after working the same shift in the same building for over 30 years when that is simply not the case. Plaintiff's counsel knew or should have known these allegations were false, especially since Defendants produced Plaintiff's entire personnel file in June of 2018.

Fourth, plaintiff falsely alleges he was transferred to WTC within one month of complaining to Julie Lutz regarding fiscal improprieties, misuse of public funds, and illegal contracting practices. Defendants' interrogatory response (which Plaintiff received prior to filing

---

[1] Pursuant to the directives of Magistrate Judge A. Kathleen Tomlinson, the parties exchanged initial disclosures and written discovery while the motion to dismiss was pending.

11

his amended complaint) indicate Plaintiff met with Julie Lutz on or about March 16, August 2, and November 16, 2016 and complained that the management was wasting money. (Ex. E ¶ 11.) None of these meetings occurred within one month before Plaintiff's transfer to WTC. Plaintiff's counsel knew or should have known this allegation was false had she reviewed Defendants' interrogatory responses and used a calculator.

Under Rule 11, attorneys are vested with an affirmative duty to conduct a reasonable inquire into the viability of a pleading before it is signed. *See McCabe, LLC*, 2018 WL 1521860, at \*13. It is clear from the frivolous factual allegations and causes of action in the amended complaint that Plaintiff's counsel did not honor this affirmative duty. Instead, Plaintiff's amended complaint asserts false factual allegations and causes of actions that have zero chance of success under existing precedent and which were dismissed with prejudice for that very reason. For that, Plaintiff and his attorney must be sanctioned.

## CONCLUSION

For all of the foregoing reasons, this Court should grant Defendants' motion to impose sanctions against Plaintiff and award Defendants costs, expenses, and attorneys' fees, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: Carle Place, New York
       January 10, 2019

                                   SOKOLOFF STERN LLP
                                   *Attorneys for Defendants*

By:   Adam I. Kleinberg
       Chelsea Weisbord
       179 Westbury Avenue
       Carle Place, New York 11514
       (516) 334-4500
       File No. 170073