UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN LAFACE,

                Plaintiff,

            -against-

EASTERN SUFFOLK BOCES; BOARD OF TRUSTEES, EASTERN SUFFOLK BOCES; DR. JULIE DAVIS LUTZ, in her official capacity as COO, EASTERN SUFFOLK BOCES, and individually; DR. R. TERRY McSWEENEY, in her official capacity as Assistant Superintendent for Human Resources, EASTERN SUFFOLK BOCES, and individually; JILL DIAMOND, in her official capacity as School Personnel Officer, EASTERN SUFFOLK BOCES, and individually; KEITH ANDERSON, in his official capacity as Supervisor, EASTERN SUFFOLK BOCES, and individually; THOMAS BILKA, in his official capacity as Supervisor, EASTERN SUFFOLK BOCES, and individually,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:18-cv-01314 (ADS)(AKT)

**FILED**
**CLERK**

3/29/2019 2:48 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

**Harriet A. Gilliam, Esq.**
*Counsel for the Plaintiff*
21 West Second Street
Riverhead, NY 11901

**Sokoloff Stern LLP**
*Counsel for the Defendants*
179 Westbury Avenue
Carle Place, NY 11514
       By:   Adam I. Kleinberg, Esq.,
                Chelsea Weisbord, Esq., Of Counsel

1

**SPATT, District Judge**:

On March 1, 2018, John Laface ("LaFace" or the "Plaintiff") commenced this action against Eastern Suffolk BOCES ("BOCES"), the Eastern Suffolk BOCES Board of Trustees (the "Board"), Dr. Julie Davis Lutz ("Lutz"), Dr. R. Terry McSweeney ("McSweeney"), Jill Diamond ("Diamond"), Keith Anderson ("Anderson") and Thomas Bilka ("Bilka") (together, the "Defendants"), in response to his involuntary transfer in October of 2016. The Plaintiff alleges numerous federal and state causes of action, namely violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 US.C. § 621 *et seq.*; Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*; the First Amendment; the Due Process Clause of the Fourteenth Amendment; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.*

On November 15, 2018, this Court ruled on the Defendants motion to dismiss (the "Order"). Specifically, the Court held that "[t]he Plaintiff's disability discrimination claims under the ADA & Rehabilitation Act; hostile environment claim under the ADA; retaliation claim under Title VII; Section 1983 First Amendment redress of grievances claim; Section 1983 procedural due process claim; and state law claims are dismissed with prejudice." The Order at 46. Further, the Court ruled that a portion of the Plaintiff's retaliation claim under the ADA survived and that his ADEA discrimination claim and Section 1983 First Amendment free speech claim were dismissed without prejudice. *Id*.

Now before the Court is the Plaintiff's motion for reconsideration of that Order. For the following reasons, the Plaintiff's motion is denied.

## I.  DISCUSSION

**A.  STANDARD OF REVIEW**

A motion for reconsideration is governed Local Rule 6.3.  *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002).  Local Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.  The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id*.  The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11-cv-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal citations omitted); *accord Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)); *Mangino v. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011); *T.Z. v. City of N.Y.*, 634 F.Supp.2d 263, 268 (E.D.N.Y.2009).

In the Second Circuit, there are only three grounds which may be used to grant a motion for reconsideration: (1) a subsequent change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Frey v. Bekins Van Lines, Inc.*, No. CV 09–5430, 2012 WL 2701642, at *1 (E.D.N.Y. July 5, 2012) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *accord Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15-cv-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also T.Z. v. City of N.Y.*, 634 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2009). "[A] party may not advance facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, No. 15-cv-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)); *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

A motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *T.Z.*, 634 F. Supp. 2d at 268 (internal citations omitted); *Dellefave v. Access Temps., Inc.*, No. 99-cv-6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (same). "An attempt to simply relitigate an issue that was already decided will not be granted reconsideration." *In re Zyprexa Prods. Liab. Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (citing *Wall v. Constr. & Gen. Laborers' Union*, No. 06-1264-cv, 2009 WL 230122, at *1 (2d Cir. Feb. 2, 2009)).

B.  **Application to the Facts of the Case**

The Plaintiff has failed to raise any arguments that would justify reconsideration of the Court's prior Order.

LaFace does not contend that there was any change in the relevant controlling law or that new evidence has become available; nor does the Plaintiff contend that the Court overlooked any controlling decision in this Circuit. *See Cobalt Multifamily Inv'rs I, LLC v. Shapiro*, No. 06-cv-6468, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (noting that "[c]ontrolling decisions

include decisions from the United States Court of Appeals from the Second Circuit"). The Plaintiff's primary contention is that the court committed clear error in deciding to dismiss the ADA and Rehabilitation Act claims, the Section 1983 First Amendment claim, and state law. However, in support, LaFace merely reprises the same arguments present in his original motion papers. For example, the Plaintiff asserts that "[t]he fact that Plaintiff has further articulated that the issue is that of travel, not [d]riving, stating that he could not use public transportation to travel the distance in question." Dkt. 26-1 at 2. Yet, the Court held in its Order that "being unable to use public transportation as an alternative to driving does not rise to the level of a *major* life activity. This restriction more closely resembles the limitations found in the regulations or the jurisprudence of this Circuit which are not considered major life activities rather than those which have been found to qualify as such." Order at 15 (emphasis in original). While the Plaintiff may disagree with the Court's Order, this is not the proper vehicle to recycle issues that have already been addressed. *See, e.g.*, *Flores v. Cty. of Suffolk*, No. 2:16-cv-02502, 2019 WL 1298274, at *2-3 (E.D.N.Y. Mar. 21, 2019) (Spatt, J.); *N. Am. Olive Oil Ass'n v. D'Avolio Inc.*, No. 2:16-cv-06986, 2018 WL 3973011, at *3 (E.D.N.Y. Aug. 20, 2018) (Spatt, J.).

"[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (Spatt, J.). These arguments were fully briefed and thoroughly considered by this Court in its Order. LaFace's motion is a transparent attempt to relitigate this issue, which was squarely addressed by the Court. "While, understandably, [the] Plaintiff is disappointed with this Court's prior decision and genuinely may believe that the Court reached that decision in error, [the] Plaintiff may not seek reconsideration of issues fully considered by the Court[.]" *Miller v.*

*United States*, No. 15-cv-4262, 2016 WL 4595691, at *2 (E.D.N.Y. Sept. 1, 2016) (citing *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011)).

Finally, the Plaintiff contends for the first time that the Court overlooked the fact that the Plaintiff's "disorder affects [his] thinking and concentration as a result of the induced stress and anxiety, all of which are examples of major life activities under the ADA." Dkt. 26-1 at 2. LaFace's argument was not addressed in his original motion papers and, more importantly, nowhere in his complaint does he contend that his thinking and concentration are impacted by his condition. While a motion to dismiss is highly deferential to the facts pled by the Plaintiff, the Court cannot and will not speculate at this stage, on facts which have not been addressed in the complaint. Introducing new pleadings in support a cause of action on reconsideration of a motion to dismiss borders on the frivolous.

Finally, to the extent the Plaintiff raises any new arguments, such arguments are without merit and not supported by this Circuit's controlling authority.

## II. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for reconsideration is denied.

It is **SO ORDERED**:

Dated: Central Islip, New York

March 29, 2019

          /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge