FILED
CLERK
3:03 pm, May 02, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOHN LAFACE,

                     Plaintiff,

          -against-

EASTERN SUFFOLK BOCES; BOARD OF TRUSTEES, EASTERN SUFFOLK BOCES; DR. JULIE DAVIS LUTZ, in her official capacity as COO, EASTERN SUFFOLK BOCES, and individually; DR. R. TERRY McSWEENEY, in her official capacity as Assistant Superintendent for Human Resources, EASTERN SUFFOLK BOCES, and individually; JILL DIAMOND, in her official capacity as School Personnel Officer, EASTERN SUFFOLK BOCES, and individually; KEITH ANDERSON, in his official capacity as Supervisor, EASTERN SUFFOLK BOCES, and individually; THOMAS BILKA, in his official capacity as Supervisor, EASTERN SUFFOLK BOCES, and individually,

                     Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:18-cv-01314 (ADS)(AKT)

**APPEARANCES:**

**Harriet A. Gilliam, Esq.**
*Counsel for the Plaintiff*
21 West Second Street
Riverhead, NY 11901

**Sokoloff Stern LLP**
*Counsel for the Defendants*
179 Westbury Avenue
Carle Place, NY 11514
       By:   Adam I. Kleinberg, Esq.,
               Chelsea Weisbord, Esq., Of Counsel

1

**SPATT, District Judge**:

On March 1, 2018, John Laface ("Laface" or the "Plaintiff") commenced this action against Eastern Suffolk BOCES ("BOCES"), the Eastern Suffolk BOCES Board of Trustees (the "Board"), Dr. Julie Davis Lutz ("Lutz"), Dr. R. Terry McSweeney ("McSweeney"), Jill Diamond ("Diamond"), Keith Anderson ("Anderson") and Thomas Bilka ("Bilka") (together with Lutz, McSweeney, Diamond, and Anderson, the "Individual Defendants") (all together, the "Defendants"), in response to Laface's involuntary transfer in October of 2016. The Plaintiff alleged numerous federal and state causes of action in his original complaint, namely violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 US.C. § 621 *et seq.*; Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*; the First Amendment; the Due Process Clause of the Fourteenth Amendment; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq*.

Presently before the Court is a motion by the Defendants, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), seeking to dismiss the complaint for failure to state a claim upon which relief may be granted.

For the following reasons, the Defendants' motion to dismiss is granted in part.

## I. BACKGROUND

The facts of this case were previously set forth by this Court and need not be repeated in their entirety. For the purposes of the instant motion, it is sufficient to note the following facts.

On November 15, 2018, the Court issued a Memorandum of Decision and Order (the "Order"), which partially granted the Defendants' motion to dismiss the complaint. Specifically, the Court dismissed the following claims with prejudice: (1) ADA discrimination; (2)

Rehabilitation Act discrimination; (3) ADA hostile work environment; (4) Title VII retaliation; (5) Section 1983 First Amendment redress of grievances; (6) Section 1983 procedural due process; and (7) NYSHRL claims. The Court further dismissed the Plaintiff's ADEA discrimination claim and Section 1983 First Amendment free speech claim without prejudice, and held that a portion of his ADA retaliation claim survived. The Plaintiff was provided 30 days to replead those claims that were dismissed without prejudice. For those claims that were dismissed with prejudice, the Court noted that any potential revisions would be futile because it was "manifestly clear that the Plaintiff [was] unable to sufficiently allege these claims regardless of any potential amendments." Order at 45. On November 29, 2018, the Plaintiff filed a motion for reconsideration regarding the Order. The Court denied that motion in its entirety on March 29, 2019.

On December 15, 2018, the Plaintiff filed his amended complaint. The Plaintiff's amended complaint asserts five separate causes of actions, many of which seek relief using numerous legal theories: (1) ADA retaliation against BOCES; (2) ADEA discrimination and hostile work environment against BOCES; (3) Section 1983 claim under the ADA, the Rehabilitation Act, and the Fourteenth Amendment against all Defendants; (4) Section 1983 First Amendment speech claim against all Defendants; and (5) NYSHRL claims against all Defendants. With the exception of the ADA retaliation claim, the Defendants challenge the remaining four causes of action. Specifically, they contend that the amended complaint contains causes of action and factual allegations that have already been dismissed with prejudice, and that numerous causes of action fail to satisfy the relevant pleading standard. The instant motion followed.

## II. DISCUSSION

### A. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home*

*Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B. AS TO THE SECOND CAUSE OF ACTION**

In his second claim, the Plaintiff alleges two theories under the ADEA: discrimination and hostile work environment.

In the Order, the Court dismissed the Plaintiff's original ADEA claim without prejudice because Laface failed to allege facts that would support an inference that BOCES's actions were taken because of age. The Plaintiff has amended his discrimination cause of action and the Defendants have failed to move for its dismissal. Rather, BOCES contends that Laface's ADEA hostile work environment theory must be dismissed because the complaint is devoid of any specific factual allegations that support the claim.

To plausibly allege an actionable ADEA discrimination claim based on hostile work environment, the Plaintiff must contend that "the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)). These incidents must be "sufficiently continuous and concerted to be considered pervasive." *Id*. (internal quotation marks omitted). This is because the ADEA does not set forth "a general civility code for the American workplace." *Almontaser v. N.Y.C. Dep't of Educ.*, No. 13 Civ. 5621, 2014 WL 3110019,

5

at *8 (E.D.N.Y. July 8, 2014). The determination of hostility depends on whether a reasonable person would find the work environment to be hostile and whether plaintiffs subjectively perceived it to be so." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) (citing *Brennan*, 192 F.3d at 318). Further, "[a] plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." *Brennan*, 192 F.3d at 318.

In the instant case, the Plaintiff fails to "provide … a short and plain statement of the claim that shows that plaintiff[] [is] entitled to relief and that gives the defendant fair notice of plaintiff['s] claim." *Kassner*, 496 F.3d at 241. The complaint alleges that "[BOCES] treated Plaintiff differently than younger individuals, under age 40 … who were treated more favorably in terms of their ability to work substantial overtime." Compl. ¶ 83. This claim alleges no specific facts as to who was granted permission to work "substantial overtime" or the identities of these younger individuals. This vague, conclusory allegation does not provide BOCES with fair notice of the factual grounds of the claim.

Further, Laface contends that BOCES "refus[ed] to investigate his internal complaint of bullying[,] … refus[ed] to address his grievance, and … refus[ed] to place him back in his former position." Compl. ¶ 80. These three incidents are insufficient to support a hostile work environment claim as they do not demonstrate that the Plaintiff was subjected to acts that were "sufficiently continuous and concerted to be considered pervasive." *Brennan*, 192 F.3d at 318. The first of these contentions occurred in August 2014, when the Plaintiff's union filed a grievance that cites a July 7, 2014 incident with Anderson. *See* Dkt. 10-8. The Plaintiff's final occurrence, that BOCES refused his request to be reassigned back to the Gary D. Bixhorn Technical Center, did not take place until after he was notified of the impending transfer on October 17, 2016. It is unclear which of the Plaintiff's numerous grievances he is referring to in the above-cited

allegation. As his union notes in its charge before the Public Employment Relations Board, Laface has filed at least 15 separate grievances against BOCES since early 2013. He could have been referring to any of these, although its placement in the allegation likely implies that it occurred between the bullying incident in July 2014 and the receipt of the memo in October 2016. Regardless, these three incidents, which took place over a two-to-three-year period do not suggest harsh and persistent treatment that altered the terms and conditions of employment.

Even if the Plaintiff sufficiently alleged a hostile work environment at BOCES, he has failed to plead that he was "subjected to the hostility because of membership in a protected class." *Kassner*, 496 F.3d at 241. These three allegations, even when construed in a light most favorable to the Plaintiff, do not suggest any connection to age. Rather, Laface contends in his complaint that this discriminatory treatment was on account of his disability. *See* Compl. ¶ 45. Further, there are no accusations of discriminatory comments or workplace interactions related to his age. The sole workplace incident referenced, the July 7, 2014 altercation with Anderson, was unrelated to age. *See* Dkt. 10-8. These instances are insufficient, as a matter of law, to properly allege an ADEA hostile work environment claim.

Accordingly, the Plaintiff's ADEA hostile work environment claim is dismissed with prejudice.

## C. AS TO THE THIRD CAUSE OF ACTION

In his third cause of action, the Plaintiff asserts Section 1983 claims grounded in the Fourteenth Amendment to the United States Constitution and the Rehabilitation Act.

Section 1983 provides, in relevant part,

> any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

7

any rights, privileges, or immunities secured by the Constitution and laws, is liable to the injured party for damages.

42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law"; and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *see also Rosa R. v. Connelly*, 889 F.2d 435, 440 (2d Cir. 1989).

**1. The Americans with Disabilities Act**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of his employment." 42 U.S.C. § 12112(a). Disability is defined in the statute as "(1) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; or (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12101(2).

The Plaintiff makes a passing reference to a Section 1983 ADA claim in his amended complaint. *See* Compl. ¶ 87 ("Defendant Lutz, as CEO had the final decision with respect to the decisions to reassign Plaintiff, in violation of the ADA[.]"). As the Defendants correctly observe, the Court has already dismissed any ADA claim for failing to allege that Laface's impairment substantially limits a major life activity. *See* Order at 14-15. If there is no viable underlying ADA claim, that Section 1983 claim must be dismissed. *Levine v. Smithtown Cent. Sch. Dist.*, 565 F.

Supp. 2d 407, 421 n.11 (E.D.N.Y. 2008). Accordingly, the Plaintiff's Section 1983 ADA claim is dismissed with prejudice.

### 2. The Rehabilitation Act

Laface also alleges that the Defendants violated "Section 503." As a preliminary matter, there is no reference to "Section 503" in either the original complaint or the amended complaint. Rather, when the Plaintiff lists the alleged causes of actions in the amended complaint, he only cites Section 504 of the Rehabilitation Act. *See* Compl. ¶11 (listing Plaintiff's causes of action). On this basis alone, the Court dismisses any "Section 503" claim.

The first mention of a "Section 503" violation is in the Plaintiff's briefing papers for the motion-at-issue. Plaintiff failed to make any reference to this cause of action in either complaint, or both sets of motion papers for the Defendants' first motion to dismiss and the Plaintiff's motion for reconsideration. The sole reference to such a cause of action in the Plaintiff's briefing papers is a single mention of a claim that the Defendants "acted in bad faith, and in an arbitrary and capricious fashion, in violation of Section 503." Dkt. 39-2 at 6. It is unclear which statute Laface is referencing by this statement. While it is plausible that the Plaintiff is referring to Section 503 of the Rehabilitation Act, there are a multitude of possible statutes with over 500 sections. *See, e.g.*, *Dittmann v. Dyno Nobel, Inc. Defined Benefit Pension Plan I*, No. 97-CV-1724, 1999 WL 727464, at *10 (N.D.N.Y. Sept. 10, 1999) (referencing Section 503 of the Employee Retirement Income Security Act). Merely stating that conduct is "in bad faith" or "arbitrary and capricious" does not state a claim. These standards apply to a host of statutory schemes. It is not the Court's duty to make an educated guess as to the claim being asserted. Without identifying what statute is at issue, the Court is unable to address the claim.

Accordingly, to the extent the Plaintiff is asserting a "Section 503" claim, it is hereby dismissed with prejudice.

Laface also alleges that the Defendants' actions violate Section 504 of the Rehabilitation Act. Claims alleged under the ADA and Section 504 of the Rehabilitation Act are analyzed identically. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). As discussed in detail in the Order and above, the Court has already dismissed the Plaintiff's Section 504 claims. *See* Order at 10-16. With the underlying claim dismissed, Laface's corresponding Section 1983 claim cannot survive. Accordingly, the Plaintiff's Section 1983 claim under the Rehabilitation Act is dismissed with prejudice.

### 3. The Fourteenth Amendment

The Plaintiff alleges that the Defendants violated the substantive due process clause of the Fourteenth Amendment by reassigning him to the J.B. Ward Technical Center ("WTC") in Riverhead, New York and then temporarily reassigning him to the Jefferson Academic Center ("JAC"). "Substantive due process rights safeguard persons against the government's exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Southerland v. City of New York*, 680 F.3d 127, 151 (2d Cir. 2012) (internal citations and quotation marks omitted). "For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). To do so, a plaintiff must demonstrate that the challenged governmental decision "was arbitrary or irrational or motivated by bad faith." *Rosa R. v. Connelly*, 889 F.2d at 439.

In the instant case, the Plaintiff's substantive due process claim is entirely duplicative of his procedural due process claim. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process claims, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (internal quotation marks omitted). Consequently, substantive due process claims that are "merely duplicative of claims explicitly protected under other constitutional sources" must be dismissed. *Roman v. Velleca*, No. 11–CV–1867, 2012 WL 4445475, at *10 (D. Conn. Sept. 25, 2012). Although the Plaintiff's procedural due process claims have already been dismissed, they both involve the same harm and challenge the same conduct. Further, this conduct and its corresponding harm significantly overlap with the Plaintiff's First Amendment claims. This duplication of claims is not permitted in the substantive due process context.

Further, Laface's proclamations that the Defendants' conduct is arbitrary, irrational, and in bad faith does not make it so. The Plaintiff's conclusory accusations regarding the Defendants' motives are unsupported by any existing factual allegations. There is no attempt in the amended complaint or any briefing papers to establish how the Defendants' actions "shock the conscience." BOCES's decision to transfer the Plaintiff to a different facility and then subsequent decision to temporarily reassign him is not so severe as to "shock the conscious." *See, e.g.*, *Rutherford v. Katonah-Lewisboro Sch. Dist.*, 670 F. Supp. 2d 230, 238-39 (S.D.N.Y. 2009) (holding that involuntary transfer and suspension of a teacher "fall[] well short of the 'outrageously arbitrary' and 'conscience-shocking' standard that must be met"). Accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor, the Defendants' conduct falls well short of that required to allege a substantive due process claim.

Accordingly, the Plaintiff's 1983 substantive due process claim is dismissed with prejudice.

**D. AS TO THE FOURTH CAUSE OF ACTION**

In his fourth cause of action, the Plaintiff alleges that the Defendants retaliated against him for speaking out on purported improper and wasteful expenditures of public funds, misuse of public funds and illegal contracting practices. The Defendants contend that: (1) the Court has already found that there has been no adverse employment action; and (2) the Individual Defendants should be dismissed because (a) they were not personally involved in the deprivation of free speech; and (b) they should be afforded qualified immunity.

The First Amendment states, in relevant part: "Congress shall make no law … abridging the freedom of speech." U.S. CONST. amend. I. To successfully plead a First Amendment retaliation claim based on speech, a plaintiff must allege that "(1) he engaged in constitutionally protected speech; (2) he suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." *Licopoli v. Mineola Union Free Sch. Dist.*, No. 09–3974, 2010 WL 4961667, at *5 (E.D.N.Y. Dec. 1, 2010) (internal quotations omitted). In general, the Second Circuit has established that "the government, acting as an employer, may regulate the speech of its employees far more extensively than that of the general public." *DelBene v. Alesio*, No. 00–cv–7441, 2001 WL 170801, at *6 (S.D.N.Y. Feb. 21, 2001) (citing *Waters v. Churchill*, 511 U.S. 661, 671–72, 114 S. Ct. 1878, 128 L. Ed. 2d 686 (1994) (plurality opinion)); *cf. Lewis v. Cowen*, 165 F.3d 154, 158 (2d Cir. 1999) ("It is by now well established that public employees do not check all of their First Amendment rights at the door upon accepting public employment."). The Court has already determined that Laface engaged in constitutionally protected speech. *See* Order at 29 ("Consequently, the Plaintiff has adequately

alleged that the speech at issue here is on matters of public concern and therefore a protected activity.").

1. **Adverse Employment Actions**

The Plaintiff alleges the following four potential adverse employment actions: (1) the October 2016 transfer to WTC; (2) the temporary placement on administrative leave; (3) the January 2017 reassignment to JAC; and (4) the threats of termination or reassignment.

In the First Amendment context, an adverse action involves "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006) (quoting *Washington v. Cty. of Rockland*, 373 F.3d 310, 320 (2d Cir. 2004)).

The only argument the Plaintiff addresses is whether or not the Plaintiff engaged in constitutionally protected speech, which is *not* at issue in this motion. In fact, the majority of this section of the Plaintiff's brief is lifted directly from his briefing papers in the first motion to dismiss. *Compare* Dkt. 39-2 at 5-6 *with* Dkt. 16 at 12-13. This argument has absolutely nothing to do with what the Defendants are arguing in the instant motion, which is focused on adverse employment actions. While the Plaintiff does proclaim that "he suffered an adverse employment action," this conclusory statement does not advance the argument. Finally, the Plaintiff attempts to save his claim by asking the Court to see "generally paragraphs 94-101 and the proceeding Paragraphs [*sic*]." Dkt. 39-2 at 6. This type of briefing will not be permitted by this Court now or in the future. Any attempts in the future to respond to argument by broad citations to pages of irrelevant material will be rejected and returned to Plaintiff's counsel. In this case, the Court will accept the Plaintiff's conclusory statement regarding adverse employment actions as a response but strike the general reference to 101 paragraphs of the complaint.

### A. The October 2016 Transfer to WTC

Laface has sufficiently established that his October 2016 transfer to WTC is an adverse employment action when pled as a First Amendment retaliation claim. Although this Court held that the Plaintiff cannot use his transfer to WTC to assert an ADA retaliation claim, that decision was premised on his failure to assert prior participation in a protected activity. *See* Order at 20. In the context of ADA retaliation, the protected activity has to proceed the adverse employment action. Laface was required to request accommodations for his disability prior to the transfer. However, he did not seek accommodations for his alleged disabilities until after he received notice of his transfer to WTC. As a result, he was unable to assert that his transfer was an adverse employment action.

In his First Amendment retaliation claim, the above-logic is inapplicable. The protected activities at-issue, Laface's complaints to BOCES and the Board regarding improper and wasteful expenditures of public funds, misuse of public funds, and illegal contracting practices, all occurred prior to October 2016, when he was informed of his impending transfer to WTC. As the protected conduct occurred before the adverse employment action, the Plaintiff has sufficiently alleged that his October 2016 transfer constitutes an adverse employment action.

### B. Temporary Administrative Leave

The Plaintiff's claim that he was temporarily placed on administrative leave is insufficient to constitute an adverse employment practice. This Court has already ruled that being temporarily placed on paid administrative leave for a short period of time, without more, does not establish an adverse employment action. *See* Order at 20-21. The standard for evaluating an adverse employment action is identical for both ADA and First Amendment retaliation claims. *See Troeger v. Ellenville Cent. Sch. Dist.*, No. 1:15-cv-1294, 2016 WL 5107119, at *16 (N.D.N.Y.

Sept. 20, 2016). Accordingly, the Plaintiff's placement on temporary administrative leave does not constitute an adverse employment action.

### C. The January 2017 Reassignment to JAC

As discussed in Section II.D.1 of the Order, Laface's temporary assignment does constitute an adverse employment action in the ADA context. *See* Order at 19-20. As cited above, the standard for evaluating an ADA adverse employment action is the same as that applied to First Amendment retaliation claims. *See Troeger*, 2016 WL 5107119, at *16. Further, this Court emphasized in the Order that in the context of temporary assignments in First Amendment retaliation claims, "the Second Circuit has found that 'negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process … insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to [a] classroom … which aggravated [the] teacher's physical disabilities' can qualify as adverse employment actions." Order at 29 (quoting *Zelnik*, 464 F.3d at 226). As the Court has already ruled that Laface's temporary assignment was sufficient to allege an adverse employment action under the First Amendment, this portion of the claim survives.

### D. Threats of Termination or Reassignment

Finally, the Plaintiff contends that since engaging in protected speech, the Defendants have subjected him to various threats of termination or reassignment. This claim can be swiftly dispatched. As numerous district courts in this Circuit have held, threats of termination or reassignment are inadequate to constitute adverse employment actions. *See, e.g.*, *Conklin v. Cty. of Suffolk*, 859 F. Supp. 2d 415, 440-41 (E.D.N.Y. 2012) (Spatt, J.); *Gross v. Home Depot U.S.A., Inc.*, 386 F. Supp. 2d 296, 298 n.2 (S.D.N.Y. 2005); *Magilton v. Tocco*, 379 F. Supp. 2d 495, 507

(S.D.N.Y. 2005). Accordingly, the Plaintiff has failed to plead that any purported threats of termination or reassignment constituted adverse employment actions.

For the purposes of this motion, the October 2016 transfer to WTC and the January 2017 reassignment to JAC are adverse employment actions.

### 2. As to the Individual Defendants

The Defendants contend that the Plaintiff's Section 1983 claims are untenable because the Individual Defendants are entitled to qualified immunity and Laface failed to allege sufficient personal involvement. The Plaintiff has failed to respond to these arguments.

In the Second Circuit, "[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims." *Youmans v. Schriro*, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013). *See, e.g.*, *Belfon v. Credit Check Total Consumerinfo.com, Inc.*, No. 2:18-cv-408, 2018 WL 4778906, at *8 (E.D.N.Y. Oct. 1, 2018) (Spatt, J.); *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 405 (E.D.N.Y. 2018) (Spatt, J.); *Williams v. Suffolk Cty.*, 284 F. Supp. 3d 275, 284 (E.D.N.Y. 2018) (Spatt, J.); *Falcon v. City Univ. of New York*, No. 15-CV-3421, 2016 WL 3920223, at *6 (E.D.N.Y. July 15, 2016) (Spatt, J.). *See also Lomonoco v. Saint Anne Inst.*, No. 1:15-CV-1163, 2018 WL 2324051, at *12 (N.D.N.Y. May 22, 2018) ("[T]he Court may, and does, construe the failure to respond to an opposing party's arguments as an effective abandonment of the claim."); *Javed v. Medgar Evers Coll. of the City Univ. of New York*, No. 15-CV-7424, 2017 WL 4357138, at *4–5 (E.D.N.Y. Sept. 29, 2017) (dismissing a series of claims for failure to respond to defendants' arguments), aff'd sub nom. *Javed v. Medgar Evers Coll. of City Univ. of New York*, 724 F. App'x 73 (2d Cir. 2018), as amended (June 12, 2018); *Hou v. Lam*, No. 3:16-CV-01592 (VAB), 2017 WL 4316394, at *3 (D. Conn. Sept. 27, 2017) (dismissing Connecticut state law claim due to the plaintiff's failure to

respond to the defendants' arguments); *Bonilla v. Smithfield Assocs. LLC*, No. 09 Civ. 1549, 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (dismissing certain claims where the plaintiff failed to respond to the defendant's arguments); *Thomas v. Atl. Express Corp.*, No. 07 Civ. 1978, 2009 WL 856993, at *2 (S.D.N.Y. Mar. 31, 2009) (same); *Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 Civ. 8786, 2009 WL 856682, at *9 (S.D.N.Y. Mar. 30, 2009) (dismissing plaintiff's constructive discharge claim because plaintiff abandoned it by failing to address it in her opposition motion to defendant's motion to dismiss all claims); *Martinez v. Sanders*, No. 02 Civ. 5624, 2004 WL 1234041, at *3 (S.D.N.Y. June 3, 2004) ("Because Plaintiff did not address Defendant's motion to dismiss with regard to these claims, they are deemed abandoned.").

The Plaintiff failed to respond to either of the Defendants' arguments regarding the Individual Defendants. *See* Dkt. 39-2 at 6. His memoranda do not contain any arguments that can possibly be construed to cover any of the individual defendants or that suggests they play a roll in the Plaintiff's Section 1983 First Amendment retaliation claim.

If a plaintiff responds to a motion to dismiss by defending a claim against certain defendants, the claim may be deemed abandoned as to those defendants who were not addressed. *See Sullivan v. City of New York*, No. 14-CV-1334, 2015 WL 5025296, at *5 (S.D.N.Y. Aug. 25, 2015) (collecting cases); *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06-CV-643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007) (finding that where a plaintiff's opposition papers to a motion to dismiss only defend claims against certain defendants, he is deemed to have abandoned the claims against those defendants not mentioned). Although the Plaintiff made a general reference to the claim itself in its copy-and-paste section from a prior brief, as detailed *supra*, Laface made no effort to address any argument relating to the Individual Defendants. This failure to address the liability of the Individual Defendants precludes him from

17

continuing to advance claims against them. *See Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472, 2010 WL 1222044, at *8 (S.D.N.Y. Mar. 29. 2010) ("[F]ailure to adequately brief an argument constituted waiver of that argument at [the] motion to dismiss stage." (internal citations and quotation marks omitted)). Accordingly, the Plaintiff has abandoned his claims against the Individual Defendants.

### E.  AS TO THE FIFTH CAUSE OF ACTION

The Plaintiff again argues that the Defendants actions violated Section 296(1)(a) of the NYSHRL. The Defendants contend that, as the Court has already dismissed all state law claims with prejudice, Laface should be precluded from re-asserting this cause of action. The Court agrees.

The sole explanation offered by the Plaintiff for the inclusion of the fifth cause of action in the amended complaint is that it was part of the Plaintiff's motion for reconsideration, which was pending at the time the amended complaint was filed. Since then, the Court has denied the Plaintiff's motion for reconsideration and with that, rejected the sole justification for re-asserting this already dismissed claim.

Accordingly, the Plaintiff's state law claims are dismissed with prejudice.

### F.  LEAVE TO REPLEAD

In his briefing papers, the Plaintiff "respectfully request[s] that he be granted leave to amend the complaint." Dkt. 39-2 at 6. The Plaintiff does not attach a proposed amended pleading to his request or state how he would amend the complaint to repair the deficiencies identified above. The Court denies the Plaintiff's request for leave to amend his complaint as procedurally improper. *See Malin v. XL Capital, Ltd.*, 312 F. App'x 400, 402-03 (2d Cir. 2009) ("[W]e have not required district courts to provide[ ] detailed explanations when denying cursory or boilerplate

requests for [to amend a complaint], made solely in a memorandum in opposition to a motion to dismiss." (internal citations omitted)).

### III. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6), is granted in part. The Plaintiff's third and fifth causes of action are dismissed in their entirety. The second cause of action is dismissed with regard to the ADEA hostile work environment claim. Further, the Individual Defendants are dismissed from this action. All such claims are dismissed with prejudice.

The Plaintiff may proceed with his first cause of action; the ADEA discrimination claim in his second cause of action; and his fourth cause of action only as it pertains to the October 2016 transfer to WTC and the January 2017 reassignment to JAC.

The Plaintiff has thirty (30) days to amend his complaint in a manner consistent with this order.

It is **SO ORDERED**:

Dated: Central Islip, New York

May 2, 2019

                                              */s/ Arthur D. Spatt*

                                              ARTHUR D. SPATT

                                              United States District Judge