**FILED**
**CLERK**

2:23 pm, Sep 26, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
JOHN LAFACE

                  Plaintiffs,

          -against-

EASTERN SUFFOLK BOCES; BOARD OF
TRUSTEES, EASTERN SUFFOLK BOCES,

                  Defendants.
--------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:18-cv-1314 (ADS) (AKT)

**APPEARANCES:**

**Law Office of Harriet A. Gilliam**
*Attorneys for the Plaintiff*
21 W Second St
PO Box 1485
Riverhead, NY 11901
      By:    Harriet A. Gilliam, Esq., Of Counsel.

**Sokoloff Stern LLP**
*Attorneys for the Defendants*
179 Westbury Avenue
Carle Place, NY 11514
      By:    Adam I. Kleinberg, Esq.,
                Chelsea Ella Weisbord, Esq., Of Counsel.

**SPATT, District Judge**:

## I.    BACKGROUND

### A.  Brief Summary of the Action

This case involves several overlapping complaints and motions to amend and/or dismiss

them. In March 2018, John Laface ("the Plaintiff") brought an action against Eastern Suffolk

BOCES ("BOCES"), the Eastern Suffolk BOCES Board of Trustees, and several individual

BOCES employees. ECF 1. The Defendants moved to dismiss the complaint, and the Court

dismissed most of the claims with prejudice, dismissed some claims without prejudice, and

allowed one claim to survive. ECF 25. The Plaintiff then moved to amend his complaint, raising many of the claims that the Court had just dismissed with prejudice, and accordingly, the Court once again dismissed those claims. ECF 29, 43.

The Plaintiff then filed a petition by an order to show cause, seeking, inter alia, approval of a second amended complaint, but he has since moved to withdraw that petition. ECF 46, 67. The Plaintiff then separately filed a second amended complaint. ECF 57. After the Defendants filed a still-pending motion to strike the second amended complaint, ECF 59, the Plaintiff moved to amend the complaint once more, ECF 60. The latest motion to amend also remains pending.

This opinion does not rule on the above-noted motions to strike, withdraw, or amend. It does however, rule on two other pending motions before the Court. They are described in detail below.

### B. Initial Proceedings and Multiple Complaints

On March 1, 2018, the Plaintiff brought this action against the Defendants, alleging that he had been an employee of the Defendants, and that he worked at the Gary D. Bixhorn Technical Center in Bellport, New York. ECF 1 at 1. He further alleged that in October 2016, he raised "issues of public concern regarding incidents of fiscal management and misappropriation of funds," the Defendants transferred him to a different BOCES location, the H.B. Ward Technical Center ("HBW") in Riverhead. *Id.* at 2. The Plaintiff also alleged that the new location was more than ten miles from his home; that he suffered from a disability that prevented him from traveling or driving ten miles or more; and, that the Defendants knew of this disability when they transferred him. *Id.* at 2–3.

The Plaintiff further alleged that the transfer to HBW caused him enormous anxiety and that he was unable to work. *Id.* at 8. Also, he alleged that BOCES officials refused to grant him

a reasonable accommodation for his travel restrictions; attempted to place him on Family Medical Leave Act ("FMLA") leave in November 2016, despite his never having requested such leave; and placed him on administrative leave in December 2016. *Id.* at 9–10. Following requests to meet with the Defendants about his administrative leave and FMLA leave status, the Defendants on January 18, 2017 directed the Plaintiff to report to the Jefferson Academic Center ("JAC") for a temporary assignment. *Id.* at 11.

The Plaintiff alleged numerous federal and state causes of action, namely violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*; retaliation under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*; the First Amendment; a procedural due process claim under 42 U.S.C. § 1983; and the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. L. § 296 *et seq. Id.* at 12–25.

In April 2018, the Defendants, noting that the Plaintiff still worked at the JAC, moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6). ECF 9. In November 2018, the Court granted the Rule 12(b)(6) motion in part, dismissing with prejudice the following claims: (1) the disability discrimination claims under the ADA and Rehabilitation Act; (2) the ADA hostile work environment claim; (3) the Title VII retaliation claim; (4) the First Amendment redress of grievances claim; (5) the § 1983 procedural due process claim; (6) the First Amendment Redress of Grievance claim; and (7) the NYSHRL claims. ECF 25 at 45. The Court dismissed without prejudice an ADEA discrimination claim and a First Amendment free speech claim. *Id.* It also allowed a retaliation claim under the ADA with regard to the temporary reassignment to the JAC to survive. *Id.*

In December 2018, the Plaintiff filed an amended complaint raising the following claims: (a) ADA retaliation; (b) ADEA discrimination and hostile work environment; (c) a § 1983 claim under the ADA, the Rehabilitation Act, and the Fourteenth Amendment; (d) a § 1983 First Amendment free speech claim; and, (d) an NYSHRL claim. ECF 29. In January 2019, the Defendants filed two motions in response to the amended complaint. They filed the first motion under Rule 12(b)(6) to dismiss all but the ADA retaliation claim, arguing, inter alia, that the amended complaint contained numerous causes of action and factual allegations that the Court had already dismissed with prejudice. ECF 31, 33. In May 2019, the Court granted that motion in part: (a) dismissing with prejudice the claims raised under the ADA, the Fourteenth Amendment, the Rehabilitation Act, the NYSHRL, and the ADEA hostile work environment claim; (b) allowing the Plaintiff to proceed with the ADEA discrimination claim and the Title VII retaliation claim; (c) dismissing all individual defendants from the action; and (d) giving the Plaintiff thirty days to amend his complaint. ECF 43.

The Defendants' second January 2019 motion is presently before the Court.

**B. The Present Motions**

On January 10, 2019, the Defendants moved, pursuant to FED. R. CIV. P. 11(c), 28 U.S.C. § 1927, and 42 U.S.C. § 1988 for sanctions against the Plaintiff. ECF 34. The Defendants filed this motion alleging that the Plaintiff in his amended complaint reiterated several causes of action and factual allegations from his original complaint that the Court had already dismissed with prejudice. *Id.*; ECF 35, 36. They asked for sanctions and an award of costs, expenses, attorneys' fees, and any other relief that the Court deemed proper. ECF 36 at 17. To show their compliance with Rule 11's safe harbor provision, they attached to their

sanctions motion a copy of a December 19, 2018 proposed notice of motion for sanctions and a detailed letter outlining the basis for the motion that they had served on the Plaintiff. ECF 35.

The Court had granted the Plaintiff an extension until February 22, 2019 to file his opposition to the sanctions motion. ECF 1/26/2019 entry. But the Plaintiff did not timely oppose the motion. On February 23, 2019, the Plaintiff moved for leave file *nunc pro tunc* his opposition to the Rule 12(b)(6) motion to dismiss in part the amended complaint, as well as an opposition to the motion for sanctions. ECF 39. He appended to that motion his oppositions to those motions. *Id.*

### C. Subsequent Proceedings

While the sanctions motion before this Court was pending, the Plaintiff moved to file a second amended complaint *nunc pro tunc*, because he had failed to meet the Court's 30-day deadline to re-file the complaint. ECF 51. On June 6, 2019, the Court denied the motion and further ruled as follows:

> The Plaintiff must file its Second Amended Complaint on or before June 14, 2019. This version shall *only* include corrections necessary to conform the First Amended Complaint with the May 2, 2019 Order. The Court will *not* grant the Plaintiff any extensions of time to file this document. Any attempt to include additional facts or causes of action that are inconsistent with the May 2019 Order or failure to file this document on-time will result in disimsissal of all claims previously dismissed without prejudice and may result in sanctions against the Plaintiff's counsel.

ECF 56 at 3 (emphases in original).

The Plaintiff then timely filed a second amended complaint. ECF 57. In that complaint, the Plaintiff raised the following claims: (1) an ADA retaliation claim; (2) an ADEA discrimination claim; and (3) a First Amendment free speech claim. *Id.* at 9–14. As to the first claim, he alleged that the Defendants retaliated against him by placing him on administrative leave after he did not agree to take leave under the FMLA. *Id.* at 9–10.

The Defendants alleged that the second amended complaint violated the Court's November 2018 order because the ADA retaliation claim, with the exception of the January 2017 transfer to the JAC, had been dismissed with prejudice. ECF 59. They further claimed that the Plaintiff's factual allegations about being placed on administrative leave and the FMLA were improper, because the Court had disposed of all the ADA retaliation claims other than the October 2016 transfer. *Id.* The Defendants asked that the Court "incorporate by reference this latest attempt at an improper [complaint] into defendants' pending motion for sanctions." *Id.* at 2.

In June 2019, the Plaintiff filed a motion to again amend the complaint. ECF 60. He annexed to his motion a proposed third amended complaint. ECF 60-2. Plaintiff's counsel also noted, in another submission to the Court, the following statements about the factual allegations made in the second amended complaint:

> Plaintiff advises the Court that there was no intent to disregard the Court's June 6, 2019 Order. Plaintiff's counsel inadvertently did not delete factual allegations which did not strictly relate to the Plaintiff's transfer to Jefferson Center as the basis for the ADA retaliation claim. . . . In the filing of the Proposed Third Amended Complaint, this was corrected by removing any other allegations regarding the ADA retaliation claim, other than the Jefferson transfer.

ECF 61.

## II. DISCUSSION

There are two motions pending before this Court: the Defendants' motion for sanctions and the Plaintiff's motion for leave to file the opposition to the sanctions motion and to the motion to dismiss the amended complaint. The Court will first rule on the Plaintiff's motion for leave to file the oppositions, and then it will rule on the Defendants' motion for sanctions. For the foregoing reasons, the Court grants in part the motion for leave to file and grants in part the motion for sanctions.

## A. Motion for Leave to File

The Plaintiff moves for leave to file, *nunc pro tunc*, his oppositions to the motion to dismiss in part the amended complaint and the motion for sanctions. The Defendants do not oppose the motion for leave to file the oppositions.

To the extent the Plaintiff moves for leave to file his opposition to the motion to dismiss the amended the complaint in part, that request is denied as moot because the Court has already ruled on that motion. ECF 43; *see Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544, 2019 WL 2330855, at *3 (E.D.N.Y. May 31, 2019) ("The court has already ruled on this issue for reasons discussed in its previous order."). To the extent that the Plaintiff moves for leave to file his opposition to the sanctions motion, that motion is granted, because the opposition was filed only one day late, and "it does not appear that the Defendant[s] will suffer any prejudice by this *nunc pro tunc* extension." *Gesuladi v. J.H. Reid, Gen. Contractor*, No. 14-cv-4212, 2017 WL 752157, at *2 (E.D.N.Y. Feb. 27, 2017) (Spatt, *J.*); *cf. DuBois v. Macy's Retail Holdings, Inc.*, No. 11-CV-4904, 2012 WL 4060586, at *1 n.1 (S.D.N.Y. Sept. 13, 2012) (Granting, *sua sponte*, a pro se litigant a one-day extension of time to object to a Report and Recommendation).

## B. Motion for Sanctions

### 1. Legal Standards

#### a. Rule 11

Rule 11 states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation'" (2) "warranted by

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing or for establishing new law"; and (3) either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). 2019 WL 4248593

Under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not imposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (internal quotation marks omitted) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)). In considering a motion for sanctions under Rule 11, this Court applies an objective standard of reasonableness. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003); *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257–58 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks and citation omitted). In addition, "when divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks and emphasis omitted).

Rule 11 contains a "safe harbor provision," set out in Rule 11(c)(2). The provision provides that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Pursuant to this Rule, "'a [sanctions] motion . . . must not be presented to the court until the alleged violator is afforded twenty-one days to withdraw or correct the offending document.'" *Nardoni v. City of New York*, No. 17 CIV. 2695, 2019 WL 542349, at \*4 (S.D.N.Y. Feb. 12, 2019) (quoting *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010) (per curiam)). *adopted by*, 2019 WL 952333 (S.D.N.Y. Feb. 27, 2019). "Th[is] safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

### b. 28 U.S.C. § 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In this Circuit, courts have held that "sanctions may be imposed pursuant to § 1927 'only when there is a finding of conduct constituting or akin to bad faith.'" *Konits v. Karahalis*, 409 Fed. App'x 418, 423 (2d Cir. 2011) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (internal alterations omitted)). The Second Circuit has held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. Int'l Bhd. of Teamsters*, 948 F.3d 1338, 1345 (2d Cir. 1991). "Unlike Rule 11 sanctions which focus on particular papers, the inquiry under § 1927 is on a course of conduct." *Bowler v. U.S. Immigration & Naturalization Serv.*, 901 F. Supp. 597, 605 (S.D.N.Y. 1995).

The Court also has inherent authority to impose sanctions where an attorney has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Smith v. Westchester Cty. Dep't*

*of Corr.*, 577 Fed. App'x 17 (2d Cir. 2014) (Summary Order) (quoting *Int'l Bhd. of Teamsters*, 948 F.2d at 1345 (internal quotation marks omitted). In order to impose sanctions "pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co, v, Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

In limited circumstances, a court may use its inherent authority to sanction a party even in the absence of bad faith. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 112–13 (2d Cir. 2002) (noting that a district court may sanction a party for "purposeful sluggishness" during the discovery process, even if the district court concludes that the party did not act with a "culpable state of mind") (internal quotation marks omitted); *United States v. Seltzer*, 227 F.3d 36, 40–42 (2d Cir. 2000) (finding sanctions justified, absent a showing of bad faith, based on a party's "negligent or reckless failure to perform his or her responsibility as an officer of the court"); *see Brown v. City of New York*, No. 15-CV-4488, 2018 WL 3193208, at \*3 (E.D.N.Y. June 28, 2018) ("[T]he defendants' actions are, at a minimum, negligent if not grossly negligent.").

However, the Second Circuit has also ruled that bad faith is a prerequisite for imposing sanctions under a court's inherent authority where the behavior at issue was conduct that led to the lawsuit or took place during litigation and was taken on behalf of the client, as opposed to misconduct that is not undertaken for the client's benefit. *See Seltzer*, 227 F.3d at 41–42; *see also Gortat v. Capala Brothers, Inc.*, No. 07-cv-3629, 2009 WL 10706564, at \*13 (E.D.N.Y. June 3, 2009) (sanctioning attorneys for failing to act civilly towards one another during proceedings).

### c. 42 U.S.C. § 1988

Under the authority of § 1988, a court has the discretion to award attorneys' fees to the "prevailing party" in an action brought under § 1983. "Section 1988 makes the prevailing *party* eligible for a discretionary award of attorney's fees." *Venegas v. Mitchell*, 495 U.S. 82, 87, 110 S. Ct. 1679, 1683, 109 L. Ed. 2d 74 (1990) (emphasis in original) (citing *Evans v. Jeff D.* 475 U.S. 717, 730, 106 S. Ct. 1531, 1538, 89 L. Ed. 2d 747 (1986)). "Because it is the party, rather than the lawyer, who is so eligible, [the Supreme Court has] consistently maintained that fees may be awarded under § 1988 even to those plaintiffs who did not need them to maintain their litigation, either because they were fortunate enough to be able to retain counsel on a fee-paying basis, or because they were represented free of charge by nonprofit legal aid organizations." *Venegas*, 495 U.S. at 87–88, 110 S. Ct. at 1683 (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94–95, 109 S. Ct. 939, 944–45, 103 L. Ed. 2d 67 (1989) and *Blum v. Stenson*, 465 U.S. 886, 894–95, 104 S. Ct. 1541, 1546–47, 79 L. Ed. 2d 891 (1984).

A purpose of § 1988 is to facilitate civil rights plaintiffs to obtain competent legal representation, although "§ 1988 also authorizes a fee award to a prevailing defendant, but under a different standard reflecting the 'quite different equitable considerations' at stake." *Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011) (quoting *Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 419, 98 S. Ct. 694, 699, 54 L. Ed. 2d 648 (1978); *Nardoni*, 2019 WL 542349, at *7 ("While the United States Supreme Court has interpreted Section 1988(b) as a proper measure of relief for a prevailing party plaintiff, it has discouraged the awarding of attorney fees and costs where the defendant is the prevailing party.") (citing *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d 163 (1980) (per curiam)).

## 2. Application to the Facts of this Case

The Defendants contend that "several causes and actions (and relevant allegations) are frivolous and warrant the imposition of sanctions against Plaintiff and his counsel." ECF 36 at 3. First, they contend that the court should sanction the Plaintiff for re-asserting frivolous claims in the amended, and by reference, the second amended complaint, that the Court had already dismissed with prejudice. *Id.* at 8–10; ECF 59. Those claims are the procedural due process claim, § 1983 claims, multiple ADA disability claims, almost all of the ADA retaliation claims, and the NYSHRL claim. ECF 36 at 9–10; ECF 59.

Second, they assert that the Court should sanction the Plaintiff for raising factual allegations that has been proven false by the discovery exchanged between the parties. *Id.* at 10–12. The Defendants cite to some of that discovery to refute the Plaintiff's allegations, as follows:

- Plaintiff alleged that he notified employees of the Defendants that he had a disability prior to his transfer to the HBW, when in fact he did not notify the Defendants of his alleged disability until one week after he was notified of the transfer. *Id.* at 10–11; ECF 35-3.
- The Plaintiff claimed he was not given an explanation for his reassignment to HBW, but the Defendants produced an email revealing that the Plaintiff was given a reason for the transfer on the day he was told he was to be transferred. ECF 35-4.
- The Plaintiff alleged that he worked a shift from 7:00 am to 3:00 pm for nearly 30 years, but the Plaintiff's personnel file revealed that he had been assigned to numerous shifts throughout the course of his employment. ECF 36 at 11.
- The Plaintiff falsely alleges he was transferred to HBW within a month of complaining to the Defendants of fiscal improprieties at BOCES; however, the Plaintiff said in an interrogatory that he complained to the Defendants in March, August, and November of 2016. ECF 35-5. None of those dates are within a month before the October 2016 transfer. ECF 36 at 12.

The Defendants contend that the Plaintiff's counsel violated Rule 11 upon submitting these claims and factual allegations in the amended complaint, but they make no specific arguments as to §§ 1927 and 1988. *See generally* ECF 34, 35, 36.

The Plaintiff opposes the motion for sanctions. ECF 39. First, the Plaintiff argues that the sanctions motion should not be granted because it reiterated the arguments made in support of the motion for partial dismissal. ECF 39-1 at 3–4. Second, the Plaintiff argues that in dismissing the original complaint, the Court only ruled on certain causes of actions, and not on the veracity of any factual allegations, although the Plaintiff does not challenge the argument that the complaint had inaccurate allegations. *Id.* at 4–5. Third, the Plaintiff argues that this is not an "extreme case" befitting the "extraordinary remedy" of sanctions. *Id.* at 5–7. Fourth, the Plaintiff claims that the Defendants have not proven that the Plaintiff has issued baseless filings, and they are not entitled to attorney's fees. *Id.* at 7. The Court notes that the Plaintiff also offers no explanation for having re-raised claims in the first amended complaint that the Court had already dismissed with prejudice, other than arguing that the § 1983 claims raised in the amended complaint, under the ADA and the Rehabilitation Act, differed from those raised in the original complaint. *Id.* at 5. In Reply, the Defendants essentially reiterate the arguments raised in their motion for sanctions. ECF 41.

### a. As to 28 U.S.C. § 1927, 42 U.S.C. § 1988, and the Court's Inherent Authority to Impose Sanctions

Initially, the Court denies the sanctions motion as to §§ 1927 and 1988. Although the Defendants move for sanctions under those statutes, they raise no specific arguments under either statute.

Similarly, the Court also declines to impose sanctions pursuant to its inherent authority. The Plaintiff violated the Court's June 6, 2019 order when it submitted the second amended complaint, because it included factual allegations that exceeded the scope of the surviving ADA retaliation claim. However, the Plaintiff asserts that counsel only inadvertently included these allegations, and that the allegations have since been removed from the proposed third amended

complaint. Thus, Plaintiff's counsel acted negligently, as opposed to having acted "in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Smith*, 577 Fed. App'x 17; *Int'l Bhd. of Teamsters*, 948 F.2d at 1345.

While counsel's inadvertent failure to omit certain factual allegations, in violation of the Court's June 6, 2019 order was "negligent if not grossly negligent," *Brown*, 2018 WL 3193208, at *3, the conduct at issue was the filing of an amended complaint, which is an act done during litigation on behalf of a client; thus, the Court applies a bad faith standard to counsel's actions. *See Seltzer*, 227 F.3d at 41–42. Because Plaintiff's counsel did not act in bad faith, the Court may not sanction counsel under its own § 1927 authority.

### b. As to Sanctions under Rule 11

The Court agrees with the Defendants as to Rule 11 sanctions, but only as to the first amended complaint, because of Rule 11's safe harbor provision. The Defendants complied with the safe harbor provision as to the first amended complaint because, prior to filing the January 10, 2019 sanctions motion, it first served on the Plaintiff on December 19, 2018 notice of the pending motion. ECF 35. The Defendants have not shown that they served notice of their intent to incorporate the second amended complaint into their sanctions motion, or waited to file the request to incorporate by reference until 21 days after sending such notice.

In filing the first amended complaint, the Plaintiff raised several causes of action that the Court had already dismissed with prejudice: the due process claim, ADA discrimination, multiple ADA retaliation claims, and the NYSHRL claim. By definition, all of these dismissed-with-prejudice causes of action had "absolutely no chance of success." *Oliveri*, 803 F.2d at 1275. There are no doubts to be resolved in the Plaintiff's favor, because the Plaintiff had been ordered by the Court not to raise those claims anew. *See Rodick*, 1 F.3d at 1350. Although the

Plaintiff now claims that it raised a § 1983 claim under the ADA and Rehabilitation Act in the amended complaint that was distinct from the § 1983 claim in the original complaint, this Court already ruled in dismissing those claims with prejudice that the Plaintiff had failed to state an underlying ADA or Rehabilitation Act claim. ECF 43 at 8, 10. Thus, the Court imposes sanctions on the Plaintiff for re-raising the above-noted claims that had been dismissed with prejudice, in violation of Rule 11(b)(2).

As to the factul allegations, the Court's November 2018 order dismissing the amended complaint did not expressly warn the Plaintiff that he could not raise factual allegations pertaining to dismissed claims. Courts have imposed leniency towards pro se plaintiffs who have not been warned about the possible imposition of sanctions. *See Commer v. Am. Fed. of State, Cty. and Mun. Emps.*, 272 F. Supp. 2d 332, 340 (S.D.N.Y. 2003) (declining to impose Rule 11 sanction on a pro se plaintiff for conduct about which the plaintiff had not been explicitly warned); *Daniel v. Safir*, 135 F. Supp. 2d 367, 379 (E.D.N.Y. 2001) (observing that pro se plaintiffs are "untutored in the law") (internal quotation marks omitted).

Here however, the Plaintiff is represented by counsel, who argues that because the Court ruled only on the above-noted causes of action, there was no bar on raising any particular allegations. This argument does not excuse counsel from Rule 11's requirement that submission be well-grounded in fact. Discovery has yielded several factual inaccuracies in the first amended complaint that further warrant the imposition of sanctions; namely, misstatements about the timeline of events that gave rise to allegedly unlawful conduct. In addition, Plaintiff's counsel does not contest in her opposition that she submitted false allegations in the first amended complaint.

Plaintiff's other arguments also fail. The Defendants do not bring this Rule 11 motion to test the veracity of the complaint's allegations; they do so after learning through discovery that some of the allegations lacked veracity. *See Jawbone, LLC v. Donohue*, No. 01-CIV-8066, 2002 WL 1424587, at *6 (S.D.N.Y. June 28, 2002) ("I cannot find at this early stage of litigation, *without the benefit of discovery* and a thorough analysis of the merits of the case, that the plaintiff's factual allegations are without support.") (emphasis added). Following initial discovery, the Court may rule that the Plaintiff raised factual allegations lacking support. *See Cameau v. Nat'l Recovery Agency, Inc.*, No. 15-cv-2861, 2018 WL 4853050, at *3 (Sept. 28, 2018) ("Counsel still should have known based on the transcript of the telephone conversation that key factual allegations in the Complaint had no support. In light of Plaintiff's Counsel's failure to withdraw his claims that were already dismissed with prejudice or amend the Complaint to eliminate erroneous statements about the timeline of events and the Plaintiff's work history, the Court finds that Counsel violated Rule 11(b)(3).").

Accordingly, the Court finds that Plaintiff's counsel acted objectively unreasonably and violated Rule 11(b)(3) with regard to the first amended complaint. The Court thus grants in part the Defendants' motion for sanctions. They are entitled to reasonable attorney's fees and expenses associated with briefing the motion to dismiss the amended complaint in part.

III.     CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's motion for leave to file its opposition to the sanctions motion, and denies the Plaintiff's request for leave to file its opposition to the motion to dismiss the amended complaint. It also grants in part the Defendants' motion for sanctions as to Rule 11 based on the Plaintiff's (1) re-raising several causes of action in the amended complaint that the Court had already dismissed with prejudice,

in violation of Rule 11(b)(2), and (2) submitting in the amended complaint erroneous factual allegations in the amended complaint, mainly concerning the timeline with regard to the Plaintiff's employment at BOCES, in violation of Rule 11(b)(3). The Court also denies the motion in part, to the extent that the Defendants seek sanctions for the Plaintiff's second amended complaint, as well as under 28 U.S.C. § 1927 and 42 U.S.C. § 1988. The Plaintiff and Plaintiff's counsel are jointly and severally directed to reimburse the Defendants for their reasonable attorney's fees and expenses associated with briefing the motion to dismiss. The Defendants shall submit an accounting of their costs associated with briefing the motion to dismiss the amended complaint in part on or before October 17, 2019.

**SO ORDERED.**

Dated:     Central Islip, New York                                    _____/s/ Artur D. Spatt_____

        September 26, 2019                                            ARTHUR D. SPATT

                                                 United States District Judge