**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JOHN LAFACE,

                          Plaintiff,

           - against -

EASTERN SUFFOLK BOCES and BOARD OF
TRUSTEES, EASTERN SUFFOLK BOCES,

                          Defendants.

-----------------------------------------------------------------X

                          **REPORT AND**
                          **RECOMMENDATION**

                    CV 18-1314 (GRB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     PRELIMINARY STATEMENT

        Plaintiff John LaFace ("Plaintiff") commenced this action on March 1, 2018 against

Defendants Eastern Suffolk BOCES, the Board of Trustees, Eastern Suffolk BOCES and

numerous individual defendants (collectively, "Defendants").  *See* Complaint ("Compl.") [DE 1].

Since then, there has been extensive motion practice with respect to the various complaints filed

by Plaintiff's former counsel, Harriet Gilliam, who has since been disbarred.  In particular, Ms.

Gilliam filed an amended complaint which contained inaccurate factual allegations and re-raised

claims which Judge Spatt previously dismissed with prejudice.  Consequently, Defendants

moved to dismiss the amended complaint pursuant to Rule 12(b)(6) and filed a separate motion

for Rule 11 sanctions.  Both of Defendants' motions were granted by Judge Spatt.

        In granting the motion for Rule 11 sanctions, Judge Spatt awarded Defendants their

reasonable attorneys' fees and costs associated with briefing the motion to dismiss and directed

Defendants to submit an accounting.  Defendants' counsel, Adam Kleinberg, promptly filed an

accounting which requested $6,420.00 in attorneys' fees and costs.  *See* Declaration of Adam

Kleinberg, Esq. for Accounting on Rule 11 Motion ("Kleinberg Decl. I") [DE 69-1].  Plaintiff,

through Ms. Gilliam, filed opposition to the amounts sought by defense counsel.  Plaintiff's

Memorandum of Law in Opposition ("Pl.'s Opp'n").  Defendants then submitted a reply and

reduced their request for fees and costs to $5,301.55.  *See* Declaration of Adam Kleinberg, Esq.

in Reply ("Kleinberg Decl. II") [DE 71].

On October 31, 2019, Judge Spatt referred Defendants' fee application to this Court for a

Report and Recommendation as to whether the application is reasonable, and if not, for a

recommendation on a more reasonable attorneys' fee award.  *See* DE 72.  For the reasons which

follow, the Court respectfully recommends Judge Brown[1] that Defendants' motion be

GRANTED in part.

## II.    BACKGROUND

The Court presumes the parties' familiarity with the facts of this case.  For purposes of

this Report and Recommendation, the Court will summarize the necessary factual allegations as

set forth in the Complaint filed on March 1, 2018.

### A.    Factual Allegations

Plaintiff's Complaint alleges that he worked as a custodian at the Eastern Suffolk BOCES

Gary D. Bixhorn Technical Center in Bellport, New York.  Compl. ¶ 1.  In October 2016,

Plaintiff raised "issues of public concern regarding incidents of fiscal management and

misappropriation of funds" and was subsequently transferred to a different BOCES facility, H.B.

Ward Technical Center, in Riverhead, New York.  *Id.* ¶¶ 2, 5.  Plaintiff alleged the new facility

was more than 10 miles from his home, that he suffered from a disability which prevented him

from traveling or driving 10 miles or more, and Defendants knew of this disability when they

---

[1]    Subsequent to the untimely death of Judge Arthur Spatt, this case was reassigned to Judge Gary Brown.

2

transferred him.  *Id.* ¶¶ 6-7.  Plaintiff claimed that the transfer to H.B. Ward caused him

enormous anxiety, rendering him unable to work.  *Id.* ¶¶ 36, 39.  Defendants allegedly refused to

provide Plaintiff with a reasonable accommodation concerning his travel restrictions and

attempted to place him on leave pursuant to the Family Medical Leave Act ("FMLA"), despite

Plaintiff never requesting such leave.  *Id.* ¶¶ 42-43, 47-48.  Plaintiff was subsequently placed on

administrative leave in December 2016.  *Id.* ¶ 55.  Following requests to meet with Defendants

about his administrative leave and FMLA leave status, in January 2017, Plaintiff was directed to

report to the Jefferson Academic Center ("JAC") for a temporary assignment.  *Id.* ¶ 60.

Plaintiff asserted numerous causes of action arising under federal and state law,

specifically that Defendants violated the Americans with Disabilities Act ("ADA"), the

Rehabilitation Act, the Age Discrimination in Employment Act ("ADEA"), New York State

Human Rights Law ("NYSHRL"), and New York Executive Law ("NYEL").  *Id.* ¶¶ 65-85, 92-

99, 135-46.  Plaintiff also asserted claims under Title VII of the Civil Rights Act as well as

violations of the First Amendment Due Process Clause of the United States Constitution.  *Id.*

¶¶ 86-91, 100-34.

### B.    Procedural Background

On April 10, 2018, noting that Plaintiff still worked at the JAC, Defendants moved to

dismiss the Complaint pursuant to Rule 12(b)(6).  *See* DE 9.  On November 15, 2018, Judge

Spatt granted Defendants' motion, in part, and dismissed the following claims, with prejudice:

(1) disability discrimination under the ADA and Rehabilitation Act; (2) hostile work

environment under the ADA; (3) Title VII retaliation; (4) First Amendment redress of grievance;

(5) procedural due process; and (6) NYSHRL.  *See* DE 25 at 45.  Judge Spatt also dismissed

Plaintiff's claims for discrimination under the ADEA and First Amendment free speech

violations, without prejudice.  *Id.*  For the claims dismissed without prejudice, Plaintiff was granted leave to replead.  *Id.* at 46.  Moreover, Judge Spatt permitted Plaintiff's ADA claim to survive with respect to his temporary assignment to the JAC.  *Id.* at 45.

Plaintiff filed an Amended Complaint on December 15, 2018 which raised the following claims:  (a) ADA retaliation; (b) ADEA discrimination and hostile work environment; (c) a § 1983 claim under the ADA, the Rehabilitation Act, and the Fourteenth Amendment; (d) a § 1983 First Amendment free speech claim; and (d) an NYSHRL claim.  *See* Amended Complaint ("Am. Compl.") [DE 29].  In response to the Amended Complaint, Defendants filed two motions.  First, on January 8, 2019, Defendants filed a motion pursuant to Rule 12(b)(6) to dismiss all but Plaintiff's ADA retaliation claim.  DE 31; 33.  Defendants argued that the Amended Complaint contained causes of action and factual allegations which had already been dismissed with prejudice by Judge Spatt.  *See* DE 33 at 9-13.  Defendants also sought dismissal of Plaintiff's ADEA hostile work environment claim and claims against individual defendants because the claims were not adequately pled.  *Id.*  at 14- 20.  Then, on January 10, 2019, Defendants filed a motion for sanctions against Plaintiff and his then counsel, Ms. Gilliam, pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and 42 U.S.C. § 1988.  DE 34.  In the motion for sanctions, Defendants argued that Plaintiff's Amended Complaint raised several causes of action and contained factual allegations from the original Complaint which Judge Spatt had already dismissed with prejudice.  *Id.*; DE 35; 36.  Defendants sought an award of costs, expenses, attorneys' fees, and any other relief which Judge Spatt deemed proper.  DE 36 at 17.

Defendants' motion to dismiss was granted in part on May 2, 2019.  DE 43.  Judge Spatt's rulings are summarized as follows:  (a) the claims raised under the ADA, the Fourteenth

4

Amendment, the Rehabilitation Act, the NYSHRL, and the ADEA were dismissed with prejudice; (b) Plaintiff was permitted to proceed with his ADEA discrimination claim and the Title VII retaliation claim; (c) all individual defendants were dismissed; and (d) Plaintiff was given thirty days to amend his complaint.  *See id.*

On September 26, 2019, Judge Spatt granted Defendants' motion to the extent it sought sanctions pursuant to Rule 11.  Memorandum of Decision & Order ("September 2019 M&O") [DE 68] at 14.  Judge Spatt found that "Plaintiff raise[d] several causes of action that the Court had already dismissed with prejudice:  the due process claim, ADA discrimination, multiple ADA retaliation claims, and the NYSHRL claim." *Id.* at 14.  As to the factual allegations, Judge Spatt admitted that his prior decision "did not expressly warn the Plaintiff that he could not raise factual allegations pertaining to dismissed claims." *Id.* at 15.  Although courts show leniency towards *pro se* plaintiffs who have not been warned about the possible imposition of sanctions, Judge Spatt noted that Plaintiff was represented by counsel who also submitted "false allegations in the first amended complaint." *See id.*  Accordingly, Judge Spatt determined that "Plaintiff and Plaintiff's counsel are jointly and severally directed to reimburse the Defendants for their reasonable attorney's fees and expenses associated with briefing the motion to dismiss [the Amended Complaint]." *Id.* at 17.  Defendants were then directed to "submit an accounting of their costs associated with briefing the motion to dismiss the amended complaint in part on or before October 17, 2019." *Id.*  The instant fee application followed.

On March 25, 2020, the Supreme Court of the State of New York, Appellate Division Second Department disbarred Harriet Gilliam from the practice of law in New York State.  *See* Judge Brown's Order dated July 2, 2020 [DE 91].  Following Ms. Gilliam's disbarment, Plaintiff retained Wayne J. Schaefer, Esq. to represent him in this action.  *See* DE 96.

C.      **The Instant Fee Application**

1.      *Defendants' Motion*

On October 2, 2019, Defendants' counsel, Attorney Kleinberg, filed an accounting of Defendants' costs associated with briefing the motion to dismiss pursuant to Judge Spatt's September 2019 Order.  Kleinberg Decl. I.  Attorney Kleinberg is a partner of the Sokoloff Stern law firm where he has been practicing for the past 11 years.  *Id.* ¶ 2.  Kleinberg graduated from Touro Law School in 1999 where he served as Notes & Comments Editor of the *Touro Law Review*.  He has been a practicing litigator for 20 years who specializes in civil rights actions and handles all aspects of a case from the pleadings stage to trial and appeal.  *Id.*  With the assistance of associate Chelsea Weisbord, Attorney Kleinberg has been responsible for handling the instant action.  *Id.* ¶ 3.  Attorney Weisbord graduated *cum laude* from Hofstra Law School in 2016 where she was a member of the *Hofstra Law Review*.  She has been practicing law for three years, all of which have been at Sokoloff Stern LLP.  *Id.*  Sokoloff Stern LLP has a "long-standing relationship" with Defendants and has been representing them "since the inception of the firm almost 11 years ago and for nearly a decade before that while at a prior firm founded by partner Sokoloff."  *Id.* ¶ 5.  The total amount billed to Attorney Kleinberg's client was $6,420.00 and he requests that Plaintiff and Plaintiff's counsel be ordered to pay that full amount.  *Id.* ¶¶ 5-6.  Attached to Attorney Kleinberg's declaration is a spreadsheet which was "generated      . . . from the contemporaneous billing records in [his] files."  *Id.* ¶ 4; *see* Billing Records Spreadsheet I [DE 69-2].  Based on the long-term relationship with these clients, Attorney Kleinberg stated that the firm's hourly rates in this matter were "significantly discounted."  *Id.* ¶ 5.

### 2.    *Plaintiff's Opposition*

On October 16, 2019, Plaintiff's then-counsel, Ms. Gilliam, filed opposition to Defendants' fee application.  *See generally* Pl.'s Opp'n.  She objected to the spreadsheet provided by Attorney Kleinberg and argues that it does not constitute contemporaneous billing records.  *Id.* at 1, 4.  Plaintiff notes that the attached spreadsheet provides conflicting hourly rates for Attorney Weisbord which alternate between $205.00 and $195.00 per hour.  *Id.* at 3-4.  Ms. Giliam argues that these charges should be denied for this reason and because "many of the explained activities under these different rates fall in the same category of review/analyze, draft, revise, and draft."  *Id.* at 4.  Plaintiff then argues that many of the entries on Defendants' spreadsheet are "very general in nature," redundant, and amount to "block billing" which warrant a denial of the fee application.  *See id.* at 4-7.  Pointing out that although Attorney Kleinberg stated his fees were discounted, Plaintiff asserts that "no information [was] provided as to the regular hourly rate and the discounted hourly rate."  *Id.* at 4.  Next, Plaintiff contends that notwithstanding the fact that Defendants' application includes $52.05 in costs, Defendants have not submitted any documentation to verify this amount.  *Id.* at 7.  Lastly, Ms. Gilliam maintains that if the Court were to order the payment of fees, she and her client suffer from financial hardships and "[l]evying the full weight of a Defendant's attorney's fees might not comport with the underlying purpose of Rule 11 sanctions."  *Id.* at 8.  She states that she "is a sole practitioner with limited financial resources which are impacted by family members" and that Plaintiff is recently retired.  *Id.*  Ms. Gilliam requests that "counsel for [P]lainitff be afforded an opportunity to submit further detail in support of the claim of financial hardship in camera."  *Id.*

### 3. *Defendants' Reply*

Defendants filed a reply on October 23, 2019. *See generally* Kleinberg Decl. II. As to the discrepancy in hourly rates for Attorney Weisbord, Attorney Kleinberg states that some of those rates "were inadvertently calculated at $205.00 per hour, instead of $195.00. . . . This was an error, as plaintiff pointed out." *Id.* ¶ 5. Attorney Kleinberg attached an amended spreadsheet to correct this error and now requests $5,301.55 in fees and costs. Amended Spreadsheet [DE 71-1]. Other than the correction of Attorney Weisbord's hourly rate from $205 to $195, this amended spreadsheet is otherwise identical to the original spreadsheet.

To the extent Plaintiff challenges the spreadsheet, Defendants argue that it "adequately documents the attorney, the date, the hourly rate, the hours expended, and the nature of the work done." Kleinberg Decl. II, ¶ 23 (citing *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014)). Defendants "attached additional evidence of [the firm's] itemized costs for copying and postage." *Id.* ¶ 7; Receipts [DE 71-2]. Attorney Kleinberg states that the "hourly rates of $205.00 (for partners) and $195.00 (for associates) in this matter are very reasonable and below the prevailing market rate in the Eastern District. Kleinberg Decl. II, ¶¶ 8-9. In support of this assertion, he cites several decisions from this District which discuss the reasonableness of hourly rates. *Id.* ¶ 14 (citing *McLaughlin v. IDT Energy*, No. 14 CV 4107, 2018 WL 3642627, at *17 (E.D.N.Y. July 30, 2018)). He notes that his firm's rate "in this matter is below the $225/hourly municipal rate which Nassau County, Putnam County, City of New Rochelle, and City of Glen Cove . . . pay [the] firm for the handling of civil rights matters." *Id.* ¶ 11. Defendants assert that Ms. Gilliam "seems to be under the impression that the Court may not order her and her client to pay 'any fees whatsoever.'" *Id.* ¶ 17 (quoting Pl.'s Opp'n at 8). However, Defendants state that their motion for Rule 11 sanctions was already granted and "[i]f

plaintiff and his attorney wanted to avoid having to pay any attorney's fees, they should have withdrawn their frivolous claims when they had the chance. . . . At this point, sanctions are necessary to deter plaintiff and his attorney's frivolous conduct." *Id.*

## III.  DISCUSSION

### A.     Defendants' Entitlement to Attorneys' Fees and Costs

If a party violates Rule 11, courts may impose a sanction against that offending party which consists of "an order . . . directing payment . . . of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4).  "When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11." *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 34 (E.D.N.Y. 2018) (citing *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 122-23 (2d Cir. 1987)).  Here, Judge Spatt previously determined that the appropriate Rule 11 sanction against Plaintiff and Ms. Gilliam consists of Defendants' "reasonable attorney's fees and expenses associated with briefing the motion to dismiss" the Amended Complaint.  *See* September 2019 M & O at 17.  Therefore, the Court's sole inquiry is whether the $5,301.55 in fees and costs requested by Defendants is a reasonable and appropriate amount.

#### 1.     Applicable Law:  The Lodestar Analysis

The Court has discretion to determine the amount of attorneys' fees appropriate to satisfy a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In adjudicating a motion for attorneys' fees, both the Second Circuit and the Supreme Court have held that "the lodestar method — the product of a reasonable hourly rate and the reasonable number of hours required

by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 183-84.

### a.    Reasonable Hourly Rate

In determining reasonable hourly rates, the Court considers this Circuit's adherence to the "forum rule," which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *see also Joseph v. HDMJ Restaurant, Inc.*, No. 09 Civ. 240, 2013 WL 4811225, at *19 (E.D.N.Y. Sept. 9, 2013) (internal citations omitted); *Pinzon v. Paul Lent Mechanical Sys.*, No. 11 Civ. 3384, 2012 WL 4174725, at *5 (Aug. 21, 2012), *adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). "Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour." *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312, 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018); *see Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207, 2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016); *Valdez v. H & S Rest. Operations, Inc.*, No. 14 CV 4701, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *OneWest Bank, N.A. v. Denham* No. CV 14-5529, 2015 WL 5562980, at *12 (E.D.N.Y. Aug. 31, 2015), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251, 2014 WL 1514235, at *14 (E.D.N.Y. Apr. 16, 2014) (collecting cases).

"Some judges 'have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates.'"  *Safeco Ins. Co. of Am.*, 2018 WL 2766139, at *7 (internal quotation marks omitted) (quoting *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014)); *Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on the Piers, LLC*, No. 18-CV-3642, 2019 WL 440641, at *5 (E.D.N.Y. Jan. 14, 2019) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners . . . ."), *report and recommendation adopted sub nom. Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on Piers, LLC*, No. 18-CV-3642, 2019 WL 438476 (E.D.N.Y. Feb. 4, 2019); *Eichenblatt v. Kugel*, No. 17 CV 559, 2018 WL 3202079, at *10 (E.D.N.Y. May 15, 2018) ("Prevailing hourly rates for attorneys in the Eastern District of New York typically range "from $300 to $450 for partners [and] $200 to $300 for senior associates."); *see Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 WL 4367222, at *4 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, No. 14-CV-1570, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016).

Although the Second Circuit has not recently revisited the issue of what constitutes a reasonable fee within this district since its discussion in *Konits v. Karahalis*, 409 Fed. App'x 418, 422-23 (2d Cir. 2011) (summary order), which affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour, a number of district courts within this district continue to rely, in part, on *Konits* in determining the appropriate range of fees.  *See Morales v. B&M Gen. Renovation Inc.*, No. 14 CV 7290, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9, 2016) (relying, in part, on *Konits* and finding that "the prevailing hourly rate for partners in this

district is between $300 and $400"), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016); *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3 (same); *Valdez*, 2016 WL 3079028, at *8 (same); *Litkofsky v. P & L Acquisitions, LLC*, No. CV 15 5429, 2016 WL 7167955, at *9 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom. Ira Litkofsky v. P & L Acquisitions LLS*, No. CV 15-5429, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (same); *Gesualdi v. Paladin Constr. Corp.*, No. CV 14-7291, 2016 WL 943589, at *11 (E.D.N.Y. Feb. 18, 2016), *report and recommendation adopted*, 2016 WL 953261 (E.D.N.Y. Mar. 11, 2016) (same).

With the forum rule as a guide, courts also "take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." *Pinzon*, 2012 WL 4174725, at *5; *United States v. City of New York*, No. 07-CV-2067, 2013 WL 5542459, at *6 (E.D.N.Y. Aug. 30, 2013) ("In addition to the prevailing market rates, the court must also consider case-specific factors."). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184. *See Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 618 (E.D.N.Y. 2017). Additionally, courts should consider:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[2]

*Gomez v. Midwood Lumber & Millwork, Inc.*, No. 17-CV-3064, 2018 WL 3019877, at *4 (E.D.N.Y. June 17, 2018) (citing *Bogosian v. All Am. Concessions,* No. 06-CV 1633, 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012)); *Arbor Hill*, 522 F.3d at 190. "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours

---

[2] These are the 12 factors initially set out by the Fifth Circuit in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714 (5th Cir. 1974). While the Second Circuit in *Arbor Hill* stated that "in determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors," 522 F.3d at 190, "[t]he Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by the 5th Circuit in [*Johnson*]." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). Yet the 12 *Johnson* factors appear to remain part of a comprehensive approach to determining the rate a reasonable client would be willing to pay. *See, e.g.*, *New York City Dist. Council of Carpenters*, No. 16-CV-3429, 2018 WL 3768586, at *2 (E.D.N.Y. July 23, 2018), *report and recommendation adopted sub nom. Trustees of New York City Dist. Council of Carpenters Welfare Fund v. Best Made Floors, Inc.*, No. 16-CV-3429, 2018 WL 3785331 (E.D.N.Y. Aug. 8, 2018); *Gutierrez v. Taxi Club Management, Inc.*, 17 Civ. 532, 2018 WL 3432786, at *13 (E.D.N.Y. June 25, 2018), *report and recommendation adopted sub nom. Gutierrez v. Taxi Club Mgmt., Inc.*, No. 17-CV-0532, 2018 WL 3429903 (E.D.N.Y. July 16, 2018); *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12-CV-7311, 2016 WL 5812105, at *5 (S.D.N.Y. Sept. 22, 2016); *Finkel v. Rico Elec., Inc.*, No. 11-CV-4232, 2012 WL 6569779, at *13 (E.D.N.Y. Oct. 1, 2012), *report and recommendation adopted*, No. 11-CV-4232, 2012 WL 6561270 (E.D.N.Y. Dec. 17, 2012).

spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

<strong>b.      Reasonableness of Hours Billed</strong>

To determine whether the number of hours spent by counsel on a given task was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. 03 Civ. 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434); *Barbu v. Life Ins. Co. of N. Am.*, No. 12-CV-1629, 2015 WL 778325, at *4 (E.D.N.Y. Feb. 24, 2015).

Likewise, where counsel relies on vague or excessive entries or block billing practices which make it difficult for a court to assess reasonableness, an across-the-board fee reduction is warranted. *Anderson v. Cty. of Suffolk*, No. CV 09-1913, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries"); *see Barbu*, 2015 WL 778325, at *5 (imposing a 33% reduction in total hours based upon vague entries and block billing); *Caban v. Employee Sec. Fund of the Elec. Products Indus. Pension Plan*, No. 10–CV–389, 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015) (imposing a 33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 112 (E.D.N.Y. 2013) (imposing a 40% reduction due to

vague and unrelated entries); *see also Ritchie v. Gano*, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010) (reducing attorneys' fees award by 40% and holding that "[i]n the instance where a court has directed parties to parse out records to clearly state how much time the attorneys spent on each claim, and the parties have done so insufficiently and have referred to an unrealistic volume of hours as 'inextricably intertwined' with many claims, the court may also decrease the requested award amount"); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work).

Further, where counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, "[u]niform percentage cutbacks are warranted." *De La Paz v. Rubin & Rothman,* LLC, No. 11 Civ. 9625, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013); *see Chavez*, 2016 WL 1171586, at *5 (reducing total hours by 30 % since "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate" and because "some of the work appears to be duplicative of work conducted in other similar FDCPA cases handled by the same counsel"); *Barshay v. Specified Credit Assocs. I, Inc.,* No. CV 15-1044, 2016 WL 3578993, at *3 (E.D.N.Y. June 3, 2016) (reducing total hours claimed in FDCPA action by 20% in light of the duplicative nature of the work, the fact that many of the tasks could have been accomplished by "a less experienced associate," and based upon the overall lack of care taken in preparation of materials submitted to the court), *report and recommendation adopted sub nom. Barshay v. Specified Credit Assocs. 1, Inc.,* No. 15-CV-1044, 2016 WL 3582058 (E.D.N.Y. June 28, 2016).

### 2.    *Application to the Facts*

#### a.    **Hourly Rates of Defendants' Counsel**

Defendants seek fees for Attorney Kleinberg at a rate of $205 per hour and fees for

Attorney Weisbord at a rate of $195 per hour.  *See* Kleinberg Decl. II, ¶ 5.  The background and

experience of both Attorneys Kleinberg and Weisbord have already been set forth in Section

II(C)(1) of this Report and Recommendation.  Based on that information, the Court finds that

Attorney Kleinberg's requested rate of $205 in this case is not only consistent with prevailing

rates for partners in the Eastern District -- which generally range from $300 to $400 -- but is

significantly lower than the prevailing rate.  As such, the Court finds Attorney Kleinberg's

hourly rate to be reasonable.

As to Attorney Weisbord, in her three years of practice, she "has worked on

approximately 70 cases, many of which involved allegations of discrimination and retaliation."

Kleinberg Decl. II, ¶ 12.  In the civil rights/employment discrimination context, courts in this

District have awarded associates with four years of experience $225 per hour, and junior

associates between $100 and $200 per hour.  *See Francis v. Ideal Masonry, Inc.*, No. 16-CV-

2839, 2018 WL 4292171, at * (E.D.N.Y. Aug. 3, 2018) ("In the Eastern District of New York,

reasonable hourly rates are $400–$450 for partners, $200–$325 for senior associates, $100–200

for junior associates, and $90–$125 for paralegals in civil rights cases." (citing *Smart v. City of*

*New York*, No. 15-CV-1405, 2017 WL 933080, at *2 (E.D.N.Y. Feb. 17, 2017, *report &*

*recommendation adopted*, 2017 WL 928472 (E.D.N.Y. Mar. 8, 2017))); *Volpe v. Nassau County*,

No. 12-CV-2416, 2016 WL 6238525, at *8 (E.D.N.Y. Oct. 24, 2016) (awarding associate with

four years of experience $225 per hour); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 263 (E.D.N.Y.

2014) (finding $175 per hour for junior associates reasonable and reducing fourth year

associate's rate from $275 to $225); *Mary Jo C. v. Dinapoli*, No. 09-CV-5635, 2014 WL 7334863, at *7 (E.D.N.Y. Dec. 18, 2014) (awarding associate who had been practicing for nine months $150).

In considering the applicable factors set forth above and in reviewing the docket, the Court notes that this case has been procedurally involved due to extensive motion practice commenced by Defendants as a result of numerous deficiencies in Plaintiff's complaints -- and Defendants have been largely successful in this regard. Attorney Kleinberg also states that Attorney Weisbord was "instrumental in the successful motion" which provided the basis for the fee application presently before the Court. Kleinberg Decl. II, ¶ 12. For these reasons, the Court finds that Attorney Weisbord's rate of $195 per hour is also reasonable.

### b.     Hours Billed by Defendants' Counsel

"The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel,* 543 F. Supp. 2d at 164 (citing *Carey*, 711 F.2d at 1148). Defendants seek to recover fees for 26.7 hours spent "drafting a 20-page memorandum of law in support of a motion to dismiss, reviewing plaintiff's opposition to that motion to dismiss, drafting a reply memorandum of law, and conducting any necessary legal research." *Id.* ¶ 19. The Court notes that of the total 26.7 hours billed, Attorney Kleinberg billed 4.8 hours and Attorney Weisbord billed 21.9 hours. *See* Amended Spreadsheet at 1-2. Defendants' spreadsheet, which is organized by date, provides the billing attorney, the hourly rate, the amount billed, the invoice number, and an explanation of the work performed. *See id.*

As an initial matter, Plaintiff objects to Defendants' submission of the spreadsheet and contends that it does not constitute contemporaneous billing records. Pl.'s Opp'n at 4-5. In

response, Defendants' counsel states that the spreadsheet was generated from his firm's contemporaneous billing records which are maintained in a "cloud-based legal management software" called PCLaw.  Kleinberg Decl. II, ¶¶ 3, 20.  Defendants then argue that the reconstruction of their contemporaneous records in support of this fee application is permissible under existing Second Circuit case law.  *Id.* ¶¶ 22-23 (citing *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014)).  Having reviewed the circumstances, counsels' arguments and the applicable case law, the Court overrules Plaintiff's objection.  "A computerized listing such as [a spreadsheet] is sufficient, even if it is a reconstruction of contemporaneous records."  *Gagasoules v. MBF Leasing LLC*, No. 08-CV-2409, 2013 WL 1760134, at *6 (E.D.N.Y. April 24, 2013) (citing *Cruz v. Local Union No. 3 of Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)).

Plaintiff then contends that every entry on the spreadsheet submitted by Defendants is either vague, duplicative, overlapping, or some indicia of block billing.  *See* Pl.'s Opp'n at 5-6. Of the minimal time which Attorney Kleinberg spent on the motion to dismiss, his expenditures consisted of reviewing the Amended Complaint – the document to which the current motion is directed -- developing strategy for the motion, and making revisions to the motion -- which appears to have been substantially drafted by Attorney Weisbord.  Likewise, as to the spreadsheet entries, Attorney Weisbord specifically explained how her time was expended by stating why she reviewed particular documents, which sections of the motion to dismiss she worked on, and the substance of the research that she performed.  Accordingly, the Court does not find defense counsels' expenditures of time deficient for being vague, duplicative, or overlapping.

Although Attorney Kleinman stated that his firm omitted "many entries that were outside the scope of [Judge Spatt's] order," *see* Kleinberg Decl. II, ¶ 4, the Court identified several entries in the amended spreadsheet which should have been omitted.  First, the Court notes that on February 25, 2019, Attorney Weisbord billed 3.7 hours for "draft/revise reply memo of law re partial motion to dismiss amended complaint and motion for sanctions."   Amended Spreadsheet at 1.  Thus, to the extent that Plaintiff argues this entry is "block-billing," there is some validity to that assertion.  Based upon this entry, the Court is unable to discern what percentage of Attorney Weisbord's time was spent working on the motion to dismiss as opposed to the motion for sanctions.   This distinction is important because Judge Spatt determined that only Defendants' work for briefing the motion to dismiss is sanctionable and subject to reimbursement of fees.  "If the court determines that the number of hours expended was excessive, redundant or otherwise unnecessary, the court may make reductions to individual entries . . . ."  *Gagasoules*, 2013 WL 1760134, at *5 (quoting *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08 Civ. 1229, 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010)).  To avoid compensating Defendants for expenditures that are beyond what was contemplated as sanctionable by Judge Spatt, the Court finds that a 50% reduction for this individual entry in the amount of 1.85 hours (3.7 hours ÷ 2 = 1.85) is appropriate.

In a similar vein, the Court notes that Attorneys Kleinberg and Weisbord each have a billing entry dated May 2, 2019 for "review[ing]/analyz[ing] the Court's decision on motion to dismiss amended complaint."  *Id.*  Attorney Kleinberg billed 0.8 hours and Attorney Weisbord billed 1.1 hours for these respective entries.  *Id.*  Additionally, there is an entry for 0.2 hours dated January 7, 2019 by Attorney Weisbord for "draft[ing]/revis[ing] memo of law in support of Rule 11 motion – legal analysis section."  *Id.* at 1.  These three charges are for work not

associated with that performed by Defendants' counsel *briefing* the motion to dismiss. Accordingly, defense counsels' time expenditures shall be adjusted downward for these tasks as well. After taking these deductions into account (1.85 + 0.8 + 1.1 + 0.2 = 3.95), the Court finds that the combined time of 22.75 hours (26.7 hours requested – 3.95 hours deducted = 22.75) expended by Attorneys Kleinberg and Weisbord is reasonable with respect to the briefing the motion to dismiss.

### c. Costs

Defendants also seek to recover costs for copying and postage. Kleinberg Decl. II, ¶ 7. Although the amount requested is not specifically set forth in either of Attorney Kleinberg's declarations, the last four entries on Defendants' amended spreadsheet appear to reflect this amount. These spreadsheet entries are reproduced here as follows:

| 12/31/18 | X1181 | E101 | | $7.20 | | Copying 72 @ 0.10 |
|---|---|---|---|---|---|---|
| 1/10/19 | X1223 | E108 | | $6.55 | | Postage 1 @ 6.55 |
| 1/10/19 | X1223 | E108 | | $7.10 | | Postage 1 @ 7.10 |
| 2/5/19 | X1253 | E101 | | $31.20 | | Copying 312 @ 0.10 |

Amended Spreadsheet at 2. The total amount of costs requested is $52.05.

Defendants have submitted two receipts from the U.S. Postal Service as evidence of the January 10, 2019 postage charges. *See* DE 71-2, at 1-2. These receipts show that defense counsels' firm mailed packages to Judge Spatt on January 10 and 11, 2019. *See id.* As to the copying charges, Defendants submitted two pieces of paper which, with the exception of one line-item per page, are redacted. *See* DE 71-2, at 3-4. The two unredacted line-items are reproduced as follows:

| 170073 | 312 | ------ | 4 | ------ | 58 | ------ | 308 | ------ |
| 170073 | 72 | ------ | 0 | ------ | 0 | ------ | 72 | ------- |

*Id.*

Based upon this supporting information, which was not provided until ***after*** Plaintiff's counsel pointed out that Defendants failed to substantiate their costs in their opening papers, *see* Pl.'s Opp'n at 7, the Court is unable to confirm that the copying costs were incurred in relation to the motion to dismiss.  As to the mailing costs, although Defendants' counsel did not specify what documents were mailed to Judge Spatt, the docket shows that the dates these packages were mailed coincide with the dates that Defendants filed their motion to dismiss and motion for sanctions.  *See* DE 31; 32; 33 (motion to dismiss and supporting papers filed on January 8, 2019); DE 34; 35; 36 (motion for sanctions and supporting papers filed on January 10, 2019).  Then, as to the photocopying charges, (1) Attorney Kleinberg did not indicate what documents were copied and (2) the supporting documents are unenlightening since none of the numbers in the line-items quoted above are even labeled.  For these reasons, the Court recommends that Defendants be awarded $13.65 in costs for the postage incurred.

**B.    Summary of Award**

The Court respectfully recommends to Judge Brown that an award of attorneys' fees be made to Defendants at a rate of $205 per hour for Attorney Kleinberg and $195 per hour for Attorney Weisbord.  Based on these rates and the hours billed as submitted in Defendants' supporting documents, and before any adjustments are taken into account, Defendants would be entitled to a fee award of $979.00 (Attorney Kleinberg at $205 per hour x 4.3 hours + $195 per

hour x 0.5 hours)[3] + $4,270.50 (Attorney Weisbord at $195 per hour x 21.9 hours) = $5,249.50. However, as discussed above, this figure must be adjusted downward due to counsels' inclusion of fees not related to the motion to dismiss. Therefore, Attorney Kleinberg's hours are reduced by 0.8 based on the May 2, 2019 entry and Attorney Weisbord's hours are reduced by 3.15 (1.85 + 1.1 + 0.2) based on her January 7, 2019, February 25, 2019, and May 2, 2019 entries. Accordingly, the Court respectfully recommends that Defendants be awarded the following: $815.00 (Attorney Kleinberg at $205 per hour x 3.5 hours + $195 per hour x 0.5 hours) + $3,656.25 (Attorney Weisbord at $195 per hour x 18.75 hours) = **$4,471.25**. As for costs, the Court further recommends that Defendants be awarded **$13.65** due to Defendants' failure to properly substantiate their costs. Pursuant to Judge Spatt's prior ruling, Plaintiff and Ms. Gilliam are jointly and severally liable for the payment of these fees and costs.

### C.    Assertion of Financial Hardship by Ms. Gilliam

In his September 2019 decision, Judge Spatt found that both Plaintiff and Ms. Gilliam are jointly and severally liable for Defendants' reasonable attorneys' fees and costs associated with briefing the motion to dismiss. Ms. Gilliam argues that "in the event the Court orders payment of any fees whatsoever, plaintiff and plaintiff's counsel assert financial hardship and request leave to submit further account of hardship." Pl.'s Opp'n at 8. Ms. Gilliam stated she has "limited financial resources which are impacted by family financial matters" and that "Plaintiff is recently retired." *Id.*

---

[3]     Although Attorney Kleinberg requested an hourly rate of $205, which the Court has found to be reasonable, the spreadsheet indicates that he billed at an hourly rate of $195 on December 18, 2019 for 0.5 hours. Whether this discrepancy was purposeful or inadvertent, it was not explained to the Court. As such, the Court has adopted this single day reduced charge for purposes of determining Attorney Kleinberg's overall fee.

"In this Circuit, when awarding attorney's fees, a court must 'take into account the financial circumstances' of the party."  *Alvarez v. 894 Pizza Corp.*, No. 14-CV-6011, 2016 WL 4536574, at *8 (E.D.N.Y. Aug. 2, 2016) (quoting *Sassower v. Field*, 973 F.2d 75, 81 (2d. Cir. 1992)).  "[Given] the underlying purpose of sanctions—to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations—it lies well within the district court's discretion to temper the amount to be awarded . . . by a balancing consideration of [the individual's] ability to pay."  *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory*, 682 F.3d 170, 179 (2d Cir. 2012) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d. Cir. 1986)); *see also Offor*, 327 F.R.D. at 37 ("However, the Court understands that levying the full weight of the Defendants' attorney's fees on [plaintiff's counsel] might not comport with the underlying purpose of Rule 11 sanctions, if such a fee would impose an unreasonable financial hardship on him. Therefore, the Court will provide him with an opportunity to supplement his objection to the Defendants' application with financial information in support of his claim.").  Thus, "under ordinary Rule 11 standards, '[a]s a final matter of the sanctions determination, courts must take into account the financial circumstances of the sanctioned part[ies].'"  *Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 521 (S.D.N.Y. 2005) (quoting *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600, 2005 WL 3099592, at *8 (S.D.N.Y. Nov. 17, 2005)).

In light of these principles, the Court respectfully recommends to Judge Brown that Plaintiff and Ms. Gilliam be afforded an opportunity to supplement their objection to Defendants' fee application with information to support their assertion of claimed financial hardship.  *See Offor*, 327 F.R.D. at 37; *Alvarez*, 2016 WL 4536574, at *8 ("I further respectfully

recommend that Judge Weinstein consider any additional evidence with respect to the financial status of defendant Mukhamedov when determining the appropriate amount to be awarded."); *Star Mark*, 2010 WL 3925195, at \*5.

## IV.  CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Brown that Defendants' Rule 11-associated motion for attorneys' fees and costs be GRANTED in part and that Defendants be awarded (1) **$4,471.25** in attorneys' fees and (2) **$13.65** in costs.  However, the Court further recommends that Judge Brown permit Ms. Gilliam to submit documentation demonstrating the basis of assertion of claimed financial hardship.  The Court also recommends that the same opportunity be afforded Plaintiff John LaFace through his new counsel.

## V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* FED. R. CIV. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Gary R. Brown.  Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**DEFENDANTS' COUNSEL IS DIRECTED TO SERVE THIS REPORT AND RECOMMENDATION FORTHWITH UPON HARRIET GILLIAM BY OVERNIGHT**

**MAIL AND E-MAIL AND TO FILE PROOF OF SUCH SERVICE ON ECF BY**

**SEPTEMBER 30, 2020.**

                                        **SO ORDERED.**


Dated: Central Islip, New York
         September 28, 2020

                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        United States Magistrate Judge